**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| SAKS GLOBAL ENTERPRISES LLC, *et al.*,[1] | Case No. 26-90103 (ARP) |
| Debtors. | (Joint Administration Requested)<br>(Emergency Hearing Requested) |

**DEBTORS' JOINT <u>EMERGENCY</u> MOTION FOR
ENTRY OF ORDER (I) AUTHORIZING DEBTORS
TO REDACT CERTAIN PERSONALLY IDENTIFIABLE
INFORMATION; (II) AUTHORIZING ELECTRONIC NOTICING
PROCEDURES FOR PARTIES IN INTEREST AND APPROVING THE FORM
AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT
OF THESE CHAPTER 11 CASES; (III) AUTHORIZING DEBTORS TO FILE
A CONSOLIDATED LIST OF CREDITORS AND A CONSOLIDATED LIST OF THE
<u>30 LARGEST UNSECURED CREDITORS; AND (IV) GRANTING RELATED RELIEF</u>**

**Emergency relief has been requested. Relief is requested not later than 4:00 p.m. (prevailing Central Time) on January 14, 2026.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on January 14, 2026, at 4:00 p.m. (prevailing Central Time) in Courtroom 400, 4th floor, 515 Rusk Street, Houston, Texas 77002.**

**Participation at the hearing will only be permitted by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Pérez's conference room number is 282694. Video communication will be by use of the**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Saks. The location of Debtor Saks Global Enterprises LLC's corporate headquarters and the Debtors' service address in these chapter 11 cases is 225 Liberty Street, 31st Floor, New York, NY 10281. Bradley Arant Boult Cummings LLP is proposed counsel for the following Debtors: Saks OFF 5TH Holdings LLC, Saks OFF 5TH LLC, Saks OFF 5TH Midco Partner Inc., and Luxury Outlets USA, LLC (collectively, the "<u>SO5 Digital Debtors</u>"). Haynes and Boone, LLP and Willkie Farr & Gallagher LLP are proposed counsel for the remaining Debtors (collectively, the "<u>Global Debtors</u>").

> **GoToMeeting platform.  Connect via the free GoToMeeting application or click the link on Judge Pérez's homepage.  The meeting code is "Judge Pérez".  Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings.  To make your appearance, click the "<u>Electronic Appearance</u>" link on Judge Pérez's homepage.  Select the case name, complete the required fields and click "<u>Submit</u>" to complete your appearance.**

Saks Global Enterprises LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>"),[2] respectfully represent as follows in support of this motion (the "<u>Motion</u>"):[3]

<strong><u>RELIEF REQUESTED</u></strong>

1.      The Debtors seek entry of an order, substantially in the form attached hereto (the "<u>Proposed Order</u>"), (a) authorizing the Debtors to redact certain personally identifiable information from their consolidated list of creditors (the "<u>Creditor Matrix</u>"), the list of equity holders attached to the Debtors' chapter 11 petitions (the "<u>Equity Holders List</u>"), the Debtors' schedules of assets and liabilities and statements of financial affairs (the "<u>Schedules and Statements</u>"), the Debtors' list of the thirty largest general unsecured creditors (the "<u>Top 30 List</u>"), and other documents filed in these Chapter 11 Cases (as defined below), (b) authorizing the Debtors to provide parties in interest with electronic notice and approving the form and manner of notifying creditors of the commencement of these Chapter 11 Cases, (c) authorizing the Debtors

---

[2]  For the avoidance of doubt, "<u>Debtors</u>" means, collectively, the Global Debtors and the SO5 Digital Debtors.

[3]  Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the *Declaration of Mark Weinstein in Support of Chapter 11 Petitions and First Day Pleadings*, the *Declaration of Andrew D.J. Hede in Support of SO5 Digital Debtors' Chapter 11 Petitions and First Day Pleadings* (together, the "<u>First Day Declarations</u>"), or the *Global Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Global Debtors to Obtain Postpetition Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Authorizing the Use of Cash Collateral, (IV) Granting Adequate Protection to the Prepetition Secured Parties, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief*, each filed concurrently herewith and incorporated by reference. The First Day Declarations describe in more detail the relationship between the Global Debtors and the SO5 Digital Debtors.

2

to file a consolidated Creditor Matrix and Top 30 List in lieu of submitting separate mailing matrices and creditor lists for each Debtor, and (d) granting related relief.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the *Order of Reference to Bankruptcy Judges* from the United States District Court for the Southern District of Texas, entered May 24, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the Court's entry of a final order by the Court in connection with this Motion.

3.      Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory and legal predicates for the relief sought herein are sections 105(a) and 107 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 1007, 2002(m), 9007, and 9018, rules 1075-1, 9013-1, and 9037-1(b) of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules"), and Section F of the *Procedures for Complex Cases in the Southern District of Texas* (the "Complex Case Procedures").

## BACKGROUND

5.      On January 13, 2026 (the "Petition Date") and January 14, 2026, the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Court. The Debtors are operating their businesses and managing their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.     Concurrently with the filing of this Motion, the Debtors have requested procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

7.     No official committee has been appointed in these Chapter 11 Cases, and no request has been made for the appointment of a trustee or an examiner.

8.     Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the First Day Declarations.

## BASIS FOR RELIEF

**I.     Redaction of Certain Personally Identifiable Information of Individuals Is Warranted.**

9.     The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed with the Court in these Chapter 11 Cases—including, but not limited to, the Creditor Matrix, the Equity Holders List, the Schedules and Statements, and the Top 30 List—the home addresses and email addresses of individuals, including the Debtors' employees, former employees, customers, and equity holders (the "Personal Identification Information") because such information could be used to perpetrate identity theft or locate survivors of domestic violence, harassment, or stalking who have otherwise taken steps to conceal their whereabouts.[4]

---

[4]    The risk is not merely speculative.  In at least one chapter 11 case, it was alleged that the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.  The incident, which allegedly took place during the first Charming Charlie chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in In re Charming Charlie Holdings, Inc., No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019), [Docket No. 4].  In a more recent case, customers of a cryptocurrency company received phishing emails from purported legal advisors of the debtors.  See In re Celsius Network LLC, No. 22-10964 (MG) (Bankr. S.D.N.Y. Nov. 30, 2022) [Docket No. 1527].

10.     Section 107(c)(1) of the Bankruptcy Code enables the Court to issue orders that protect parties from the potential harm that could result from disclosing personal identifying information:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

> (A)     Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].

> (B)     Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).  Title 18 of the United States Code defines "means of identification" as:

> any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, *including any*—

>> (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number.

18 U.S.C. § 1028(d)(7) (emphasis added).

11.     While transparency is important to the judicial process, Congress recognized a counterbalancing interest in enacting section 107(c)(1) of the Bankruptcy Code: the need to protect the identities and privacy of individuals who have dealings with debtors.  The language of both statutes cited above demonstrates Congress's desire for courts to have flexibility to protect individuals' identities.  Section 107(c)(1)(B) of the Bankruptcy Code allows a bankruptcy court to shield "[o]ther information" apart from "means of identification," and the definition of "means of identification" is itself a non-exhaustive list of personal identifying information.  See Collier on Bankruptcy P 107.04 (16th 2023).  Accordingly, although an individual creditor's home address

is not explicitly enumerated as a "means of identification," it is nevertheless within the broad scope of section 107(c)(1)(B) of the Bankruptcy Code and should be protected to avoid risks of, among other things, identity theft, domestic violence, harassment, stalking, or phishing scams.  See Hr'g Tr. at 37:25–38:5, In re THG Holdings LLC, No. 19-11689 (JTD) (Bankr. D. Del. Aug. 22, 2019) [Docket No. 180] ("I think [that the list in 18 U.S.C. § 1028(d) is] an inclusive list.  It wouldn't seem to make much sense that I could order the names [of individuals] not to be disclosed, but [their] addresses had to be; that wouldn't make any sense to me.").

12.     Additionally, Local Rule 9037-1 further states that "[c]ertain documents are routinely redacted to remove personal identifying information or other content that is not relevant to a decision by the Court."  This rule provides that, in such instances, "(i) the document may be filed in redacted form only; (ii) no document should be filed that contains the redacted information; and (iii) the balance of this Rule 5003-1 [sic] does not apply."  Local Rule 9037-1(b).

13.     If a debtor can show that disclosure of any "means of identification," or some "other information," creates "undue risk of identity theft" or "other unlawful injury," courts may intervene to curtail disclosure of that information.  Id.  Although "[t]he public's "right of access to judicial records is fundamental element of the rule of law," Binh Hoa Le v. Exeter Fin. Corp., 990 F.3d 410, 417 (5th Cir. 2021) (quotations and citation omitted), the Bankruptcy Code permits courts, in appropriate circumstances, to protect individuals from an undue risk of identity theft or other unlawful injury by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information.  See 11 U.S.C. § 107(c); see also In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001) (noting the public's right of access "is not absolute") (citation and internal quotation marks omitted); Leucadia, Inc. v. Applied Extrusion Tech., Inc., 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched,

so also is the correlative principle that the right is not absolute.") (citation and internal quotation marks omitted).

14.     Here, the Debtors submit that the personal mailing and email addresses of individuals, including the Debtors' employees, former employees, customers, and equity holders, fit squarely within section 1028(d)(7)(A) of title 18 of the United States Code and that disclosure of such information would create an undue risk of identity theft contemplated by section 107(c) and would potentially cause other types of unlawful injury to these individuals, including potential future harassment from the Debtors' creditors.

15.     In addition to granting the requested relief, courts throughout the country, including bankruptcy courts in the Fifth Circuit, have authorized debtors to redact personally identifiable information, including home addresses in particular.  See, e.g., In re Ascend Performance Materials Holdings Inc., No. 25-90127 (CML) (Bankr. S.D. Tex. Apr. 22, 2025) [Docket No. 88] (authorizing the debtors to redact personally identifiable information, including the names, home addresses, and personal email addresses, of individuals listed on the creditor matrix or other documents filed with the court); In re Glob. Clean Energy Holdings, Inc., No. 25-90113 (ARP) (Bankr. S.D. Tex. Apr. 16, 2025) [Docket No. 54] (same); In re SmileDirectClub, Inc., No. 23-90786 (CML) (Bankr. S.D. Tex. Oct. 2, 2023) [Docket No. 70] (authorizing the debtors to redact and file under seal the names of the debtors' potential transaction counterparties and connections thereto); In re Cineworld Grp. PLC, No. 22-90168 (MI) (Bankr. S.D. Tex. Sept. 9, 2022) [Docket No. 207] (same).

16.     Further, in Art Van Furniture, the court overruled an objection of the Office of the United States Trustee for the District of Delaware to similar redaction relief proposed here, noting that the proposed redaction is not a "burden of proof" issue so "much as a common sense issue."

Hr'g Tr. at 25:6–7, <u>In re Art Van Furniture, LLC</u>, No. 20-10533 (CSS) (Bankr. D. Del. Mar. 2020),

[Docket No. 82].  In <u>Art Van Furniture</u>, the court concluded that "at this point and given the risks

associated with having any kind of private information out on the internet, [redaction] has really

become routine [and] I think obvious relief."  <u>Id.</u> at 25:13–16.

17.     Similarly, in <u>In re Clover Techs. Grp.</u>, the court overruled an objection from the

Office of the United States Trustee for the District of Delaware, noting that:

> [t]o me it is common sense.  I don't need evidence that there is, at
> best, a risk of identity theft and worse a risk of personal injury from
> listing someone's name and address on the internet by way of the
> court's electronic case filing system and, of course, the claims
> agent's website . . . . The court can completely avoid contributing to
> the risk by redacting the addresses.  And while there is, of course,
> an important right of access we routinely redact sensitive and
> confidential information for corporate entities and redact
> individual's home addresses.

Hr'g Tr. at 24:21-25, 25:9-10, <u>In re Clover Techs. Grp., LLC</u>, No. 19-12680 (KBO) (Bankr. D.

Del. Jan. 22, 2020), [Docket No. 146] (authorizing the debtors to redact personal identification

information, including home address information, of all individuals on documents filed with the

court)]; <u>see also</u> Hr'g Tr. at 60:22–25, <u>In re Forever 21, Inc.</u>, No. 19-12122 (KG) (Bankr. D. Del.

Dec. 19, 2019), [Docket No. 605] (overruling objection and noting that "[w]e live in a new age in

which the theft of personal identification is a real risk, as is injury to persons who, for personal

reasons, seek to have their addresses withheld").

18.     The Debtors propose to file a sealed, unredacted version of any documents that are

filed in a redacted form pursuant to the Proposed Order and provide copies of such sealed,

unredacted documents to the Office of the United States Trustee for the Southern District of Texas

(the "<u>U.S. Trustee</u>") and counsel to any official committee appointed in these Chapter 11 Cases,

as well as to counsel to the DIP Lenders upon their request, on a confidential and "professional-

eyes-only" basis.

19.     For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact from the Creditor Matrix, the Equity Holders List, the Schedules and Statements, the Top 30 List, and any other document filed with the Court, as applicable, in these Chapter 11 Cases, the Personal Identification Information because such information could be used to perpetrate identity theft or stalking.  With potentially thousands of individual creditors, the Debtors cannot reasonably know with sufficient certainty whether a release of such individual creditors' and interest holders' personal information could potentially jeopardize their safety.

## II.   Service of Required Notices to Creditors is Appropriate and Should be Approved.

20.     Bankruptcy Rule 2002 establishes the general rule for notifying creditors in chapter 11 cases.  Specifically, Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or the court's designee must give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: (1) the meeting of creditors under § 341 or § 1104(b)" of the Bankruptcy Code.  Fed. R. Bankr. P. 2002(a).  Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors.  See Fed. R. Bankr. P. 2002(f).  Finally, the Complex Case Procedures require that "the lead debtor in a jointly administered Complex Case must . . . if a Claims Agent has been appointed,[5]  use a Court-approved modified version of the Official Form 309F1 (Notice of Chapter 11 Case) to reflect the procedures approved for the services provided by the Claims Agent."  Complex Case Procedures § 14(b).

21.     The Debtors propose to comply with the foregoing requirements by instructing Stretto Inc. ("Stretto"), the Debtors' proposed claims and noticing agent, to serve a notice of

---

[5]     For the avoidance of doubt, the applicability of section 14(b) of the Complex Case Procedures depends on the Court's entry of orders granting the (a) *Debtors' Joint* Emergency *Motion For Entry of an Order (I) Authorizing the Joint Administration of the Debtors' Chapter 11 Cases and (II) Granting Related Relief* and (b) *Debtors' Joint* Emergency Ex Parte *Application For Entry of an Order Authorizing the Employment and Retention of Stretto, Inc. as Claims, Noticing, and Solicitation Agent* (the "Stretto Retention Application"), each filed contemporaneously herewith.

commencement, substantially in the form attached as **Exhibit 1** to the Proposed Order (the "Notice of Commencement"), on all parties listed on the Creditor Matrix to advise them of (a) the commencement of these Chapter 11 Cases, (b) the meeting of creditors under section 341 of the Bankruptcy Code, and (c) certain other information.  Serving the Notice of Commencement on the Creditor Matrix will not only help avoid confusion among creditors, but also prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple separate notices to the parties listed on the Debtors' Creditor Matrix.  Accordingly, the Debtors submit that service of the Notice of Commencement is warranted and would satisfy the aforementioned noticing requirements set forth in the Bankruptcy Rules and the Complex Case Procedures.

22.     By this Motion, the Debtors also seek authority to provide electronic service of any and all notices, documents, and pleadings filed in these Chapter 11 Cases that are required to be served on parties in interest by email, which will reduce the cost and administrative burdens associated with providing such individuals with traditional means of service, reduce delay in providing notice, and provide the Debtors' estates with significant cost savings.  If the Debtors were to provide actual notice by mail of pleadings and hearings to all parties in interest, the costs would be unduly burdensome.  Moreover, in the ordinary course of their businesses, the Debtors communicate with many such parties primarily through email.  In the event the Debtors do not have an email address for a party in interest, the Debtors will proceed with mailing a printed copy in lieu of email.  Furthermore, courts in this district routinely authorize notice by email in complex cases whenever available.  See, e.g., In re Ascend Performance Materials Holdings Inc., No. 25-90127 (CML) (Bankr. S.D. Tex. Apr. 22, 2025) [Docket No. 67] (authorizing the debtors to distribute notices to parties in interest via email in lieu of mail); In re Vertex Energy, Inc., No. 24-90507 (CML) (Bankr. S.D. Tex. Sept. 25, 2024) [Docket No. 41] (same).

23.     Accordingly, given the excessive costs of mailing notices to all parties in interest, and because the Debtors communicate with many such parties primarily by email in the ordinary course of business, the Debtors believe that their creditors will expect to receive notice from the Debtors electronically and that such measures will provide an efficient and effective means of service.   The Debtors, together with Stretto, have established the case website located at https://cases.stretto.com/Saks (the "Case Website"), where, among other things, electronic copies of all pleadings filed in these Chapter 11 Cases shall be posted as soon as practicable, and may be viewed free of charge.   Thus, the Debtors respectfully request authorization to provide electronic service of any and all notices, documents, and pleadings filed in these Chapter 11 Cases that are required to be served on parties in interest by email.

## III.     Filing a Consolidated Creditor Matrix and a Consolidated List of the 30 Largest Unsecured Creditors is Warranted.

24.     Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H."  Fed. R. Bankr. P. 1007(a)(1).  Although the list of creditors in chapter 11 cases is usually filed on a debtor-by-debtor basis, pursuant to the Complex Case Procedures, in a complex chapter 11 bankruptcy case involving more than one debtor in which a claims agent has been employed,[6] the debtors may file a consolidated creditor matrix.  Complex Case Procedures ¶ 13.  In these Chapter 11 Cases—where there are over 100 Debtor entities—the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome.  Accordingly, the Debtors respectfully request authority to file one Creditor Matrix for all of the Debtors.

---

[6]  For the avoidance of doubt, the applicability of section 13 of the Complex Case Procedures depends on the Court's entry of an order granting the Stretto Retention Application, filed contemporaneously herewith.

25.     Additionally, pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d).  Compiling separate top 20 unsecured creditor lists for each individual Debtor would not be informative and would unnecessarily consume an undue amount of the Debtors' scarce time and resources.  Moreover, filing a consolidated Top 30 List will help alleviate administrative burdens, costs, and the possibility of duplicative service. Further, use of a consolidated list of the top 30 unsecured creditors is required in complex cases in this district.  Complex Case Procedures, § F (requiring "[t]he lead Debtor in a jointly administered Complex Case [to] file a single, consolidated list of unsecured creditors on Official Form 204 consisting of the 30 largest unsecured creditors of all jointly administered debtors").  Accordingly, the Debtors respectfully request authority to file one Top 30 List for all of the Debtors.

## **EMERGENCY CONSIDERATION**

26.     Pursuant to Local Rule 9013-1, the Debtors request emergency consideration of this Motion.  This Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or that involve deadlines sooner than twenty-one days following the Petition Date.  For the reasons discussed above, an immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations.  The requested relief is necessary for the Debtors to operate their businesses in the ordinary course, preserve the ongoing value of their operations, and maximize the value of their estates for the benefit of all stakeholders.  The relief will save costs and avoid undue administrative burden and confusion only if granted immediately.  As a result, the Debtors request that the Court approve the relief requested in this Motion on an emergency basis.

## **<u>NOTICE</u>**

27.     Notice of this Motion has been or will be provided to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the United States Attorney's Office for the Southern District of Texas; (c) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates; (d) counsel to the DIP Agents; (e) counsel to the DIP Lenders; (f) counsel to the SO5 Digital Debtors' term loan lender; and (g) the Internal Revenue Service.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors request that the Court enter the Proposed Order, granting the

relief requested herein and such other and further relief as is just and proper.

Houston, Texas
Dated: January 14, 2026

/s/ Kelli Stephenson Norfleet

**HAYNES AND BOONE, LLP**
Kelli Stephenson Norfleet (TX Bar No. 24070678)
Kenric D. Kattner (TX Bar No. 11108400)
Arsalan Muhammad (TX Bar No. 24074771)
Kourtney P. Lyda (TX Bar No. 24013330)
David Trausch (TX Bar No. 24113513)
1221 McKinney Street, Suite 4000
Houston, TX 77010
Telephone: (713) 547 2000
Facsimile:  (713) 547 2600
Email:       kelli.norfleet@haynesboone.com
              kenric.kattner@haynesboone.com
              arsalan.muhammad@haynesboone.com
              kourtney.lyda@haynesboone.com
              david.trausch@haynesboone.com

**WILLKIE FARR & GALLAGHER LLP**
Debra M. Sinclair (*pro hac vice* pending)
Robin Spigel (*pro hac vice* pending)
Allyson B. Smith (*pro hac vice* pending)
Betsy L. Feldman (*pro hac vice* pending)
Jessica D. Graber (*pro hac vice* pending)
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile:  (212) 728-8111
Email:       dsinclair@willkie.com
              rspigel@willkie.com
              absmith@willkie.com
              bfeldman@willkie.com
              jgraber@willkie.com

-and-

Jennifer J. Hardy (TX Bar No. 24096068)
600 Travis Street
Houston, TX 77002
Telephone: (713) 510-1766
Facsimile:  (713) 510-1799
Email:       jhardy2@willkie.com

-and-

Ryan Blaine Bennett (*pro hac vice* pending)
300 North LaSalle Drive
Chicago, IL 60654
Telephone: (312) 728-9123
Facsimile:  (312) 728-9199
Email:       rbennett@willkie.com

*Proposed Co-Counsel to the Global Debtors*
*and Global Debtors in Possession*

*Proposed Co-Counsel to the Global Debtors*
*and Global Debtors in Possession*

*/s/ Jarrod B. Martin*

**BRADLEY ARANT BOULT
CUMMINGS LLP**
Jarrod B. Martin (TX Bar No. 24070221)
Michael K. Riordan (TX Bar No. 24070502)
600 Travis Street, Suite 5600
Houston, TX 77060
Telephone:  (713) 576-0300
Facsimile:  (713) 547-0301
Email:        jbmartin@bradley.com
                  mriordan@bradley.com

-and-

James Bailey (TX Bar No. 24108289)
1819 Fifth Avenue N.
Birmingham, AL 35203
Telephone:  (205) 521-8000
Facsimile:  (205) 488-6913
Email:        jbailey@bradley.com

*Proposed Counsel to the SO5 Digital Debtors and
SO5 Digital Debtors in Possession*

**Certificate of Accuracy**

In accordance with Local Rule 9013-1(i), I hereby certify that the foregoing statements regarding the nature of the emergency with respect to the Global Debtors are true and accurate to the best of my knowledge.

*/s/ Kelli Stephenson Norfleet*
Kelli Stephenson Norfleet

**Certificate of Accuracy**

In accordance with Local Rule 9013-1(i), I hereby certify that the foregoing statements regarding the nature of the emergency with respect to the SO5 Digital Debtors are true and accurate to the best of my knowledge.

*/s/ Jarrod B. Martin*
Jarrod B. Martin

**Certificate of Service**

I certify that on the date hereof, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.  Additionally, the foregoing document will be served as set forth in a forthcoming affidavit filed by the Debtors' claims agent.

*/s/ Kelli Stephenson Norfleet*
Kelli Stephenson Norfleet