**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| SAKS GLOBAL ENTERPRISES LLC, *et al.*,[1] | Case No. 26-90103 (ARP) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 420, 421, 422, 423 |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' JOINDER TO GLOBAL DEBTORS' OBJECTION TO MOTION OF SIMON PROPERTY GROUP L.P. FOR ENTRY OF AN ORDER (A) DECLARING THE AUTOMATIC STAY DOES NOT APPLY, (B) IN THE ALTERNATIVE GRANTING RELIEF FROM THE AUTOMATIC STAY, AND (C) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through its proposed undersigned counsel, hereby files this joinder and reservation of rights (this "Joinder and Reservation of Rights") to the Global Debtors' objection [Docket No. 799] (the "Objection") to the *Motion of Simon Property Group, L.P. for Entry of an Order (A) Declaring the Automatic Stay Does Not Apply, (B) in the Alternative, Granting Relief from the Automatic Stay, and (C) Granting Related Relief* [Docket No. 420] (the "Motion").[2] In support of this Joinder and Reservation of Rights, the Committee respectfully states as follows.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Saks. The location of Debtor Saks Global Enterprises LLC's corporate headquarters and the Debtors' service address in these chapter 11 cases is 225 Liberty Street, 31st Floor, New York, NY 10281. Bradley Arant Boult Cummings LLP is proposed counsel for the following Debtors: Saks OFF 5TH Holdings LLC, Saks OFF 5TH LLC, Saks OFF 5TH Midco Partner Inc., and Luxury Outlets USA, LLC (collectively, the "SO5 Digital Debtors"). Haynes and Boone, LLP and Willkie Farr & Gallagher LLP are proposed counsel for the remaining Debtors (collectively, the "Global Debtors").

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

## JOINDER AND RESERVATION OF RIGHTS

1. The Committee joins the Global Debtors' Objection to the Motion. The Woodbury Commons and Stanford Shopping Center stores are important to the Global Debtors' operations, brand presence, and overall enterprise value. The Court should be reluctant to permit termination or otherwise lift the automatic stay absent a clear and unequivocal showing that the corresponding leases were validly and irrevocably terminated prepetition. From the Committee's perspective, Movant has not made that showing.

2. The leases were not properly terminated prior to the Petition Date, because the Global Debtors were entitled to cure (which they did) and the parties had a well-established course of dealing that excused the Debtors' delayed performance. The relevant agreements between the Global Debtors and Movant do not reflect *any intent* to eliminate cure rights. If the parties had intended to eliminate cure rights (incredibly valuable and bargained-for rights for any commercial tenant, much less the Global Debtors) under each of 75 leases between the Global Debtors and Movant, creating a hair-trigger termination right that would put the Global Debtors' highest-profile stores at risk, they would have done so expressly. They did not. The parties' course of dealing is also highly relevant, particularly where strict compliance with the literal terms as now advanced by Movant was not how the relationship functioned in reality. That history informs the proper interpretation of the provisions at issue and supports denial of the Motion.

3. The Committee's review remains ongoing. The Committee and its advisors are continuing to receive and analyze documents and other information relating to this dispute and have been required to navigate related access and confidentiality protocols in order to complete their diligence. The Committee therefore reserves all rights to supplement this Joinder and

Reservation of Rights, assert additional arguments, raise further objections, and present evidence in connection with the Motion, including at any hearing thereon.

4. The Committee further reserves all rights with respect to any proposed resolution of the Motion, and nothing herein shall be construed as a waiver of any claims, defenses, rights, or remedies of the Committee, all of which are expressly preserved.

[*Remainder of Page Intentionally Blank*]

**CONCLUSION**

WHEREFORE, for the reasons set forth herein and in the Objection, the Committee respectfully requests that the Court deny the Motion without prejudice and grant such other and further relief as the Court deems just and proper.

Dated: February 16, 2026  
Dallas, Texas

Respectfully submitted,

*/s/ Ian R. Phillips*  
Ian R. Phillips, Esq.  
Texas Bar No. 24091239  
Seth Van Aalten, Esq. (admitted *pro hac vice*)  
Justin R. Alberto, Esq. (admitted *pro hac vice*)  
**COLE SCHOTZ P.C.**  
901 Main Street, Suite 4120  
Dallas, TX 75202  
Telephone: (469) 557-9390  
Facsimile: (469) 533-1587  
iphillips@coleschotz.com  
svanaalten@coleschotz.com  
jalberto@coleschotz.com

-and-

Lorenzo Marinuzzi, Esq.  
Texas Bar No. 24146890  
Doug Mannal, Esq. (admitted *pro hac vice*)  
Benjamin Butterfield, Esq. (admitted *pro hac vice*)  
Raff Ferraioli, Esq. (admitted *pro hac vice*)  
**MORRISON FOERSTER LLP**  
250 West 55th Street  
New York, NY 10019  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900  
lmarinuzzi@mofo.com  
dmannal@mofo.com  
bbutterfield@mofo.com  
rferraioli@mofo.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 16, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                      */s/ Ian R. Phillips*
                                      Ian R. Phillips