**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| SAKS GLOBAL ENTERPRISES LLC, *et al.*,[1] | Case No. 26-90103 (ARP) |
| Debtors. | (Jointly Administered) |

**STIPULATION AND AGREED ORDER REGARDING AXONIC**
**COINVEST II, LP'S OBJECTIONS TO GLOBAL DEBTORS' POSTPETITION**
**FINANCING AND RESOLVING CERTAIN MATTERS AMONG THE GLOBAL**
**DEBTORS, THE SGUS DIP SECURED PARTIES AND AXONIC COINVEST II, LP**
[Related to Docket Nos. 49, 120, 234]

This Stipulation and Agreed Order (the "Stipulation") is entered into by and among (a) the

Global Debtors, as debtors and debtors in possession in the above-captioned cases, (b) Axonic

Coinvest II, LP (collectively with any affiliates party to the Axonic Transaction Documents

(as defined below) and their successors and assigns, "Axonic"), and (c) the Required SGUS DIP

Lenders[2] (collectively with the Global Debtors and Axonic, the "Parties").

**RECITALS**

**WHEREAS**, on January 13, 2026 (the "Petition Date") and January 14, 2026, each of the

Global Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Saks.  The location of Debtor Saks Global Enterprises LLC's corporate headquarters and the Debtors' service address in these chapter 11 cases is 225 Liberty Street, 31st Floor, New York, NY 10281.  Bradley Arant Boult Cummings LLP is proposed counsel for the following Debtors: Saks OFF 5TH Holdings LLC, Saks OFF 5TH LLC, Saks OFF 5TH Midco Partner Inc., and Luxury Outlets USA, LLC (collectively, the "SO5 Digital Debtors").  Haynes and Boone, LLP and Willkie Farr & Gallagher LLP are proposed counsel for the remaining Debtors (collectively, the "Global Debtors").

[2]    Capitalized terms used but not defined herein shall have the meanings given to them in the DIP Motion.

Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court");

WHEREAS, the Global Debtors are operating their businesses and managing their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, these chapter 11 cases are being jointly administered for procedural purposes only [Docket No. 46];

WHEREAS, on January 27, 2026, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 480] (as may be reconstituted from time to time, the "Committee");

WHEREAS, on January 29, 2026, the U.S. Trustee filed a notice amending the composition of the Committee [Docket No. 522].  As of the date hereof, no request has been made for the appointment of a trustee or examiner;

WHEREAS, on January 14, 2026, the Global Debtors filed the *Global Debtors' Emergency Motion For Entry of Interim and Final Orders (I) Authorizing the Global Debtors to Obtain Postpetition Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Authorizing the Use of Cash Collateral, (IV) Granting Adequate Protection to the Prepetition Secured Parties, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 49] (the "DIP Motion"), which sought, among other things, approval of postpetition financing through multiple debtor in possession credit facilities, including, without limitation, the SGUS DIP Facility;

WHEREAS, on January 14, 2026, Axonic filed an objection to the DIP Motion [Docket No. 120] (the "Axonic Objection");

**WHEREAS**, on January 14, 2026, the Bankruptcy Court held an interim hearing on the DIP Motion (the "Interim Hearing");

**WHEREAS**, on January 15, 2026, the Bankruptcy Court entered an order granting the relief requested in the DIP Motion on an interim basis (the "Interim DIP Order") and overruled all objections and reservations of rights to the relief requested in the DIP Motion that had not been withdrawn, resolved, or settled;

**WHEREAS**, a final hearing on the DIP Motion is currently scheduled for February 20, 2026, and objections were originally due by February 6, 2026;

**WHEREAS**, the Global Debtors extended Axonic's time to file an objection to the entry of a final order granting the relief requested in the DIP Motion (the "Final DIP Order") to February 18, 2026 at 12:00 PM (prevailing Central Time);

**WHEREAS**, in anticipation of filing an objection to the proposed Final DIP Order, Axonic served discovery on the Global Debtors regarding the DIP Motion and the DIP Facilities;

**WHEREAS**, the Parties engaged in extensive, good faith, arm's length settlement discussions regarding Axonic's potential objection to the Final DIP Order; and

**WHEREAS**, as a result of such discussions, the Parties reached the settlement embodied in this Stipulation, which the Global Debtors believe is fair, reasonable, and in the best interests of the Global Debtors, their estates, and all parties in interest.

**NOW, THEREFORE**, the Parties hereby stipulate and agree and, upon entry by the Bankruptcy Court, it is **ORDERED** that:

I.  Certain Terms of Final DIP Order

   a.  Marshalling

   1.  Notwithstanding anything in the Final DIP Order to the contrary, the SGUS DIP Lenders agree to (and agree to direct the SGUS DIP Agent to) marshal away from 12 East 49th Street LLC (the "Ground Tenant") for a period of 150 days after the delivery of a Default Notice that begins the Remedies Notice Period under the SGUS DIP Facility.  After such 150-day period, the SGUS DIP Secured Parties will use commercially reasonable efforts to satisfy the SGUS DIP Obligations using collateral other than the Ground Tenant.

   2.  If the SGUS DIP Obligations are proposed to be repaid in full or are repaid in full, whether in connection with a chapter 11 plan involving the Global Debtors, a sale (or sales) of the Global Debtors' assets, or exercise of remedies under the SGUS DIP Facility, Axonic's rights to seek recovery on account of its claims against the Global Debtors are preserved, including, without limitation:  (a) seeking recovery from Global Debtor Saks Fifth Avenue HoldCo II LLC with respect to the allocable value of the Global Debtors attributable to the Ground Tenant (including, without limitation, that (x) the SGUS DIP Facility has been satisfied by value allocable to the Global Debtors other than the Ground Tenant, and (y) the Ground Tenant is entitled to a contribution claim against the other Global Debtors with respect to the DIP Liens and DIP Superpriority Claims under the SGUS DIP Facility asserted against the Ground Tenant); and (b) with respect to the value of non-cash consideration provided to repay the SGUS DIP Facility; provided that Axonic's rights set forth in this paragraph 2 are subject in all respects to the waiver set forth in paragraph 6(a) of this Stipulation.

   3.  Any determination as to the valuation or allocable value referred to in paragraph 2 above shall be determined by either:  (a) mutual agreement of the Global Debtors, the SGUS DIP

Lenders (to the extent the SGUS DIP Facility is not repaid in full), and Axonic; or (b) the Bankruptcy Court (or applicable appellate court sitting in review of a proceeding decided by the Bankruptcy Court in accordance with the terms of this Stipulation). Nothing in this Stipulation is an admission with respect to the validity, priority, or amount of Axonic's claims.

      b.  <u>Adequate Protection</u>

      4.  <u>Payments</u>.  The Global Debtors will pay, as adequate protection, to Axonic $75,000 per month on and after the date of this Stipulation (subject to Bankruptcy Court approval) for legal fees incurred on and after the date of this Stipulation in connection with the Axonic Transaction Documents (as such term is defined in the Axonic Objection) or the Global Debtors; <u>provided</u> that such payments will terminate immediately and automatically without further order from the Bankruptcy Court upon Axonic taking any action inconsistent with this Stipulation or the Axonic Standstill Period (as defined below) ending.

      5.  <u>Timing</u>.  Notwithstanding anything to the contrary contain in the Final DIP Order, the Global Debtors acknowledge that a demand for adequate protection has been made as of the Petition Date by Axonic, and that Axonic's right to seek adequate protection as of the Petition Date is fully preserved (*i.e.*, if litigation is commenced, the Parties agree that the Bankruptcy Court will be asked to determine whether Axonic is entitled to adequate protection as of the Petition Date and based on the value of the collateral as of the Petition Date for purposes of resolving Axonic's request for adequate protection), subject to the rights, remedies, defenses, claims, and counterclaims of the Global Debtors and other parties in interest; <u>provided</u> that the Global Debtors will not contest that the demand for adequate protection, if valid, was made as of the Petition Date.

II.  <u>Standstill</u>

      a.  <u>Axonic</u>

      6.  Axonic shall:

(a) Withdraw the Axonic Objection (with prejudice) and fully, finally, and forever waive any challenge to entry of the Final DIP Order, including, without limitation, any challenge to the validity and priority of the SGUS DIP Liens and DIP Superpriority Claims, and the performance of the Global Debtors and the SGUS DIP Secured Parties under the Final DIP Order.

(b) Stand still (the duration of such standstill, the "Axonic Standstill Period") from:

    (i) filing a motion to dismiss, convert, or appoint an examiner or trustee in the Global Debtors' chapter 11 cases, or seeking similar relief;

    (ii) seeking to foreclose on or otherwise exercise remedies with respect to the Axonic Transaction Documents, including, without limitation, SFAH II Pledge Agreement (as such term is defined in the Axonic Objection), or seeking relief from the automatic stay to do so;

    (iii) filing any action against any of the Global Debtors related to the purported prepetition exercise of the Put Right (as such term is defined in the Axonic Objection) and/or ability to exercise the Put Right postpetition; and

    (iv) seeking standing or bringing suit for prepetition actions taken by any Global Debtor in connection with the Operating Lease dated as of December 3, 2014 (as amended) or the 12 East 49th Street LLCA (as such term is defined in the Axonic Objection), but subject to the rights set forth in paragraph 6(c) below.

(c) Notwithstanding the foregoing, Axonic's rights with respect to the following issues are preserved (and excluded from the Axonic Standstill Period) following entry of the Final DIP Order, subject to the rights, remedies, defenses, claims, and counterclaims of the Global Debtors and other parties in interest (including, without limitation, the SGUS DIP Secured Parties):

    (i) seeking additional adequate protection in respect of Axonic's interest in the Ground Tenant; and

    (ii) seeking valuation of Axonic's interest in the Ground Tenant (and allocable value attributable to the Ground Tenant) as set forth in paragraph 2 of this Stipulation or in connection with seeking additional adequate protection in accordance with paragraph 6(c)(i) of this Stipulation.

For the avoidance of doubt and notwithstanding paragraphs 6(b)(iii) and (iv), Axonic's rights to (a) object to (x) a chapter 11 plan involving the Global Debtors, (y) a sale of substantially all of the assets of the Global Debtors, or (z) the SGUS DIP Secured Parties' exercise of remedies under the SGUS DIP Facility and (b) file and defend a proof of claim with respect to Axonic's claims against the Global Debtors are preserved.

(d) Axonic's agreement to stand still shall terminate upon the Global Debtors or SGUS DIP Secured Parties taking any action inconsistent with this Stipulation (*i.e.*, commencement of any action set forth in paragraph 7(a) below); provided that the termination of the Axonic Standstill Period in accordance with this paragraph 6(d) shall have no effect on the waiver set forth in paragraph 6(a).

(e) The Global Debtors agree to provide Axonic at least five (5) days' notice of any material or adverse modification, termination, rejection, or assignment of the ground lease, operating lease, or operating agreement.  All parties' rights in connection therewith are preserved.

b. <u>Global Debtors and SGUS DIP Secured Parties</u>

7. (a) Notwithstanding anything to the contrary contained in the Final DIP Order, during the Axonic Standstill Period, the Global Debtors and SGUS DIP Lenders will stand still (and direct the SGUS DIP Agent to stand still) from commencing any proceeding (and any further discovery in respect thereof) against Axonic with respect to any prepetition dealings between Axonic and the Global Debtors (and the milestone set forth in Section 5.16 of the OpCo DIP Credit Agreement related to the filing of a complaint against Axonic shall be extended for the duration of the Axonic Standstill Period, in accordance with this Stipulation, pursuant to the Final DIP Order), and agree, as applicable, (i) not to grant standing to any party to bring such claims against Axonic, (ii) to oppose any party's seeking standing, to bring any such claims against Axonic, and (iii) to retain and not assign the right to any proceeds of causes of action against Axonic; <u>provided</u> that the ultimate disposition of any such claims against Axonic under a chapter 11 plan, asset sale, or exercise of remedies under the SGUS DIP Facility is preserved.

(b) The Global Debtors' and SGUS DIP Lenders' agreement to stand still shall terminate upon Axonic taking any action inconsistent with this Stipulation (*i.e.*, commencement of any action set forth in paragraphs 6(a) or 6(b) above) or the commencement of any action by Axonic against the SGUS DIP Secured Parties.

(c) Except as specified in paragraph 7(a) above, nothing herein shall preclude the Global Debtors or the SGUS DIP Secured Parties from objecting to, or taking any action in respect of, Axonic's claims against any of the Global Debtors.

8. (a) Axonic agrees that, notwithstanding anything herein to the contrary, the Global Debtors and/or SGUS DIP Secured Parties may oppose any and all actions taken by Axonic against the Global Debtors and/or the SGUS DIP Secured Parties, including, without limitation, paragraph 6(c) above, and any such action will not constitute a violation of the "standstill" provisions of this Stipulation with respect to the Global Debtors or the SGUS DIP Secured Parties (as applicable).

(b) For the avoidance of doubt, in no event shall this Stipulation or the DIP Orders, or any affirmative or passive conduct under or pursuant to this Order or the DIP Orders be construed to alter or vary any lien, security interest, claim, counterclaim, cause of action, right, power, privilege, remedy, obligation or defense (in each case whether at law or in equity) of any person in any capacity under or pursuant to that certain Hudson's Bay Simon JV Trust 2015-HBS, a New York common law trust (the "Trust"), the mortgage loan currently held by a trustee on behalf of the Trust (the "Mortgage Loan") or the trust and servicing agreement that governs the Trust (the "TSA"), including (without limitation) any person who is a borrower, guarantor, obligor, pledgor, lienor, mortgagee, pledgee, secured party or beneficiary under or pursuant to the Mortgage Loan documents, a party to or appointed under the TSA or a holder or beneficial owner of any commercial mortgage pass-through certificates issued under the TSA; provided that, for the avoidance of doubt, nothing in this paragraph 8(b) shall limit in any respect Axonic's commitments pursuant to this Stipulation or the rights of the SGUS DIP Secured Parties under the DIP Documents; provided further, that for the further avoidance of doubt, HBS Global Properties LLC, HBC-Simon LLC, and those certain Mortgage Borrowers listed on Schedule I to the Sixth Modification and Extension Agreement in respect of the Mortgage Loan, are not Borrower Parties or Guarantors under the SGUS DIP Facility and their assets do not constitute SGUS DIP Collateral).

III.    General Provisions

9.  Binding Effect.  This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns.

10. Governing Law.  This Stipulation shall be governed by and construed in accordance with the laws of the State of New York, without regard to any conflicts of laws principles thereof that would require the application of the laws of any other jurisdiction.

11. Retention of Jurisdiction.  The Bankruptcy Court shall retain sole and exclusive jurisdiction and power (and the Parties consent to such retention of jurisdiction and judicial power) to resolve any disputes or controversies arising from or relating to the implementations and interpretation of this Stipulation.

12. Joint Drafting.   This Stipulation embodies arm's length negotiations and compromises between the Parties, was drafted jointly by the Parties and shall not be construed

against any Party by reason of its drafting or preparation of this Stipulation.  Drafts of this Stipulation and modifications reflected in such drafts shall not be utilized in any manner, dispute, or proceeding, including as evidence of any of the Parties' intent or the interpretation of this Stipulation.

13. <u>Effectiveness</u>.  The terms and conditions of this Stipulation shall be immediately effective upon the entry of an order by the Bankruptcy Court approving this Stipulation.

14. <u>Entire Understanding</u>.  This Stipulation sets forth the entire understanding of the Parties hereto with respect to the matters set forth herein, is intended to be the complete and exclusive statement of the terms thereof, and may not be modified or amended except by a writing signed by the Parties and/or their counsel.

15. <u>Incorporation into Final DIP Order</u>.  Upon entry of the Final DIP Order, this Stipulation shall be deemed incorporated into the Final DIP Order.

16. <u>Counterparts</u>.  This Stipulation may be executed in one or more counterparts, any of which may be by electronic mail, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.


Signed: February ___, 2026
       Houston, Texas                  _____
                                 ALFREDO R. PÉREZ
                                 UNITED STATES BANKRUPTCY JUDGE


*[Signature pages follow]*

**STIPULATED AND AGREED TO THIS 19TH DAY OF FEBRUARY, 2026:**

*/s/ John F. Higgins*
John F. Higgins

**PORTER HEDGES LLP**
John F. Higgins (TX 09597500)
M. Shane Johnson (TX 24083263)
Megan N. Young-John (TX 24088700)
James A. Keefe (TX 24122842)
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone:     (713) 226-6000
Facsimile:     (713) 228-1331
Email:          jhiggins@porterhedges.com
                sjohnson@porterhedges.com
                myoung-john@porterhedges.com
                jkeefe@porterhedges.com

-and-

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Robert A. Britton (admitted *pro hac vice*)
Christopher J. Hopkins (admitted *pro hac vice*)
Douglas R. Keeton (admitted *pro hac vice*)
Jessica Choi (admitted *pro hac vice*)
Martin J. Salvucci (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019
Telephone:     (212) 373-3000
Facsimile:     (212) 757-3990
Email:          arosenberg@paulweiss.com
                rbritton@paulweiss.com
                chopkins@paulweiss.com
                dkeeton@paulweiss.com
                jchoi@paulweiss.com
                msalvucci@paulweiss.com

*Co-Counsel to the Required SGUS DIP Lenders*

-and-

*/s/ Ameneh Bordi*

**SIDLEY AUSTIN LLP**
Ameneh Bordi (admitted *pro hac vice*)
1501 K Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 736-8000
Facsimile:  (202) 736-8711
Email:  abordi@sidley.com

*and*

Jim Ducayet (admitted *pro hac vice*)
One South Dearborn
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036
Email:  jducayet@sidley.com

*and*

Nathan C. Elner (TX Bar No. 24123173)
1000 Louisiana Street, Suite 5900
Houston, Texas 77002
Telephone:  (713) 495-4500
Facsimile:  (713) 495-7799
Email:  nelner@sidley.com

*Counsel to Axonic*

-and-

*/s/ Kelli Stephenson Norfleet*
**HAYNES AND BOONE, LLP**
Kelli Stephenson Norfleet (TX Bar No. 24070678)
Kenric D. Kattner (TX Bar No. 11108400)
Arsalan Muhammad (TX Bar No. 24074771)
Kourtney P. Lyda (TX Bar No. 24013330)
David Trausch (TX Bar No. 24113513)
1221 McKinney Street, Suite 4000
Houston, TX 77010
Telephone:  (713) 547 2000
Facsimile:   (713) 547 2600
Email:       kelli.norfleet@haynesboone.com
             kenric.kattner@haynesboone.com
             arsalan.muhammad@haynesboone.com
             kourtney.lyda@haynesboone.com
             david.trausch@haynesboone.com

*Proposed Co-Counsel to the Global Debtors, as Debtors and Debtors in Possession*

**WILLKIE FARR & GALLAGHER LLP**
Debra M. Sinclair (admitted *pro hac vice*)
Robin Spigel (admitted *pro hac vice*)
Allyson B. Smith (admitted *pro hac vice*)
Betsy L. Feldman (admitted *pro hac vice*)
Jessica D. Graber (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019
Telephone:  (212) 728-8000
Facsimile:   (212) 728-8111
Email:       dsinclair@willkie.com
             rspigel@willkie.com
             absmith@willkie.com
             bfeldman@willkie.com
             jgraber@willkie.com

-and-

Jennifer J. Hardy (TX Bar No. 24096068)
600 Travis Street
Houston, TX 77002
Telephone:  (713) 510-1766
Facsimile:   (713) 510-1799
Email:       jhardy2@willkie.com

-and-

Ryan Blaine Bennett (admitted *pro hac vice*)
300 North LaSalle Drive
Chicago, IL 60654
Telephone:  (312) 728-9123
Facsimile:   (312) 728-9199
Email:       rbennett@willkie.com

*Co-Counsel to the Global Debtors, as Debtors and Debtors in Possession*