United States Bankruptcy Court
Southern District of Texas

**ENTERED**

March 12, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re:<br><br>SAKS GLOBAL ENTERPRISES LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-90103 (ARP)<br><br>(Jointly Administered)<br><br>**Related to Docket No. 792** |

**ORDER (I) ESTABLISHING
DEADLINES FOR THE FILING OF PROOFS
OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
UNDER SECTION 503(B)(9), (II) APPROVING THE FORM AND
MANNER FOR FILING PROOFS OF CLAIM, (III) APPROVING
THE FORM AND MANNER OF NOTICE THEREOF, INCLUDING
SECTION 503(B)(9) REQUESTS, AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors")[3] for the entry of an order (this "Bar Date Order"): (a) establishing the Claims Bar Date; (b) establishing the Governmental Bar Date; (c) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date; (d) approving the form and manner for filing Proofs of Claim; and (e) approving notice of the Bar Dates (each as defined herein); and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Saks.  The location of Debtor Saks Global Enterprises LLC's corporate headquarters and the Debtors' service address in these chapter 11 cases is 225 Liberty Street, 31st Floor, New York, NY 10281.  Bradley Arant Boult Cummings LLP is counsel for the following Debtors: Saks OFF 5TH Holdings LLC, Saks OFF 5TH LLC, Saks OFF 5TH Midco Partner Inc., and Luxury Outlets USA, LLC (collectively, the "SO5 Digital Debtors").  Haynes and Boone, LLP and Willkie Farr & Gallagher LLP are counsel for the remaining Debtors (collectively, the "Global Debtors").

[2]   Capitalized terms used but not otherwise defined in this Bar Date Order shall have the meanings given to them in the Motion.

[3]   For the avoidance of doubt, "Debtors" means, collectively, the Global Debtors and the SO5 Digital Debtors.

*Order of Reference from the United States District Court for the Southern District of Texas*, entered May 24, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

I.       **The Bar Dates and Procedures for Filing Proofs of Claim.**

1.       Except as otherwise set forth herein, each entity[4] that asserts a claim against any of the Debtors that arose before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, shall be required to file an original, written proof of claim (a "Proof of Claim"), substantially in the form attached hereto as **Exhibit 1** (the "Proof of

---

[4]     Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings given to them by the Bankruptcy Code.   In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

Claim Form") or Official Form 410.[5]  Except in the cases of governmental units and certain other exceptions explicitly set forth herein, **all Proofs of Claim must be filed so that they are actually received on or before April 24, 2026, at 11:59 p.m., prevailing Central Time** (the "Claims Bar Date"), at the addresses and in the form set forth herein.  The Claims Bar Date applies to all types of claims against any of the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates (as defined herein) as set forth in the Motion or this Bar Date Order.

2.	All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) prior to the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file Proofs of Claim, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which any of the Debtors were a party, **so they are actually received on or before July 13, 2026, at 11:59 pm., prevailing Central Time** (the "Governmental Bar Date"), at the address and in the form set forth herein.

3.	Unless otherwise ordered, all entities asserting claims arising from the Debtors' rejection of executory contracts and unexpired leases shall file a Proof of Claim on account of such rejection by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 11:59 p.m., prevailing Central Time, on the date that is thirty (30) days following the later of (i) entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease or (ii) the effective date of a rejection of the applicable executory contract or unexpired lease of the Debtors pursuant to operation of any Court order (the "Rejection Damages

---

[5]	Copies of Official Form 410 may be obtained free of charge by:  (a) calling the Debtors' restructuring hotline at 833-232-5246 (domestic, toll free), or +1 949-373-7589 (international); (b) visiting the Debtors' restructuring website at: https://cases.stretto.com/saks;  or  (c) visiting the website maintained by the Court at http://www.txs.uscourts.gov/bankruptcy.

Bar Date"). For the avoidance of doubt, counterparties to executory contracts or unexpired leases of non-residential real property shall not be required to file prepetition general unsecured claims against the Debtors unless and until the applicable contract or lease is rejected by the Debtors. For the avoidance of doubt and as applicable, such counterparties must file any claim under section 503(b)(9) of the Bankruptcy Code by the Claims Bar Date.

4.      If any Debtor amends the Schedules after having given notice of the Bar Dates, the Debtors shall give notice by electronic mail or first-class mail, as applicable, of any amendment to holders of claims affected thereby, and, except for entities that are exempt from complying with the applicable Bar Dates, as set forth in this Bar Date Order, the last date and time for those holders to file Proofs of Claim, if necessary, shall be the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 11:59 p.m., prevailing Central Time, on the date that is 30 days from the date the notice of the Schedules amendment is sent (the "Amended Schedules Bar Date" and, together with the Claims Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, as applicable, the "Bar Date" or "Bar Dates").

5.      All Proofs of Claim must be filed or submitted so as to be **actually received** by the Claims and Noticing Agent on or before the applicable Bar Date. If Proofs of Claim are not received by the Claims and Noticing Agent on or before the applicable Bar Date, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded from voting on any plans of reorganization filed in these Chapter 11 Cases or receiving distributions from the Debtors on account of such claims in these Chapter 11 Cases.

**II.      Parties Required to File Proofs of Claim.**

6.      The following categories of claimants, in the capacities described below, shall be required to file a Proof of Claim by the Bar Date:

a.   any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these Chapter 11 Cases or share in any distribution in any of these Chapter 11 Cases;

b.   any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.   any former or present full-time, part-time, salaried, or hourly employees (and any labor union representing such former or present employees) whose claims relates to any grievance, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, and/or unpaid severance, to the extent grounds for such grievances arose on or prior to the Petition Date; provided that current employees of the Debtors (and any labor union representing such employees) are not required to file a Proof of Claim for wages, commissions, benefits, or severance if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business;

d.   any entity that believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

e.   any entity that believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

7.   For the avoidance of doubt, and notwithstanding anything to the contrary in this Bar Date Order and as applicable, (a) the Global Debtors shall be required to file a Proof of Claim against the SO5 Digital Debtors to assert any claim against that arose against the SO5 Digital Debtors before the Petition Date; and (b) the SO5 Digital Debtors shall be required to file a Proof of Claim against the Global Debtors to assert any claim against the Global Debtors that arose before the Petition Date.  Any Proof of Claim or amendment filed pursuant to this paragraph 7 shall be deemed filed and asserted, in the case of any claim asserted against a Global Debtor in the Saks Global Enterprises LLC bankruptcy case and in the case of any claim asserted against a SO5 Digital Debtor in the Saks OFF 5TH LLC bankruptcy case, and shall be deemed filed and asserted against each Global Debtor or SO5 Digital Debtor, as applicable.

### III.    Parties Exempted from the Bar Date.

8.    The following categories of claimants, in the capacities described below, shall **not** be required to file a Proof of Claim by the Bar Date:

a.    the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.    any entity that already has filed a signed Proof of Claim against the applicable Debtor with the Claims and Noticing Agent in a form substantially similar to Official Form 410 with respect to the claim asserted therein;

c.    any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

d.    any entity whose claim has previously been allowed by a final order of this Court entered on or before the applicable Bar Date;

e.    any Debtor or non-Debtor affiliate having a claim against another Debtor, <u>provided</u> that any non-Debtor affiliate that is not directly or indirectly controlled by a Debtor shall be required to file a Proof of Claim, or unless otherwise set forth in the Bar Date Order;

f.    any entity whose claim is solely against any non-Debtor affiliate;

g.    any entity whose claim has been paid by the Debtors pursuant to an order of this Court;

h.    any entity whose claim against a Global Debtor arises under a concession and/or consignment agreement with a Global Debtor if such concession and/or consignment agreement with a Global Debtor was subsequently amended following the Petition Date, absent a further order of the Court;

i.    a current employee of the Debtors (and any labor union representing such employee) as of the Petition Date, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; <u>provided</u> that a current employee (and any labor union representing such employee) must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

j.    any officer, manager, director, or employee (and any labor union representing such employee) for claims based on indemnification, contribution, or reimbursement who held such position as of the date of this Bar Date Order; <u>provided</u> that any officer, manager, director, or employee

of the Debtors as of the date of this Bar Date Order that resigns or otherwise leaves the employment of the Debtors following entry of this Bar Date Order must file a proof of claim by the later of (i) the General Bar Date or (ii) thirty (30) days following the resignation or termination of employment of such person;

k.    any entity holding a claim for which a separate deadline is fixed by an order of this Court or such entity is exempted from filing a Proof of Claims by an order of this Court;

l.    any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, provided that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date;

m.    any person or entity that is exempt from filing a Proof of Claim pursuant to an order of this Court in these Chapter 11 Cases, including the Global Debtors' DIP Order and the SO5 Digital Debtors' Cash Collateral Order, and any final Global Debtors' DIP Order or SO5 Digital Debtors' Cash Collateral Order entered by this Court;

n.    any holder of a claim for any fees, expenses, or other obligations arising or payable under any order of the Court, including the Global Debtors' DIP Order and/or SO5 Digital Debtors' Cash Collateral Order;

o.    any entity holding an equity interest in any Debtor; and

p.    any entity holding claims arising under an executory contract or unexpired lease that is assumed or assumed and assigned by the Debtors.

## IV.    Substantive Requirements of Proofs of Claim.

9.    The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.    *Contents*.  Each Proof of Claim must:  (i) be written in legible English; (ii) include a claim amount denominated in United States dollars, using, if applicable, the exchange rate as of 4:00 p.m., prevailing Central Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is in ink.

b.    *Section 503(b)(9) Claim*.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the

7

Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.   ***Electronic Signatures Permitted***.  Only original Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

d.   ***Identification of the Debtor Entity***.  Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (No. 26-90103 (ARP)), or otherwise without identifying a specific Debtor, will be deemed as filed only against Debtor Saks Global Enterprises LLC.

e.   ***Claim Against Multiple Debtor Entities***.[6]  Each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted, except as otherwise stated herein.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Debtor Saks Global Enterprises LLC.

f.   ***Supporting Documentation in Order to Have*** **Prima Facie** ***Validity***.  In order to have prima facie validity, each claim of a type specified in Bankruptcy Rules 3001(c) and 3001(d) must include supporting documentation.  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; provided that (i) the Proof of Claim contains current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such party must produce the supporting documentation to the Debtors' counsel upon written request (with email being sufficient) no later than 14 days from the date of such request or as otherwise agreed to in writing (with email being sufficient) between the parties.

g.   ***Timely Service***.  Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through PACER (Public Access to Court Electronic Records at https://ecf.txsb.uscourts.gov/), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://cases.stretto.com/saks, or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system,

---

[6]   For the avoidance of doubt, all Global Debtors' rights, claims, defenses and causes of action that the Global Debtors may have to object to a claim on the basis it is the obligation of the SO5 Digital Debtors is preserved.

8

so as to be actually received by the Claims and Noticing Agent on or before the Claims Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following address:

**If by First-Class Mail, Overnight Mail, or Hand Delivery:**

Saks Global Enterprises LLC, et al., Claims Processing
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR
ELECTRONIC MAIL WILL NOT BE ACCEPTED**

h.     *Receipt of Service*.   Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proof of Claim was received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

## V.     Identification of Known Creditors.

10.     The Debtors shall email or mail, as applicable, notice of the applicable Bar Date only to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor, as reflected in the Debtors' books and records at such time.

## VI.     Procedures for Providing Notice of the Bar Date.

### A.     Mailing of Bar Date Notices.

11.     Pursuant to Bankruptcy Rule 2002(a)(7), within 5 business days of the later of (a) the date the Debtors file their Schedules and (b) entry of the Bar Date Order, the Debtors shall cause a written notice of the Bar Dates substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Notice"), and a Proof of Claim Form (collectively, the "Bar Date Package") to be served via electronic mail or first-class mail to the following entities (or their respective counsel, if known):

a.     the U.S. Trustee;

b.     Morrison & Foerster LLP and Cole Schotz P.C., as proposed co-counsel to the Committee;

c.     Seward & Kissel LLP, as counsel to the SGUS DIP Agent and OpCo DIP Agent;

d.     Morgan, Lewis & Bockius LLP, Otterbourg P.C., and Norton Rose Fulbright US LLP, as co-counsel to the ABL DIP Agent and the Prepetition ABL Agent;

e.     Paul, Weiss, Rifkind, Wharton & Garrison LLP and Porter Hedges LLP, as co-counsel to the Ad Hoc Group of Secured Noteholders and DIP Lenders;

f.     Morgan, Lewis & Bockius LLP, as counsel to the SO5 Digital Debtors' term loan lender;

g.     all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

h.     all entities that have requested notice of the proceedings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of the entry of the Bar Date Order;

i.     all entities that have filed Proofs of Claim in these Chapter 11 Cases as of the date of the entry of the Bar Date Order;

j.     all known non-Debtor equity and interest holders of the Debtors as of the date of entry of the Bar Date Order;

k.     all entities who are party to executory contracts and unexpired leases with the Debtors;

l.     all entities who are party to active litigation with the Debtors;

m.     all current and former employees (to the extent that contact information for former employees is available in the Debtors' records) (and any labor union representing such employees);

n.     all other entities listed on the Debtors' matrix of creditors;

o.     all regulatory authorities that are known by the Debtors to regulate the Debtors' business, including environmental and permitting authorities;

p.     the Offices of the Attorney General for each of the states in which the Debtors operate;

q.     the District Director of the Internal Revenue Service for the Southern District of Texas;

r.     all other taxing authorities listed on Exhibit 1 to the Taxes Order; and

s.     the Office of the United States Attorney for the Southern District of Texas.

12.     Any creditor may choose to submit a Proof of Claim on a different form as long as it is substantially similar to Official Form 410.

10

**B.     Supplemental Mailings.**

13.     After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process or the Schedules filing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 10 days in advance of the applicable Bar Date, with any such mailings being deemed timely and such Bar Date being applicable to the recipient creditors. Additionally, if any new potential creditors are discovered before the Claims Bar Date, the Debtors shall email or mail, as applicable, a Bar Date Package to such parties, and the Debtors will work with such parties to make reasonable accommodations in the event a request is made for an extension of the Claims Bar Date.

14.     To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors are not required to mail additional notices to such creditors.

**C.     Publication of Bar Date Notice.**

15.     The Debtors shall cause notice of the Claims Bar Date and the Governmental Bar Date to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.  Specifically, the Debtors shall cause the Bar Date Notice to be published as soon as reasonably practicable after entry of the Bar Date Order, modified for publication in substantially the form attached hereto as **Exhibit 3** (the "Publication Notice"), on one occasion in *The New York Times* (national edition) or similar

11

publication in the Debtors' business judgment, but no later than 21 days before the Claims Bar Date, and they may publish the Publication Notice in any other national or local publications that the Debtors deem appropriate and disclose in applicable affidavits of publication.

16.     Notice of the Bar Dates as set forth in this Bar Date Order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Complex Rules.

**VII.    Consequences of Failure to File a Proof of Claim.**

17.     Any person or entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors and their estates (or filing a Proof of Claim with respect thereto) and the Debtors and their property and estates shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim, unless the Court orders otherwise.  Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a Proof of Claim in accordance with this Bar Date Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on the Schedules as not contingent, not disputed, and liquidated.  Such person or entity shall not be treated as a creditor with respect to such claim for any purpose in these Chapter 11 Cases, unless the Court orders otherwise.

18.     Any such entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in these Chapter 11 Cases, participating in any distribution

in these Chapter 11 Cases on account of such claim, or receiving further notices regarding such claim.

### VIII. Miscellaneous.

19. Each person or entity that files a Proof of Claim shall be deemed to have voluntarily submitted themselves to the jurisdiction of this Court, regardless of whether such person or entity submitted such Proof of Claim on the Proof of Claim Form or Official Form 410.

20. Notwithstanding anything to the contrary herein, nothing contained in the Motion or any actions taken pursuant to any order granting the relief requested by the Motion, and no action taken by the Debtors pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount of, basis for, priority, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or

13

otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

21.     Nothing in this Bar Date Order shall prejudice the right of the Debtors or any other party in interest to dispute, or to assert offsets or defenses to, any claim reflected in the Schedules as to amount, liability, characterization or otherwise, and to subsequently designate any claim as disputed, contingent or unliquidated.

22.     With the express prior written consent of the Debtors (which written consent may be via email), a creditor may file a Proof of Claim on behalf of itself and its affiliates and subsidiaries.

23.     Notwithstanding anything to the contrary set forth in the Bar Date Order, the Bar Date Notices, the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules that would otherwise require the Pension Benefit Guaranty Corporation (the "PBGC"), Computershare Trust Company, N.A., in its capacity as successor Trustee for the 11.000% Senior Secured Notes due 2029, issued by Saks Global Enterprises LLC (as successor in interest to SFA Issuer LLC) ("Computershare"), or Local 1102 RWDSU UFCW ("Local 1102") to file a separate proof of claim against each Debtor on account of each claim against such entity, any proof of claim or amendment filed against any Debtor shall be deemed to be filed and asserted by the PBGC, Computershare, or Local 1102 against every Debtor.  The foregoing is intended solely for administrative convenience and shall not be deemed to constitute an agreement or admission as to the validity of any claims and shall not affect the substantive rights of any of the Debtors, the PBGC, Computershare, Local 1102, or

any other party in interest, including with respect to the allowance, amount, or priority of the PBGC's, Computershare's, or Local 1102's claims or with respect to any objection, defense, offset, or counterclaim related to the PBGC's, Computershare's, or Local 1102's claims or any party's rights to contest or object to any proofs of claim filed by the PBGC, Computershare, or Local 1102 on any grounds.  No claim filed by the PBGC, Computershare, or Local 1102 shall be disallowed, reduced, or expunged on the basis that it is filed only against one Debtor.

24.    The ACE Companies and the Chubb Companies: Notwithstanding anything to the contrary in this Bar Date Order, any provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Complex Rules, any order of this Court, any Proof of Claim Form or any Bar Date Notice, (a) ACE American Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and predecessors (collectively, the "ACE Companies"), may file a single consolidated Proof of Claim based on the insurance policies issued by any of the ACE Companies to (or providing coverage to) the Debtors (or their predecessors) and any agreements related thereto (the "ACE Proof of Claim") in the chapter 11 case of Saks Global Enterprises LLC, Case No. 26-90103 (the "Lead Case"), which shall be deemed filed by each of the ACE Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors; (b) Federal Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and successors (collectively, the "Chubb Companies"), may file a single consolidated proof of claim based on the insurance policies issued by any of the Chubb Companies to (or providing coverage to) the Debtors (or their predecessors) and any agreements related thereto (the "Chubb Proof of Claim," and, collectively with the ACE Proof of Claim, the "Consolidated Claims") in the Lead Case, which shall be deemed filed by each of the Chubb Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors; and (c) as the documents supporting the Consolidated

15

Claims are voluminous and contain confidential information, the documents supporting the Consolidated Claims are not required to be filed with, and will not be filed with, the Consolidated Claims, and a summary of the documents supporting the Consolidated Claims will be filed with the Consolidated Claims instead; provided, however, that if a request for such supporting materials is made by Debtors' counsel, the ACE Companies and/or the Chubb Companies, as applicable, shall produce the requested materials as promptly as reasonably practicable and in no event later than 30 days following such request, provided that appropriate steps are taken to ensure the confidentiality of such supporting documents, as necessary or appropriate.  Nothing contained in this paragraph shall be construed as a waiver or modification of any rights, claims or defenses, including, without limitation, the right of the ACE Companies or the Chubb Companies to (x) assert joint and several liability against some or all of the Debtors, (y) modify the Debtor(s) against which the Consolidated Claims are asserted, or (z) amend the amount or nature of the Consolidated Claims; provided, however, that the Consolidated Claims shall not be disallowed, reduced or expunged solely on the basis that the Consolidated Claims are filed (i) only in the Lead Case and only against Saks Global Enterprises LLC (instead of in the bankruptcy cases of each or any of the other Debtors), and/or (ii) only by either ACE American Insurance Company or Federal Insurance Company (instead of by each of the ACE Companies and the Chubb Companies, respectively.

25.     The provisions of this Bar Date Order apply to all claims, other than the claims explicitly exempted from the requirement to file a Proof of Claim as set forth herein, of whatever character or nature against the Debtors or their assets, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent.

26.     All Claimants who desire to rely on the Schedules with respect to filing a Proof of Claim in these chapter 11 cases shall have the sole responsibility for determining that their respective claim is accurately listed therein.

27.     The Debtors and the Claims and Noticing Agent are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

28.     Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Bar Date Order are immediately effective and enforceable upon its entry.

29.     All time periods set forth in this Bar Date Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

30.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules, the Local Rules, and the Complex Rules are satisfied by such notice.

31.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

Signed: March 12, 2026

_____
Alfredo R Pérez
United States Bankruptcy Judge

17

## Exhibit 1

**Proof of Claim Form**

**Fill in this information to identify the case:**

Debtor: <u>Saks Global Enterprises LLC</u>          Case No.: <u>26-90103</u>

Please review the list of Debtors below and select the Debtor that corresponds to your claim.

**United States Bankruptcy Court for the District of Southern Texas**

<u>Modified Form 410</u>

# Proof of Claim

04/25

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of administrative expenses arising under 11 U.S.C. §503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1:   Identify the Claim

**1. Who is the current creditor?**

_____
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor  _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes.   From whom?  _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| _____<br>Name | _____<br>Name |
| _____<br>Number        Street | _____<br>Number        Street |
| _____<br>City            State            ZIP Code | _____<br>City            State            ZIP Code |
| Contact phone  _____ | Contact phone  _____ |
| Contact email  _____ | Contact email  _____ |

Uniform claim identifier (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.   Claim number on court claims registry (if known) _____          Filed on _____
MM  /  DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes.   Who made the earlier filing?  _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

❑ No

❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$_____ . **Does this amount include interest or other charges?**

❑ No

❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

❑ No

❑ Yes.   The claim is secured by a lien on property.

**Nature of property:**

❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

❑ Motor vehicle

❑ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                         $_____

**Amount of the claim that is secured:**       $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**       $_____

**Annual Interest Rate** (when case was filed)_____%

❑ Fixed

❑ Variable

**10. Is this claim based on a lease?**

❑ No

❑ Yes. **Amount necessary to cure any default as of the date of the petition.**       $_____

**11. Is this claim subject to a right of setoff?**

❑ No

❑ Yes. Identify the property: _____

Modified Form 410                          **Proof of Claim**                                   page 2

| | | Amount entitled to priority |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ❏ No<br>❏ Yes. *Check one:* | |
| | ❏ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ❏ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ❏ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ❏ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ❏ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ❏ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ❏ No<br>❏ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within twenty (20) days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

❏   I am the creditor.

❏   I am the creditor's attorney or authorized agent.

❏   I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

❏   I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                   MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | _____ |
|---|---|
| | First name          Middle name          Last name |
| Title | _____ |
| Company | _____ |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | _____ |
| | Number          Street |
| | _____ |
| | City          State          ZIP Code |
| Contact phone | _____          Email  _____ |

Modified Form 410                                    **Proof of Claim**                                    page 3

# Debtor List

| ✓ | Debtor Name | Case Number | ✓ | Debtor Name | Case Number |
|---|---|---|---|---|---|
| | Saks Global Enterprises LLC | 26-90103 | | GHBC Shared Services, Inc. | 26-90058 |
| | NEMA Beverage Corporation | 26-90002 | | HBC Digital Holdings Inc. | 26-90059 |
| | Saks Fifth Avenue HoldCo II LLC | 26-90003 | | NMGP, LLC | 26-90060 |
| | 12 East 49th Street LLC | 26-90004 | | Street-Works Development LLC | 26-90061 |
| | NEMA Beverage Holding Corporation | 26-90005 | | GHBC City, Inc. | 26-90062 |
| | NEMA Beverage Parent Corporation | 26-90006 | | GGI Realty Services, Inc. | 26-90063 |
| | Neiman Marcus Global Technology Services Private L | 26-90007 | | Saks Manhattan (Blocker) Holdings L.P. | 26-90064 |
| | NMG Texas Salon LLC | 26-90008 | | HBC Sterling Heights LLC | 26-90065 |
| | Saks Global Investor L.P. | 26-90009 | | HBC Wilkes-Barre LLC | 26-90066 |
| | NMG Global Mobility, Inc. | 26-90010 | | NMG Salon Holdings LLC | 26-90067 |
| | Cafe Beverly Hills SFA LLC | 26-90011 | | HBC Digital LLC | 26-90068 |
| | SWD Westfield I Urban Renewal LLC | 26-90012 | | HBC Victor LLC | 26-90069 |
| | YF Greenwich LLC | 26-90013 | | Saks Fifth Avenue LLC | 26-90070 |
| | Cafe Beverly SFA Trust | 26-90014 | | LT 424 LLC | 26-90071 |
| | NM Financial Services, Inc. | 26-90015 | | HBC Sterling LLC | 26-90072 |
| | Neiman Marcus Bermuda L.P. | 26-90016 | | Merchandise Credit, LLC | 26-90073 |
| | SaksWorks Bellevue LLC | 26-90017 | | HBC Woodbridge LLC | 26-90074 |
| | SWD Westfield II Urban Renewal LLC | 26-90018 | | SCCA Store Holdings Real Property LLC | 26-90075 |
| | York Factory LLC | 26-90019 | | The Neiman Marcus Group LLC | 26-90076 |
| | NM Bermuda, LLC | 26-90020 | | Saks & Company Real Property LLC | 26-90077 |
| | HBC Steele LLC | 26-90021 | | HBC Gaithersburg LLC | 26-90078 |
| | NMG Interco LLC | 26-90022 | | SCCA Leasehold LLC | 26-90079 |
| | SWD Westfield III Urban Renewal LLC | 26-90023 | | Saks (Cayman) Manhattan Blocker Inc. | 26-90080 |
| | The Wellery MSO LLC | 26-90024 | | NMG Holding Company, Inc. | 26-90081 |
| | Saks.com International Holdings LLC | 26-90025 | | LT Propco LLC | 26-90082 |
| | Saks Fifth Avenue Real Property LLC | 26-90026 | | Saks & Company LLC | 26-90083 |
| | Bergdorf Graphics, Inc. | 26-90027 | | Black Caviar LLC | 26-90084 |
| | The Wellery LLC | 26-90028 | | NMG Intermediate LLC | 26-90085 |
| | SWD Westfield IV Urban Renewal LLC | 26-90029 | | Saks (EU) Manhattan Blocker Inc. | 26-90086 |
| | Cafe SFA-Minneapolis, LLC | 26-90030 | | LT Parent Propco LLC | 26-90087 |
| | Saks Cloud Services LLC | 26-90031 | | Nonsuch LLC | 26-90088 |
| | The Wellery Holdings LLC | 26-90032 | | NMG Parent LLC | 26-90089 |
| | SWD Westfield V Urban Renewal LLC | 26-90033 | | Saks Fifth Avenue Puerto Rico, Inc. | 26-90090 |
| | The Restaurant at Saks Fifth Avenue Corporation | 26-90034 | | HBS Leasehold LLC | 26-90091 |
| | Bergdorf Goodman LLC | 26-90035 | | Saks Global Investments Inc. | 26-90092 |
| | SW International Holdings LLC | 26-90036 | | Creative Design Studios, LLC | 26-90093 |
| | Saks.com LLC | 26-90037 | | HG Property Holdings LLC | 26-90094 |
| | SWD Westfield VI Urban Renewal LLC | 26-90038 | | HBC Garden City Leasehold LLC | 26-90095 |
| | NMG Florida Salon LLC | 26-90039 | | SGUS LLC | 26-90096 |
| | Sixth Floor Restaurant at SFA LLC | 26-90040 | | Saks Fifth Avenue HoldCo LLC | 26-90097 |
| | Saks Direct, LLC | 26-90041 | | GHBC Groupe Holdings, Inc. | 26-90098 |
| | SWD Westfield VII Urban Renewal LLC | 26-90042 | | HBC US Propco Holdings LLC | 26-90099 |
| | Saks.com Midco Partner Inc. | 26-90043 | | SFA Holdings Inc. | 26-90100 |
| | NMG Salons LLC | 26-90044 | | Mercury Aggregator LP | 26-90101 |
| | Fifth Floor Restaurant at SFA LLC | 26-90045 | | HBC I L.P. | 26-90102 |
| | NMG California Salon LLC | 26-90046 | | HBC IV L.P. | 26-90104 |
| | SWD Westfield VIII Urban Renewal LLC | 26-90047 | | Saks Fifth Avenue Holdings Inc. | 26-90105 |
| | Saks.com Holdings LLC | 26-90048 | | HBC GP LLC | 26-90106 |
| | Club Libby Lu, Inc. | 26-90049 | | Mercury Aggregator Holdco LLC | 26-90107 |
| | NMG Term Loan PropCo LLC | 26-90050 | | Saks Global Holdings LLC | 26-90108 |
| | SW Westfield LLC | 26-90051 | | HBSFA Holdings Ltd. | 26-90109 |
| | GHBC Groupe, Inc. | 26-90052 | | HBC GP IV LLC | 26-90110 |
| | Saks Partner Inc. | 26-90053 | | Saks OFF 5TH Holdings LLC | 26-90111 |
| | Saks Richmond Real Property LLC | 26-90054 | | Saks OFF 5TH Midco Partner Inc. | 26-90112 |
| | NMG Notes PropCo LLC | 26-90055 | | Saks OFF 5TH LLC | 26-90113 |
| | SW Beverly Hills LLC | 26-90056 | | Luxury Outlets, USA LLC | 26-90114 |
| | Saks Columbus Real Property LLC | 26-90057 | | | |

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                   12/24

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.** 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to https://cases.stretto.com/Saks

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured  claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Exhibit 2**

**Proposed Form of Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| SAKS GLOBAL ENTERPRISES LLC, *et al.*,[1] | Case No. 26-90103 (ARP) |
| Debtors. | (Jointly Administered) |

**NOTICE OF DEADLINES FOR THE
FILING OF PROOFS OF CLAIM, INCLUDING REQUESTS
FOR PAYMENT UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**TO:     ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY
OF THE FOLLOWING DEBTOR ENTITIES:**

| Global Debtor | Case No. |
|---|---|
| NEMA BEVERAGE CORPORATION | 26-90002 |
| SAKS FIFTH AVENUE HOLDCO II LLC | 26-90003 |
| 12 EAST 49TH STREET LLC | 26-90004 |
| NEMA BEVERAGE HOLDING CORPORATION | 26-90005 |
| NEMA BEVERAGE PARENT CORPORATION | 26-90006 |
| NEIMAN MARCUS GLOBAL TECHNOLOGY SERVICES PRIVATE LIMITED | 26-90007 |
| NMG TEXAS SALON LLC | 26-90008 |
| SAKS GLOBAL INVESTOR L.P. | 26-90009 |
| NMG GLOBAL MOBILITY, INC. | 26-90010 |
| CAFE BEVERLY HILLS SFA LLC | 26-90011 |
| SWD WESTFIELD I URBAN RENEWAL LLC | 26-90012 |
| YF GREENWICH LLC | 26-90013 |

---

1    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Saks.  The location of Debtor Saks Global Enterprises LLC's corporate headquarters and the Debtors' service address in these chapter 11 cases is 225 Liberty Street, 31st Floor, New York, NY 10281.  Bradley Arant Boult Cummings LLP is counsel for the following Debtors: Saks OFF 5TH Holdings LLC, Saks OFF 5TH LLC, Saks OFF 5TH Midco Partner Inc., and Luxury Outlets USA, LLC (collectively, the "SO5 Digital Debtors").  Haynes and Boone, LLP and Willkie Farr & Gallagher LLP are counsel for the remaining Debtors (collectively, the "Global Debtors").

| | |
|---|---|
| CAFE BEVERLY SFA TRUST | 26-90014 |
| NM FINANCIAL SERVICES, INC. | 26-90015 |
| NEIMAN MARCUS BERMUDA L.P. | 26-90016 |
| SAKSWORKS BELLEVUE LLC | 26-90017 |
| SWD WESTFIELD II URBAN RENEWAL LLC | 26-90018 |
| YORK FACTORY LLC | 26-90019 |
| NM BERMUDA, LLC | 26-90020 |
| HBC STEELE LLC | 26-90021 |
| NMG INTERCO LLC | 26-90022 |
| SWD WESTFIELD III URBAN RENEWAL LLC | 26-90023 |
| THE WELLERY MSO LLC | 26-90024 |
| SAKS.COM INTERNATIONAL HOLDINGS LLC | 26-90025 |
| SAKS FIFTH AVENUE REAL PROPERTY LLC | 26-90026 |
| BERGDORF GRAPHICS, INC. | 26-90027 |
| THE WELLERY LLC | 26-90028 |
| SWD WESTFIELD IV URBAN RENEWAL LLC | 26-90029 |
| CAFÉ SFA-MINNEAPOLIS, LLC | 26-90030 |
| SAKS CLOUD SERVICES LLC | 26-90031 |
| THE WELLERY HOLDINGS LLC | 26-90032 |
| SWD WESTFIELD V URBAN RENEWAL LLC | 26-90033 |
| THE RESTAURANT AT SAKS FIFTH AVENUE CORPORATION | 26-90034 |
| BERGDORF GOODMAN LLC | 26-90035 |
| SW INTERNATIONAL HOLDINGS LLC | 26-90036 |
| SAKS.COM LLC | 26-90037 |
| SWD WESTFIELD VI URBAN RENEWAL LLC | 26-90038 |
| NMG FLORIDA SALON LLC | 26-90039 |
| SIXTH FLOOR RESTAURANT AT SFA LLC | 26-90040 |
| SAKS DIRECT, LLC | 26-90041 |
| SWD WESTFIELD VII URBAN RENEWAL LLC | 26-90042 |
| SAKS.COM MIDCO PARTNER INC. | 26-90043 |
| NMG SALONS LLC | 26-90044 |
| FIFTH FLOOR RESTAURANT AT SFA LLC | 26-90045 |

2

| | |
|---|---|
| NMG CALIFORNIA SALON LLC | 26-90046 |
| SWD WESTFIELD VIII URBAN RENEWAL LLC | 26-90047 |
| SAKS.COM HOLDINGS LLC | 26-90048 |
| CLUB LIBBY LU, INC. | 26-90049 |
| NMG TERM LOAN PROPCO LLC | 26-90050 |
| SW WESTFIELD LLC | 26-90051 |
| GHBC GROUPE, INC. | 26-90052 |
| SAKS PARTNER INC. | 26-90053 |
| SAKS RICHMOND REAL PROPERTY LLC | 26-90054 |
| NMG NOTES PROPCO LLC | 26-90055 |
| SW BEVERLY HILLS LLC | 26-90056 |
| SAKS COLUMBUS REAL PROPERTY LLC | 26-90057 |
| GHBC SHARED SERVICES, INC. | 26-90058 |
| HBC DIGITAL HOLDINGS INC. | 26-90059 |
| NMGP, LLC | 26-90060 |
| STREET-WORKS DEVELOPMENT LLC | 26-90061 |
| GHBC CITY, INC. | 26-90062 |
| GGI REALTY SERVICES, INC. | 26-90063 |
| SAKS MANHATTAN (BLOCKER) HOLDINGS L.P. | 26-90064 |
| HBC STERLING HEIGHTS LLC | 26-90065 |
| HBC WILKES-BARRE LLC | 26-90066 |
| NMG SALON HOLDINGS LLC | 26-90067 |
| HBC DIGITAL LLC | 26-90068 |
| HBC VICTOR LLC | 26-90069 |
| SAKS FIFTH AVENUE LLC | 26-90070 |
| LT 424 LLC | 26-90071 |
| HBC STERLING LLC | 26-90072 |
| MERCHANDISE CREDIT, LLC | 26-90073 |
| HBC WOODBRIDGE LLC | 26-90074 |
| SCCA STORE HOLDINGS REAL PROPERTY LLC | 26-90075 |
| THE NEIMAN MARCUS GROUP LLC | 26-90076 |
| SAKS & COMPANY REAL PROPERTY LLC | 26-90077 |

| | |
|---|---|
| HBC GAITHERSBURG LLC | 26-90078 |
| SCCA LEASEHOLD LLC | 26-90079 |
| SAKS (CAYMAN) MANHATTAN BLOCKER INC. | 26-90080 |
| NMG HOLDING COMPANY, INC. | 26-90081 |
| LT PROPCO LLC | 26-90082 |
| SAKS & COMPANY LLC | 26-90083 |
| BLACK CAVIAR LLC | 26-90084 |
| NMG INTERMEDIATE LLC | 26-90085 |
| SAKS (EU) MANHATTAN BLOCKER INC. | 26-90086 |
| LT PARENT PROPCO LLC | 26-90087 |
| NONSUCH LLC | 26-90088 |
| NMG PARENT LLC | 26-90089 |
| SAKS FIFTH AVENUE PUERTO RICO, INC. | 26-90090 |
| HBS LEASEHOLD LLC | 26-90091 |
| SAKS GLOBAL INVESTMENTS INC. | 26-90092 |
| CREATIVE DESIGN STUDIOS, LLC | 26-90093 |
| HG PROPERTY HOLDINGS LLC | 26-90094 |
| HBC GARDEN CITY LEASEHOLD LLC | 26-90095 |
| SGUS LLC | 26-90096 |
| SAKS FIFTH AVENUE HOLDCO, LLC | 26-90097 |
| GHBC GROUPE HOLDINGS, INC. | 26-90098 |
| HBC US PROPCO HOLDINGS LLC | 26-90099 |
| SFA HOLDINGS INC. | 26-90100 |
| MERCURY AGGREGATOR LP | 26-90101 |
| HBC I L.P. | 26-90102 |
| SAKS GLOBAL ENTERPRISES LLC | 26-90103 |
| HBC IV L.P. | 26-90104 |
| SAKS FIFTH AVENUE HOLDINGS INC. | 26-90105 |
| HBC GP LLC | 26-90106 |
| MERCURY AGGREGATOR HOLDCO LLC | 26-90107 |
| SAKS GLOBAL HOLDINGS LLC | 26-90108 |
| HBSFA HOLDINGS LTD. | 26-90109 |

| HBC GP IV LLC | 26-90110 |
|---|---|

| SO5 Digital Debtor | Case No. |
|---|---|
| SAKS OFF 5TH HOLDINGS LLC | 26-90111 |
| SAKS OFF 5TH MIDCO PARTNER INC. | 26-90112 |
| SAKS OFF 5TH LLC | 26-90113 |
| LUXURY OUTLETS USA, LLC | 26-90114 |

**PLEASE TAKE NOTICE THAT:**

On January 13, 2026 (the "Petition Date") and January 14, 2026, Saks Global Enterprises LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").[2]

On [●], 2026, the Court entered an order [D.I. [●]] the ("Bar Date Order") establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("Proofs of Claim").

For your convenience, enclosed with this notice (this "Notice") is a Proof of Claim form.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas.  In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code:   (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

---

2   Capitalized terms used but not otherwise defined herein have the meanings given to them in the Bar Date Order.

I.      **THE BAR DATES.**

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these Chapter 11 Cases (collectively, the "Bar Dates").

a.      ***The Claims Bar Date***.  Pursuant to the Bar Date Order, except as described below, all entities (except governmental units) holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are **required** to file Proofs of Claim by **April 13, 2026, at 11:59 p.m., prevailing Central Time**.  Except as expressly set forth in this Notice and the Bar Date Order, the Claims Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

b.      ***The Governmental Bar Date***.  Pursuant to the Bar Date Order, all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are **required** to file Proofs of Claim by **July 13, 2026, at 11:59 p.m., prevailing Central Time**.  The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

c.      ***The Rejection Damages Bar Date***.  Pursuant to the Bar Date Order, all entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are **required** to file Proofs of Claim by the Rejection Damages Bar Date, (i.e., by the date that is the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 11:59 p.m., prevailing Central Time, on the date that is 30 days following the later of (i) entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease or (ii) the effective date of a rejection of the applicable executory contract or unexpired lease of the Debtors pursuant to operation of any Court order (the "Rejection Damages Bar Date").

d.      ***Amended Schedules Bar Date***.   Pursuant to the Bar Date Order, all entities holding claims affected by the amendment to the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules") are **required** to file Proofs of Claim by the Amended Schedules Bar Date (i.e., by the date that is the later of (i) the Claims Bar Date or the Governmental Bar Date, as applicable, and (ii) 11:59 p.m., prevailing Central Time, on the date that is 30 days from the date on which the Debtors mail notice of the amendment to the Schedules).

II.     **PARTIES WHO MUST FILE A PROOF OF CLAIM.**

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the Petition Date must file Proofs of

6

Claim on or before the Claims Bar Date, the Governmental Bar Date, or any other applicable Bar Date set forth in the Bar Date Order, as applicable:

a. any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these Chapter 11 Cases or share in any distribution in any of these Chapter 11 Cases;

b. any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c. any former or present full-time, part-time, salaried, or hourly employees (or any labor union representing such employees) whose claims relates to any grievance, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, and/or unpaid severance, to the extent grounds for such grievances arose on or prior to the Petition Date; provided that current employees (and any labor union representing such employees) of the Debtors as of the Petition Date are not required to file a Proof of Claim for wages, commissions, benefits, or severance if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business;

d. any entity that believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

e. any entity that believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.   PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM.

Certain parties are not required to file Proofs of Claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.   The following entities holding claims that would otherwise be subject to the Bar Dates, in the capacities described below, need **not** file Proofs of Claim:

a. the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b. any entity that already has filed a signed Proof of Claim against the applicable Debtor with the Claims and Noticing Agent in a form substantially similar to Official Form 410 with respect to the claim asserted therein;

c. any entity whose claim is listed on the Schedules if:  (i) the claim is not scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

7

d.   any entity whose claim has previously been allowed by a final order of the Court entered on or before the applicable Bar Date;

e.   any Debtor or non-Debtor affiliate having a claim against another Debtor, provided that any non-Debtor affiliate that is not directly or indirectly controlled by a Debtor shall be required to file a Proof of Claim, or unless otherwise set forth in the Bar Date Order;

f.   any entity whose claim is solely against any non-Debtor affiliate;

g.   any entity whose claim has been paid by the Debtors pursuant to an order of the Court;

h.   any entity whose claim against a Global Debtor arises under a concession and/or consignment agreement with a Global Debtor if such concession and/or consignment agreement with a Global Debtor was subsequently amended following the Petition Date, absent a further order of the Court;

i.   a current employee of the Debtors (and any labor union representing such employee) as of the Petition Date, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; provided that a current employee (and any labor union representing such employee) must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

j.   any officer, manager, director, or employee (and any labor union representing such employee) for claims based on indemnification, contribution, or reimbursement who held such position as of the date of the Bar Date Order; provided that any officer, manager, director, or employee of the Debtors as of the date of the Bar Date Order that resigns or otherwise leaves the employment of the Debtors following entry of the Bar Date Order must file a proof of claim by the later of (i) the General Bar Date or (ii) thirty (30) days following the resignation or termination of employment of such person;

k.   any entity holding a claim for which a separate deadline is fixed by an order of the Court or such entity is exempted from filing a Proof of Claims by an order of the Court;

l.   any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, provided that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date;

m.   any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases, including the Global Debtors' DIP Order and the SO5 Digital Debtors' Cash Collateral Order, and any final Global Debtors' DIP Order or SO5 Digital Debtors' Cash Collateral Order entered by the Court;

8

n.    any holder of a claim for any fees, expenses, or other obligations arising or payable under any order of the Court, including the Global Debtors' DIP Order and/or SO5 Digital Debtors' Cash Collateral Order;

o.    any entity holding claims arising under an executory contract or unexpired lease that is assumed or assumed and assigned by the Debtors; and

p.    any entity holding an equity interest in any Debtor.

## IV.    INSTRUCTIONS FOR FILING PROOFS OF CLAIM.

The Debtors are enclosing a Proof of Claim form for use in this case. You may utilize the Proof of Claim Form(s) provided by the Debtors to submit your Claim.

Your Proof of Claim Form must **NOT** contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.    *Contents*.  Each Proof of Claim must:  (i) be written in legible English; (ii) include a claim amount denominated in United States dollars, using, if applicable, the exchange rate as of 4:00 p.m., prevailing Central Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is in ink.

b.    *Section 503(b)(9) Claim*.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.    *Electronic Signatures Permitted*.   Only original Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

d.    *Identification of the Debtor Entity*.  Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (No. 26-90103 (ARP)), or otherwise without identifying a specific Debtor, will be deemed as filed only against Debtor Saks Global Enterprises LLC.

9

e.   ***Claim Against Multiple Debtor Entities***.[3]  Each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted, except as otherwise stated in the Bar Date Order.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Debtor Saks Global Enterprises LLC.

f.   ***Supporting Documentation in Order to Have* Prima Facie *Validity*.**  In order to have prima facie validity, each claim of a type specified in Bankruptcy Rules 3001(c) and 3001(d) must include supporting documentation.  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; provided that (i) the Proof of Claim contains current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such party must produce the supporting documentation to the Debtors' counsel upon written request (with email being sufficient) no later than 14 days from the date of such request or as otherwise agreed to in writing (with email being sufficient) between the parties.

g.   ***Timely Service***.  Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through PACER (Public Access to Court Electronic Records at https://ecf.txsb.uscourts.gov/), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://cases.stretto.com/saks, or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be actually received by the Claims and Noticing Agent on or before the Claims Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following address:

**If by First-Class Mail, Overnight Mail, or Hand Delivery:**

Saks Global Enterprises LLC, et al., Claims Processing
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC
MAIL WILL <u>NOT</u> BE ACCEPTED**

h.   ***Receipt of Service***.  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proof of Claim was received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

---

[3]   For the avoidance of doubt, all Global Debtors' rights, claims, defenses and causes of action that the Global Debtors may have to object to a claim on the basis it is the obligation of the SO5 Digital Debtors is preserved.

10

## V.        CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

a.        YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

b.        THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM IF A CHAPTER 11 PLAN IS APPROVED AND THERE IS NO PROOF OF CLAIM FILED;

c.        YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

d.        YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR ANY OF THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.       RESERVATION OF RIGHTS.

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to:  (i) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (ii) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (iii) otherwise amend or supplement the Schedules.

## VII.      THE DEBTORS' SCHEDULES AND ACCESS THERETO.

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules.  If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need **not** file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## VIII.     ADDITIONAL INFORMATION.

Pursuant to the Bar Date Order, each person or entity that files a Proof of Claim shall be deemed to have voluntarily submitted themselves to the jurisdiction of the Court, regardless of whether such person or entity submitted such Proof of Claim on the Proof of Claim Form or Official Form 410.

11

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these Chapter 11 Cases are available for inspection free of charge on the website maintained by the Debtors' Claims and Noticing Agent on the Claims and Noticing Agent's website at https://cases.stretto.com/saks. The Schedules and other filings in these Chapter 11 Cases also are available for a fee at the Court's website at http://www.txs.uscourts.gov/bankruptcy. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 4:00 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.

If you require additional information regarding the filing of a Proof of Claim, you may contact the Debtors' restructuring hotline at: 833-232-5246 (domestic, toll free) or +1 949-373-7589 (international).

> **A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

**Exhibit 3**

**Proposed Form of Publication Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>SAKS GLOBAL ENTERPRISES LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-90103 (ARP)<br><br>(Jointly Administered) |

### NOTICE OF DEADLINES FOR THE FILING OF
### PROOFS OF CLAIM, INCLUDING REQUESTS FOR
### PAYMENTS UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE

> **THE CLAIMS BAR DATE IS APRIL 13, 2026, AT 11:59 P.M., PREVAILING CENTRAL TIME**
>
> **THE GOVERNMENTAL CLAIMS BAR DATE IS JULY 13, 2026, AT 11:59 P.M., PREVAILING CENTRAL TIME**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

***Deadlines for Filing Proofs of Claim***.  On **[●]**, 2026, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [D.I. [●]] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code (collectively, "Proofs of Claim"), in the chapter 11 cases of the following debtors and debtors in possession (collectively, the "Debtors"):

| Global Debtor | Case No. |
|---|---|
| NEMA BEVERAGE CORPORATION | 26-90002 |
| SAKS FIFTH AVENUE HOLDCO II LLC | 26-90003 |
| 12 EAST 49TH STREET LLC | 26-90004 |
| NEMA BEVERAGE HOLDING CORPORATION | 26-90005 |

---

1   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Saks.  The location of Debtor Saks Global Enterprises LLC's corporate headquarters and the Debtors' service address in these chapter 11 cases is 225 Liberty Street, 31st Floor, New York, NY 10281.  Bradley Arant Boult Cummings LLP is counsel for the following Debtors: Saks OFF 5TH Holdings LLC, Saks OFF 5TH LLC, Saks OFF 5TH Midco Partner Inc., and Luxury Outlets USA, LLC (collectively, the "SO5 Digital Debtors").  Haynes and Boone, LLP and Willkie Farr & Gallagher LLP are counsel for the remaining Debtors (collectively, the "Global Debtors").

| | |
|---|---|
| NEMA BEVERAGE PARENT CORPORATION | 26-90006 |
| NEIMAN MARCUS GLOBAL TECHNOLOGY SERVICES PRIVATE LIMITED | 26-90007 |
| NMG TEXAS SALON LLC | 26-90008 |
| SAKS GLOBAL INVESTOR L.P. | 26-90009 |
| NMG GLOBAL MOBILITY, INC. | 26-90010 |
| CAFE BEVERLY HILLS SFA LLC | 26-90011 |
| SWD WESTFIELD I URBAN RENEWAL LLC | 26-90012 |
| YF GREENWICH LLC | 26-90013 |
| CAFE BEVERLY SFA TRUST | 26-90014 |
| NM FINANCIAL SERVICES, INC. | 26-90015 |
| NEIMAN MARCUS BERMUDA L.P. | 26-90016 |
| SAKSWORKS BELLEVUE LLC | 26-90017 |
| SWD WESTFIELD II URBAN RENEWAL LLC | 26-90018 |
| YORK FACTORY LLC | 26-90019 |
| NM BERMUDA, LLC | 26-90020 |
| HBC STEELE LLC | 26-90021 |
| NMG INTERCO LLC | 26-90022 |
| SWD WESTFIELD III URBAN RENEWAL LLC | 26-90023 |
| THE WELLERY MSO LLC | 26-90024 |
| SAKS.COM INTERNATIONAL HOLDINGS LLC | 26-90025 |
| SAKS FIFTH AVENUE REAL PROPERTY LLC | 26-90026 |
| BERGDORF GRAPHICS, INC. | 26-90027 |
| THE WELLERY LLC | 26-90028 |
| SWD WESTFIELD IV URBAN RENEWAL LLC | 26-90029 |
| CAFÉ SFA-MINNEAPOLIS, LLC | 26-90030 |
| SAKS CLOUD SERVICES LLC | 26-90031 |
| THE WELLERY HOLDINGS LLC | 26-90032 |
| SWD WESTFIELD V URBAN RENEWAL LLC | 26-90033 |
| THE RESTAURANT AT SAKS FIFTH AVENUE CORPORATION | 26-90034 |
| BERGDORF GOODMAN LLC | 26-90035 |
| SW INTERNATIONAL HOLDINGS LLC | 26-90036 |

2

| | |
|---|---|
| SAKS.COM LLC | 26-90037 |
| SWD WESTFIELD VI URBAN RENEWAL LLC | 26-90038 |
| NMG FLORIDA SALON LLC | 26-90039 |
| SIXTH FLOOR RESTAURANT AT SFA LLC | 26-90040 |
| SAKS DIRECT, LLC | 26-90041 |
| SWD WESTFIELD VII URBAN RENEWAL LLC | 26-90042 |
| SAKS.COM MIDCO PARTNER INC. | 26-90043 |
| NMG SALONS LLC | 26-90044 |
| FIFTH FLOOR RESTAURANT AT SFA LLC | 26-90045 |
| NMG CALIFORNIA SALON LLC | 26-90046 |
| SWD WESTFIELD VIII URBAN RENEWAL LLC | 26-90047 |
| SAKS.COM HOLDINGS LLC | 26-90048 |
| CLUB LIBBY LU, INC. | 26-90049 |
| NMG TERM LOAN PROPCO LLC | 26-90050 |
| SW WESTFIELD LLC | 26-90051 |
| GHBC GROUPE, INC. | 26-90052 |
| SAKS PARTNER INC. | 26-90053 |
| SAKS RICHMOND REAL PROPERTY LLC | 26-90054 |
| NMG NOTES PROPCO LLC | 26-90055 |
| SW BEVERLY HILLS LLC | 26-90056 |
| SAKS COLUMBUS REAL PROPERTY LLC | 26-90057 |
| GHBC SHARED SERVICES, INC. | 26-90058 |
| HBC DIGITAL HOLDINGS INC. | 26-90059 |
| NMGP, LLC | 26-90060 |
| STREET-WORKS DEVELOPMENT LLC | 26-90061 |
| GHBC CITY, INC. | 26-90062 |
| GGI REALTY SERVICES, INC. | 26-90063 |
| SAKS MANHATTAN (BLOCKER) HOLDINGS L.P. | 26-90064 |
| HBC STERLING HEIGHTS LLC | 26-90065 |
| HBC WILKES-BARRE LLC | 26-90066 |
| NMG SALON HOLDINGS LLC | 26-90067 |
| HBC DIGITAL LLC | 26-90068 |

| | |
|---|---|
| HBC VICTOR LLC | 26-90069 |
| SAKS FIFTH AVENUE LLC | 26-90070 |
| LT 424 LLC | 26-90071 |
| HBC STERLING LLC | 26-90072 |
| MERCHANDISE CREDIT, LLC | 26-90073 |
| HBC WOODBRIDGE LLC | 26-90074 |
| SCCA STORE HOLDINGS REAL PROPERTY LLC | 26-90075 |
| THE NEIMAN MARCUS GROUP LLC | 26-90076 |
| SAKS & COMPANY REAL PROPERTY LLC | 26-90077 |
| HBC GAITHERSBURG LLC | 26-90078 |
| SCCA LEASEHOLD LLC | 26-90079 |
| SAKS (CAYMAN) MANHATTAN BLOCKER INC. | 26-90080 |
| NMG HOLDING COMPANY, INC. | 26-90081 |
| LT PROPCO LLC | 26-90082 |
| SAKS & COMPANY LLC | 26-90083 |
| BLACK CAVIAR LLC | 26-90084 |
| NMG INTERMEDIATE LLC | 26-90085 |
| SAKS (EU) MANHATTAN BLOCKER INC. | 26-90086 |
| LT PARENT PROPCO LLC | 26-90087 |
| NONSUCH LLC | 26-90088 |
| NMG PARENT LLC | 26-90089 |
| SAKS FIFTH AVENUE PUERTO RICO, INC. | 26-90090 |
| HBS LEASEHOLD LLC | 26-90091 |
| SAKS GLOBAL INVESTMENTS INC. | 26-90092 |
| CREATIVE DESIGN STUDIOS, LLC | 26-90093 |
| HG PROPERTY HOLDINGS LLC | 26-90094 |
| HBC GARDEN CITY LEASEHOLD LLC | 26-90095 |
| SGUS LLC | 26-90096 |
| SAKS FIFTH AVENUE HOLDCO, LLC | 26-90097 |
| GHBC GROUPE HOLDINGS, INC. | 26-90098 |
| HBC US PROPCO HOLDINGS LLC | 26-90099 |
| SFA HOLDINGS INC. | 26-90100 |

| MERCURY AGGREGATOR LP | 26-90101 |
|---|---|
| HBC I L.P. | 26-90102 |
| SAKS GLOBAL ENTERPRISES LLC | 26-90103 |
| HBC IV L.P. | 26-90104 |
| SAKS FIFTH AVENUE HOLDINGS INC. | 26-90105 |
| HBC GP LLC | 26-90106 |
| MERCURY AGGREGATOR HOLDCO LLC | 26-90107 |
| SAKS GLOBAL HOLDINGS LLC | 26-90108 |
| HBSFA HOLDINGS LTD. | 26-90109 |
| HBC GP IV LLC | 26-90110 |

| SO5 Digital Debtor | Case No. |
|---|---|
| SAKS OFF 5TH HOLDINGS LLC | 26-90111 |
| SAKS OFF 5TH MIDCO PARTNER INC. | 26-90112 |
| SAKS OFF 5TH LLC | 26-90113 |
| LUXURY OUTLETS USA, LLC | 26-90114 |

*The Bar Dates*.  Pursuant to the Bar Date Order, **all** entities (except governmental units and entities that/who are exempt from filing Proof(s) of Claim or complying with the applicable Bar Dates (as defined below)), including individuals, partnerships, estates, and trusts that have a claim or potential claim against the Debtors that arose prior to January 13, 2026, no matter how remote or contingent such right to payment or equitable remedy may be, **including** requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM on or before **April 13, 2026, at 11:59 p.m., prevailing Central Time (the "Claims Bar Date")**. Governmental entities that have a claim or potential claim against the Debtors that arose prior to January 13, 2026, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before **July 13, 2026, at 11:59 p.m., prevailing Central Time (the "Governmental Bar Date")**.  All entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are required to file Proofs of Claim by the date that is **the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 11:59 p.m., prevailing Central Time, on the date that is 30 days following the later of (i) entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease or (ii) the effective date of a rejection of the applicable executory contract or unexpired lease of the Debtors pursuant to operation of any Court order (the "Rejection Damages Bar Date")**.  For the avoidance of doubt, counterparties to executory contracts or unexpired leases of non-residential real property shall not be required to file prepetition general unsecured claims against the Debtors unless and until the applicable contract or lease is rejected by the Debtors. For the avoidance of doubt and as applicable, such counterparties must file any claim under section 503(b)(9) of the Bankruptcy Code by the Claims Bar Date. All entities holding claims affected by an amendment to the Debtors' schedules of assets

and liabilities filed in these cases (the "Schedules") are required to file Proofs of Claim by the date that is **later of (i) the Claims Bar Date or the Governmental Bar Date, as applicable, and (ii) 11:59 p.m., prevailing Central Time, on the date that is 30 days from the date on which the Debtors mail notice of the amendment to the Schedules (the "Amended Schedules Bar Date")**.

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE ON OR BEFORE THE CLAIMS BAR DATE OR THE GOVERNMENTAL BAR DATE, AS APPLICABLE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

In addition, pursuant to the Bar Date Order, each person or entity that files a Proof of Claim shall be deemed to have voluntarily submitted themselves to the jurisdiction of the Court, regardless of whether such person or entity submitted such Proof of Claim on the Proof of Claim Form or Official Form 410.

*Filing a Proof of Claim*. Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the website maintained by the Debtors' Claims and Noticing Agent at https://cases.stretto.com/saks, or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be **actually received** by the Claims and Noticing Agent on or before the Claims Bar Date or the Governmental Bar Date, or any other applicable Bar Date, as applicable at the following address:

**If by First-Class Mail, Overnight Mail, or Hand Delivery:**

Saks Global Enterprises LLC, et al., Claims Processing
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR**

**ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED**

*Contents of Proofs of Claim*. Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) clearly identify the Debtor against which the claim is asserted; (iv) conform substantially with the Proof of Claim form provided by the Debtors or Official Form 410; (v) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is in ink; and (vi) include as attachments any and all supporting documentation on which the claim is based. **Please note** that each Proof of Claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted, except as otherwise stated in the Bar Date Order. To the extent more than one Debtor is listed on the Proof of Claim, a Proof of Claim is treated as if filed only against Saks Global

6

Enterprises LLC, or if a Proof of Claim is otherwise filed without identifying a specific Debtor, the Proof of Claim may be deemed as filed only against Debtor Saks Global Enterprises LLC.

*Electronic Signatures Permitted*.  Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.   Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.  Unless otherwise ordered by the Court, any original document containing the original signature of any party other than the party that files the Proof of Claim shall be retained by the filing party for a period of not less than five years after the Debtors' cases are closed and, upon request, such original document must be provided to the Court or other parties for review, pursuant to the *Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts*.

*Section 503(b)(9) Requests for Payment*.  Any Proof of Claim that asserts a right to payment arising under section 503(b)(9) of the Bankruptcy Code must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

*Additional Information*.  If you have any questions regarding the claims process or you wish to obtain a copy of the Bar Date Notice, a proof of claim form or related documents you may do so by:  (i) calling the Debtors' restructuring hotline at 833-232-5246 (domestic, toll free) or +1 949-373-7589 (international);  or (ii) visiting the Debtors' restructuring website at: https://cases.stretto.com/saks.