**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SAKS GLOBAL ENTERPRISES LLC, *et al.* | ) | Case No. 26-90103 (ARP) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

<u>**SCHEDULES OF ASSETS AND LIABILITIES
OF CAFE BEVERLY SFA TRUST (CASE NO. 26-90014)**</u>

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| SAKS GLOBAL ENTERPRISES LLC, *et al.*,[1] | Case No. 26-90103 (ARP) |
| Debtors. | (Jointly Administered) |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY,
AND DISCLAIMERS REGARDING THE GLOBAL DEBTORS' SCHEDULES
OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**General**

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by the Global Debtors, as debtors and debtors in possession in the above-captioned cases pending in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), were prepared, pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure, by management of the Global Debtors, with the assistance of the Global Debtors' advisors.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Global Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements of the Global Debtors, and should be referred to and considered in connection with any review of the Schedules and Statements.[2]

The Schedules and Statements have been signed by Mr. Mark Weinsten, Chief Restructuring Officer of the Global Debtors and authorized agent at each of the Global Debtors.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Saks. The location of Debtor Saks Global Enterprises LLC's corporate headquarters and the Debtors' service address in these chapter 11 cases is 225 Liberty Street, 31st Floor, New York, NY 10281. Bradley Arant Boult Cummings LLP is proposed counsel for the following Debtors: Saks OFF 5TH Holdings LLC, Saks OFF 5TH LLC, Saks OFF 5TH Midco Partner Inc., and Luxury Outlets USA, LLC (collectively, the "SO5 Digital Debtors"). Haynes and Boone, LLP and Willkie Farr & Gallagher LLP are proposed counsel for the remaining Debtors (collectively, the "Global Debtors").

[2] These Global Notes supplement and are in addition to any specific notes contained in each Global Debtor's Schedules or Statements. The fact that the Global Debtors have prepared a Global Note with respect to any of the individual Global Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Global Debtors to exclude the applicability of such Global Note to any of the Global Debtors' other Schedules and Statements, as appropriate.

Accordingly, in reviewing and signing the Schedules and Statements, Mr. Weinsten necessarily relied upon the efforts, statements, and representations of the Global Debtors' other personnel and professionals.  Mr. Weinsten has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses.

In preparing the Schedules and Statements, the Global Debtors relied on financial data derived from their books and records that was available at the time of such preparation.  Although the Global Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements.  As a result, inadvertent errors or omissions may exist. Accordingly, the Global Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements.  In no event shall the Global Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Global Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Global Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

For the avoidance of doubt, the Global Debtors reserve all of their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate, but the Global Debtors and their agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law or order of the Bankruptcy Court.

### **Global Notes and Overview of Methodology**

1. **Description of the Cases**.  On January 13, 2026 (the "Petition Date") and January 14, 2026, the Debtors[3] filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Bankruptcy Court. These Chapter 11 Cases are being jointly administered under Case No. 26-90103 (ARP).  The Debtors are operating their businesses and managing their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On January 14, 2026, the Court entered an order [Docket No. 46] authorizing procedural consolidation and joint administration of these Chapter 11 Cases. On January 27, 2026, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 480]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements. The asset information provided herein, except as otherwise noted, represents the asset data of the Global Debtors as of

---

[3]   For the avoidance of doubt, "Debtors" means, collectively, the Global Debtors and the SO5 Digital Debtors.

January 3, 2026, the date of the Global Debtors' month end closure to their balance sheet, and the liability data of the Global Debtors as of the close of business on the Petition Date.

2.    **Interpretation; Global Notes Control**.   Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.   In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

3.    **Reservations and Limitations**.   Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist.   The Global Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.   Nothing contained in the Schedules and Statements is intended to be, nor should it be construed as, a waiver of any of the Global Debtors' rights or an admission of any kind with respect to these Chapter 11 Cases, including, but not limited to, any rights or claims of the Global Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers.   Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

(a)    **No Admission**.   Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the validity of any claim against the Global Debtors, any assertion made therein or herein, or a waiver of the Global Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

(b)    **Recharacterization**.   The Global Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements.   However, in the event the Global Debtors improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Global Debtors' business, the Global Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

(c)    **Classifications**.   Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Global Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Global Debtors' rights to recharacterize or reclassify such claim or contract.

3

(d)    **Claims Description**.  Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Global Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed."  The Global Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed."  Moreover, the Global Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate.  Listing a claim does not constitute an admission of liability by the Global Debtors.

(e)    **Estimates and Assumptions**.  To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of assets and liabilities.  Actual results could differ from such estimates.  The Global Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in estimates or assumptions.

(f)    **Causes of Action**.  Despite their reasonable efforts to identify all known assets, the Global Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The Global Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, recoupment, claim (including, but not limited to, claims on contracts or for breaches of duties imposed by law or in equity), demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

(g)    **Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition,

or other transaction. The Global Debtors have made every effort to attribute intellectual property to the rightful Global Debtor owner; however, in some instances, intellectual property owned by one Global Debtor may, in fact, be owned by another. Accordingly, the Global Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

(h)     **Insiders**.   For purposes of the Schedules and Statements, the Global Debtors included information with respect to a range of individuals the Global Debtors believe are included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Certain of these individuals no longer serve in such capacities.

The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Persons listed as "insiders" have been included for informational purposes only. The Global Debtors do not take any position with respect to: (i) such person's influence over the control of the Global Debtors; (ii) the management responsibilities or functions of such individual; (iii) the decision-making or corporate authority of such individual; or (iv) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

Further, certain of the individuals or entities identified as insiders, to the extent they are "insiders," may not have been insiders for the entirety of the twelve-month period, but the Global Debtors have included them herein out of an abundance of caution. The Global Debtors reserve all rights with respect thereto.

4.     **Methodology.**

(a)     **Basis of Presentation**.  For financial reporting purposes, prior to the Petition Date, the Debtors prepared financial statements that were consolidated by Global Debtor Saks Global Holdings LLC.  For the avoidance of doubt, these Schedules and Statements reflect only the assets and liabilities of the Global Debtors. Combining the assets and liabilities set forth in the Global Debtors' Schedules and Statements could result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP").  Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Global Debtors. Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Global Debtor, except where otherwise indicated.  Information contained in the Schedules and Statements has been derived from the Global Debtors' books and records and historical financial statements.

5

Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Global Debtor shows more assets than liabilities, this is not an admission that the Global Debtor was solvent as of the Petition Date or at any time prior to the Petition Date.  Likewise, to the extent a Global Debtor shows more liabilities than assets, this is not an admission that the Global Debtor was insolvent as of the Petition Date or any time prior to the Petition Date.

(b)     **Confidential or Sensitive Information**.  There may be instances in which certain information in the Schedules and Statements intentionally has been summarized or generalized due to the nature of an agreement between a Global Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual.  The Global Debtors have not listed individual customer accounts information as they consider their customer list to be proprietary and confidential.  Modifications will be limited to only what is necessary to protect the applicable Global Debtor or third party.

Further, in accordance with the relief granted in the *Order (I) Authorizing Debtors to Redact Certain Personally Identifiable Information; (II) Authorizing Electronic Noticing Procedures for Parties in Interest and Approving the Form and Manner of Notifying Creditors of the Commencement of These Chapter 11 Cases; (III) Authorizing Debtors to File a Consolidated List of Creditors and a Consolidated List of the 30 Largest Unsecured Creditors; and (IV) Granting Related Relief* [Docket No. 161], certain personally identifiable information, including home address of individuals, has been redacted in the Schedules and Statements.  For the avoidance of doubt, the address of any director, officer, or individual employed by the Debtors is either redacted or listed as the location of Debtor Saks Global Enterprises LLC's corporate headquarters and the Debtors' service address: 225 Liberty Street, 31st Floor, New York, NY 10281.

(c)     **Duplication**.  Certain of the Global Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules.  To the extent disclosures would be duplicative, the Global Debtors have determined to only list such assets, liabilities, and prepetition payments once.  As set forth in these Global Notes, any duplication is inadvertent.

(d)     **Umbrella or Master Agreements**.  Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Global Debtors.  Where relevant, such agreements have been listed in the Schedules and Statements only of the Global Debtors who were named in the original umbrella or master agreement.

(e)     **Executory Contracts**.  Although the Global Debtors made diligent efforts to attribute each executory contract to its rightful Global Debtor, in certain instances, the Global Debtors may have inadvertently failed to do so.  Accordingly, the Global Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.  In addition, although

6

the Global Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by any counterparty to such contract or lease.  Furthermore, while the Global Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, or omissions may have occurred.

The contracts, agreements, and leases listed on Schedule G may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Global Debtors' use of reasonable efforts to identify such documents.  Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all final exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any executed agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

(f)     **Leases**.  The Global Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases.  To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule F of the Schedules.

(g)     **Valuation**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Global Debtors to obtain current market valuations of all of their assets.  Accordingly, unless otherwise indicated, net book values as of January 3, 2026, the Global Debtors' fiscal month end for December, are reflected on the Schedules and Statements.  Exceptions to this include operating cash and certain other assets.  Operating cash is presented at bank balance as of the Petition Date.  Certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values and, in some cases, the Global Debtors do not carry the value of the assets on their books.  Amounts ultimately realized may vary from net book value (or whatever value was ascribed), and such variance may be material.  Accordingly, the Global Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein.  In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.  Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with an undetermined value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does

7

not constitute a waiver of any rights of the Global Debtors with respect to such asset. Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Global Debtors' Schedules and Statements shall be, or shall be deemed to be, an admission that any Global Debtor was solvent or insolvent as of the Petition Date.

(h)   **Property and Equipment**.   Unless otherwise indicated, owned property and equipment are stated at net book value.  The Global Debtors may lease furniture, fixtures, and equipment from certain third party lessors.  Any such leases are set forth in the Schedules and Statements.  Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Global Debtors reserve all of their rights with respect to same.

(i)   **Inventory**.  The Global Debtors' inventory is comprised of merchandise and is stated at either weighted average cost or retail inventory method.  The calculation of cost includes merchandise purchases, the costs to bring the merchandise to distribution centers, warehousing and handling expenditures, and distributing and delivering merchandise to stores and fulfillment centers (direct and indirect). Carrying values of inventory are analyzed and, to the extent that the cost of inventory exceeds the expected selling prices less reasonable costs to sell, provisions are made to reduce the carrying amount of the inventory.  The Global Debtors review their inventory levels in order to identify slow-moving merchandise and uses merchandise markdowns to sell such merchandise, as needed.  Since the determination of net realizable value of inventory involves both estimation and judgment with regard to market values and reasonable costs to sell, differences in estimates could result in ultimate valuations that differ from the recorded asset.  The majority of inventory purchases and commitments are made in U.S. dollars in order to limit the Global Debtors' exposure to foreign currency fluctuations.

(j)   **Contingent Assets**.  The Global Debtors believe that they may possess certain claims and causes of action against various parties.  Additionally, the Global Debtors may possess contingent claims, including, but not limited to, avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws.  The Global Debtors, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and Statements.  As further set forth in paragraph 3(f) of these Global Notes, the Global Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have.

Additionally, prior to the Petition Date, each Global Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages.  Refer to each Statement, Part 3, Question 7, for lawsuits commenced prior to the relevant Petition Date in which the Global Debtor was a plaintiff.

8

(k)     **Unliquidated Claim Amounts.**   Claim amounts that could not be readily quantified by the Global Debtors are scheduled as "unliquidated," "undetermined," or "unknown."

(l)     **Undetermined Amounts.**   The description of an amount as "undetermined" or "unknown" is not intended to reflect upon the materiality of such amount.

(m)     **Totals.**  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements.  To the extent there are unknown or undetermined amounts, the actual total may be different from the listed total.  To the extent a Global Debtor is a guarantor of debt held by another Global Debtor, the amounts reflected in these Schedules are inclusive of each Global Debtor's guarantor obligations.

(n)     **Allocation of Liabilities.**  The Global Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Global Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

(o)     **Paid Claims.**  Pursuant to certain orders of the Bankruptcy Court entered in the Debtors' Chapter 11 Cases entered on or about January 14, 2026 and January 15, 2026 (collectively, the "First Day Orders"), the Global Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees, lienholders, customer credits/refunds, claimants under section 503(b)(9) of the Bankruptcy Code, and taxing authorities.  Accordingly, certain liabilities may have been or may be satisfied in accordance with such orders. Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Global Debtors reserve all rights to amend or supplement their Schedules and Statements, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

(p)     **Other Paid Claims.**   To the extent the Global Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Global Debtors' Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Bankruptcy Court approval.  To the extent the Global Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Global Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

(q)     **Credits and Adjustments**.  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Global Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Global Debtors.  The Global Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

(r)     **Intercompany Claims**.  Certain receivables and payables among and/or between the Debtors are reported on Schedule A/B per the Global Debtors' unaudited books and records.  The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise or an admission as to the validity of such receivables and payables.  For the avoidance of doubt, the Global Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes.  ***Without limiting the generality of the foregoing, certain intercompany receivables and payables among and/or between the Global Debtors and SO5 Digital Debtors are consolidated and netted in the consolidated presentation of the Debtors' books and records.  All intercompany accounts, transactions, balances, revenues, and expenses are eliminated.  As a result, no intercompany receivables/payables among and/or between the Debtors are set forth in these Statements and Schedules.***  Such treatment is not, and should not be construed as, an admission of the amount and/or validity of any such intercompany receivables and payables or the validity of any netting or offset per the Global Debtors' books and records.  The Global Debtors take no position in these Schedules and Statements as to whether any such amounts would be allowed as a claim or an interest, or not allowed at all.  The listing of amounts is not necessarily indicative of the ultimate recovery, if any, on any intercompany asset account or the impairment or claim status of any intercompany liability account.  The Global Debtors reserve all rights to later change the amounts, characterization, classification, categorization, or designation of intercompany accounts reported in the Schedules and Statements.

In addition, certain of the Global Debtors act on behalf of other Global Debtors. Reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation.  Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Global Debtor entity is an obligor with respect to any such payment.  The Global Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

(s)     **Payments**. Prior to the Petition Date, the Global Debtors maintained a cash management and disbursement system in the ordinary course of their businesses, as described  in  the  *Global  Debtors'  Motion  for  Interim  and  Final  Orders*

10

*(I) Authorizing Debtors to (A) Continue to Maintain Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Continue to Perform Intercompany Transactions; and (II) Granting Related Relief* [Docket No. 13] (the "Cash Management Motion"). Although efforts have been made to attribute open payable amounts to the correct legal entity, the Global Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, if appropriate.

(t)     **Guarantees and Other Secondary Liability Claims**.  The Global Debtors have used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "Guarantees") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guarantees have been identified, they have been included in the relevant Schedule H for the Global Debtor or Global Debtors affected by such Guarantees.  However, certain Guarantees embedded in the Global Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted.  Thus, the Global Debtors reserve all of their rights to amend the Schedules to the extent that additional Guarantees are identified.

(u)     **Claims of Third-Party Related Entities**.  While the Global Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Global Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Global Debtors' obligations to same.  Therefore, to the extent that the Global Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

(v)     **Excluded Assets and Liabilities**.  The Global Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued salaries and employee benefit accruals.  In addition and as set forth above, the Global Debtors may have excluded amounts for which the Global Debtors have been granted authority to pay pursuant to a First Day Order or other order that may be entered by the Bankruptcy Court.  The Global Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage claims exist.  In addition, certain immaterial assets and liabilities may have been excluded.

(w)     **Liens**.  The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment.  If such liens may apply, the Global Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor.

11

(x) **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

(y) **Setoffs**.  The Global Debtors incur certain setoffs and other similar rights during the ordinary course of business.  Setoffs in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Global Debtors and their suppliers.  Such setoffs and other similar rights are consistent with the ordinary course of business in the Global Debtors' industry and are not tracked separately.  Therefore, although such setoffs and other similar rights may have been accounted for when certain amounts were included in the Schedules, setoffs are not independently accounted for, and as such, are excluded from the Schedules.

5.  **Specific Schedules Disclosures**

(a) **Schedule A/B- Part 1, Item 2 – Cash on Hand**.  Schedule A/B-2 lists cash on hand in stores as of January 13, 2026.

(b) **Schedule A/B-Part 1, Item 3 – Checking, savings, or other financial accounts, CDs, etc**.  Schedule A/B-3 lists closing bank balances as of January 13, 2026. Details with respect to the Global Debtors' cash management system and bank accounts are also provided in the Cash Management Motion and the *Final Order (I) Authorizing Global Debtors to (A) Continue to Maintain Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Continue to Perform Intercompany Transactions; and (II) Granting Related Relief* [Docket No. 901].

(c) **Schedule A/B-Part 2, Items 7-8 – Security deposits and prepayments with public utilities, telephone companies, landlords and others**.  Schedule A/B-7-8 does not reflect any amounts of any security deposits or prepayments a supplier or factor has applied per the supplier's or factor's records.

(d) **Schedule A/B-Part 3, Item 11 – Accounts receivable**. Schedule A/B-11 excludes intercompany receivables.  For a discussion of intercompany claims, refer to paragraph 4(r) of these Global Notes.

(e) **Schedule A/B-Part 4, Item 15 – Stock and interests in incorporated and unincorporated businesses**.  Ownership interests in subsidiaries, partnerships, and joint ventures have been listed on Schedule A/B, Part 4 as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors.

(f) **Schedule A/B-Part 5, Items 19-26 – Inventory, excluding agricultural assets**. Inventory is shown as of January 3, 2026 and includes capitalized freight and overhead, as well as inventory adjustments.  Inventory is shown net of reductions for shrink, lesser of cost or market, and inventory write-off reserves, as well as the unamortized portion of vendor entitlements and other credits not recorded at the SKU level.

(g)     **Schedules A/B-Parts 7 and 8, Items 39-41, 50 – Office and business equipment**. Certain of the Global Debtors' office and business equipment, fixtures, machinery, furnishings, and supplies are not capitalized based on their accounting policies and procedures.  Those assets that are not capitalized are not listed herein.

(h)     **Schedules A/B, Part 7, Items 42 – Collectibles**.  The Global Debtors display an art collection that includes prints and originals across the Global Debtors' locations. The Global Debtors may not own all prints and originals on display across their locations.  Further, the aggregate value of the art collection has not yet been determined.  The existence of the collection is disclosed in the Schedules and Statements out of an abundance of caution

(i)     **Schedules A/B, Part 10, Items 59-66 – Intangibles and intellectual property**. The Global Debtors review goodwill and other intangible assets for impairment annually or when events or changes in circumstances indicate the carrying value of such assets might exceed their current fair values.  An impairment test has not been conducted as of the preparation of the Schedules and Statements, and therefore several of the Global Debtor's intangible asset values may be listed as undetermined or could be subject to material changes.  The Global Debtors report goodwill and other intangible assets at net book value based on the Global Debtors' books and records whenever applicable.

(j)     **Schedules A/B, Part 11 Item 72 – Tax Refunds and Unused Net Operating Losses (NOLs)**.  The Global Debtors may receive refunds for sales and use tax at various times throughout their fiscal year.  As of the Petition Date, however, certain of these amounts are unknown to the Global Debtors and, accordingly, may not be listed on Schedule A/B.  Additionally, the Global Debtors may be entitled to apply certain net operating losses or other tax attributes. These tax attributes are described in the *Debtors' Joint Emergency Motion for Entry of Order (I) Establishing Notice and Hearing Procedures for Transfers Of Equity Interests in Debtors and Declarations of Worthlessness with Respect to Equity Interests in Saks Global Holdings LLC; (II) Establishing Record Date for Notice and Sell-Down Procedures for Transferring Claims Against the Debtors; and (III) Granting Related Relief* [Docket No. 11].  The Global Debtors have provided a summary of certain of their tax attributes and related considerations in Item 72; however, such tax attributes are listed as undetermined amounts because the fair market value (if any) of such attributes is dependent on numerous variables and factors.

(k)     **Schedules A/B-Part 11, Items 74 and 75 – Causes of action against third parties (whether or not a lawsuit has been filed) and other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtors and rights to set off claims**.  The Global Debtors attempted to list known causes of action and other claims.  Potential preference actions and/or fraudulent transfer actions were not listed because the Global Debtors have not completed an analysis of such potential claims.  The Global Debtors' failure to list any cause of action, claim, or right of any nature is not an

13

admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

Despite their reasonable efforts to identify all known assets, the Global Debtors may not have listed all of their Causes of Action or potential Causes of Action against third parties as assets in the Schedules and Statements.  The Global Debtors reserve all of their rights with respect to any Causes of Action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions or in any way prejudice or impair the assertion of such claims.

(l)    **Schedule D – Creditors Who Have Claims Secured by Property**.  Except as otherwise ordered by the Bankruptcy Court, the Global Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Global Debtor's Schedule D.  Moreover, although the Global Debtors may have scheduled claims of various creditors as secured claims, the Global Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

In certain instances, a Global Debtor may be a co-obligor with respect to scheduled claims of other Global Debtors.  No claim set forth on the Schedule D of any Global Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged.

Since the Petition Date, certain of the Global Debtors' trustees for their prepetition debt have been succeeded by replacement trustees. Schedule D lists the trustees for the Global Debtors' prepetition debt as of the Petition Date.  Further, although there are multiple parties that hold a portion of the Global Debtors' senior secured funded debt, only the trustee or administrative agent, as applicable, has been listed for purposes of Schedule D.

Schedule D does not include beneficiaries of letters of credit.  Although the claims of certain parties may be secured by a letter of credit, the Global Debtors' obligations under the letters of credit run to the issuers thereof, and not to the beneficiaries thereof.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been listed on Schedule D.

The Global Debtors have not included parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

Detailed descriptions of the Global Debtors' prepetition debt structure and descriptions of collateral relating to the debt contained on Schedule D are contained in the *Global Debtors' Emergency Motion for Entry of Interim And Final Orders (I) Authorizing the Global Debtors to Obtain Postpetition Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Authorizing the Use of Cash Collateral, (IV) Granting Adequate Protection to the Prepetition Secured Parties, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 49].

(m)     **Schedule E/F – Creditors Who Hold Unsecured Claims**

(i)     ***Part 1 – Creditors with Priority Unsecured Claims***.  The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Global Debtors that such claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy Code.  The Global Debtors reserve all of their rights to dispute the amount and the priority status of any claim on any basis at any time.

Pursuant to the *Order (I) Authorizing Debtors to Pay Certain Prepetition Taxes and Fees and Related Obligations; (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto; and (III) Granting Related Relief* [Docket No. 150], the Global Debtors have been granted the authority to pay certain tax liabilities that accrued prepetition.  The Global Debtors believe that any non-disputed tax claims for prepetition amounts, whether allowable as a priority or nonpriority claim, have been or will be satisfied.

Pursuant to the *Order (I) Authorizing Debtors to (A) Pay Certain Compensation and Benefits Obligations and (B) Maintain Compensation and Benefits Programs and (II) Granting Related Relief* [Docket No. 149] (the "Wages Order") the Global Debtors received final authority to pay certain prepetition obligations, including, without limitation, obligations related to employee wages and other employee benefits, in the ordinary course of business.  Accordingly, no undisputed, prepetition claims of non-insiders related to employee wages and other employee benefits that have been paid or may be paid pursuant to the Wages Order or pursuant to further Bankruptcy Court order is listed in Schedule E/F Part 1.

Schedule E/F Part 1 also includes balances for advanced deposits and special orders.  Such amounts reflect instances where the Global Debtor has taken a cash deposit from the customer, but the vendors have not shipped the goods yet.  Such balances reflect the most current balances on the Global Debtor's books.

15

(ii)    ***Part 2 – Creditors with Nonpriority Unsecured Claims***.  The liabilities identified in Schedule E/F, Part 2, are derived from the Global Debtors' books and records.  The Global Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Global Debtors may vary from those liabilities represented on Schedule E/F, Part 2.  The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

The Global Debtors generally allocate individual liabilities to particular Global Debtors.  However, in certain cases, it would be a time-consuming and inefficient use of estate resources, or impracticable, to assign a given liability to a particular Global Debtor based on a contractual obligation.  Instead, the Schedules reflect the liability based on the Global Debtors' books and records.

Schedule E/F, Part 2 (Statements Part 3, Question 7), contains information regarding pending litigation involving the Global Debtors.  The amounts for such potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.  For the avoidance of doubt, demand letters received from potential litigants as well as other litigations that do not list a specific Global Debtor are listed on the Schedules for Saks Global Enterprises LLC, as applicable.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease.  In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts or unexpired leases, if any, that may or have been rejected in these Chapter 11 Cases.  To the extent such claims exist, the Global Debtors reserve all rights to contest any such claims if asserted.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Global Debtors or are subject to dispute.  Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Global Debtors' estates, the Global Debtors have not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Global Debtors may not have received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date.  Accordingly, the information contained in Schedules D and E/F may be incomplete.  The Global Debtors reserve their rights to, but undertake no obligations to, amend Schedules D and E/F if and as they receive prepetition invoices.

16

Liabilities listed on Schedules E/F reflect the balances in Global Debtors' books and records as of January 3, 2026 or January 13, 2026. Such amounts <u>do not</u> include any prepetition amounts paid under various authority granted by the Bankruptcy Court that have been issued post-petition. The Global Debtors expect that certain suppliers may continue to receive payments on account of prepetition amounts through the pendency of these cases (as approved by the Bankruptcy Court).

(n)  **Schedule G – Executory Contracts and Unexpired Leases**. While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, and unintended duplication of items may have occurred.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Global Debtors hereby reserve all their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

In the ordinary course of business, the Global Debtors have entered into numerous agreements, both written and oral, regarding the provision of certain services on a month-to-month or at-will basis, as well as certain purchase orders, statements of work, supplemental agreements, and letter agreements. It would be unduly burdensome and cost-prohibitive to list all such agreements in Schedule G and, therefore, such agreements may not be listed individually on Schedule G.

The Global Debtors reserve all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

In some cases, the Global Debtors may have inadvertently listed the incorrect Global Debtor party.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Global Debtor and such supplier or provider.

The listing of any contract on Schedule G does not constitute an admission by the Global Debtors as to the validity of any such contract. The Global Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Global Debtors' rights under the Bankruptcy Code with

17

respect to any such omitted contracts or agreements are not impaired by the omission.

In some cases, contract counterparties from dormant legacy businesses and historical acquisitions may not have been updated to reflect assignment to active Global Debtor entities although the Global Debtors have assumed and continue to perform under the terms of such agreements.  In such cases, Global Debtors have included such items on Schedule G of Saks Global Holdings LLC.

The Global Debtors have royalty agreements between other Global Debtor entities and therefore do not record such royalty agreements on their books and records and so such agreements are not included here.

Certain Global Debtors are guarantors and parties to guaranty agreements regarding the Global Debtors' prepetition credit facility.  The guaranty obligations arising under such agreements are reflected on Schedules D and F only.

(o)   **Schedule H – Co-Debtors**.  In the ordinary course of their business, the Global Debtors pay certain expenses on behalf of their subsidiaries.  For purposes of Schedule H, the Global Debtors may not have identified certain guarantees that are embedded in the Global Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements.  Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable.  Thus, the Global Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or become unenforceable.

The Global Debtors have not listed any litigation-related co-Global Debtors on Schedule H.  Instead, all such listings can be found on the Global Debtors' Schedule E/F.

6.   **Specific Statements Disclosures.**

(a)   **Part 1, Question 1 – Income from operations**.  The values reflected in Part 1, Question 1 are at the profit-and-loss level, not on a cash basis.

(b)   **Part 1, Question 2 – Non-business revenue**.  Non-business revenue includes such items as shipping and delivery revenue, expired gift card revenue, customer loyalty revenue, and managed services revenue, among others.  This is reflected at the profit-and-loss level and recorded on an accrual basis, not a cash basis.

(c)   **Part 2, Question 3 – Certain payments or transfers to creditors within 90 days before filing this case**.  Any payments made to the Global Debtors' bankruptcy case professionals and/or insiders within the ninety (90) days prior to the Petition Date are disclosed in response to SOFA 11 and SOFA 30, respectively, and, therefore, are not listed in response to SOFA 3.  Payments made to the Global Debtors' non-insider employees also are not listed in SOFA 3.

18

(d)     **Part 2, Question 4 – Payments or other transfers of property made within 1 year before filing this case that benefited any insider**.  Please refer to Question 30 of the Statements for Saks Global Enterprises LLC regarding all payments to insiders.  Individual payments to Global Debtor affiliates are not reflected in Question 4 due to their complexity and voluminous nature.

(e)     **Part 2, Question 6 – Setoffs**.  For a discussion of setoffs and nettings incurred by the Global Debtors, refer to paragraph 4(y) of these Global Notes.

(f)     **Part 5, Question 10 – Certain Losses**.  In the ordinary course, the Global Debtors incur immaterial losses due to vandalism, but do not report such losses or receive payments for them.

(g)     **Part 4, Question 9 – Certain gift and charitable donations**.  The Global Debtors make charitable donations both directly to certain nonprofit organizations and indirectly to other charitable causes through lump sum contributions to various third party charitable funds.  The Global Debtors record the direct charity donations and the lump sum contributions to third party charitable funds.  Such information, as available, is listed in SOFA 9.  The subsequent distributions from the third party charitable funds to various other charities are not recorded by the Global Debtors.

(h)     **Part 6, Question 11 – Certain payments or transfers**.  All disbursements listed in Statement 11 were initiated and disbursed by either Saks Global Enterprises LLC or SFA Holdings, Inc., but were for the benefit of all Global Debtors.

(i)     **Part 9, Question 17 – Employee Benefit Plans**.  Certain employee benefit plans listed in Statement 17 were terminated prior to the Petition Date in connection with the previous chapter 11 cases of Neiman Marcus Group LTD LLC (Case No. 20-32519) in 2020.  Such previous cases and terminations are unrelated to these Chapter 11 Cases.

(j)     **Part 10, Question 20 – Off-premises storage**.  The locations listed for off-premise storage do not include shippers that are holding goods in-transit, including but not limited to goods on ships, in trucks, or in warehouses where they may be temporarily stored during the transport process.

(k)     **Part 11, Question 21 – Property held for another**.  In the ordinary course the Global Debtors sell consignment, drop-ship, and concession goods.  Such goods are not included here.  The Global Debtors also have a special orders and will call program in which certain Global Debtors hold goods purchased by customers in the store until the customer comes to retrieve their purchase.  Such goods are also excluded from the schedule.  The program is further described in the *Debtors' Joint Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Maintain and Administer Their (A) Existing Customer Programs and (B) Charitable Donation Programs; (II) Authorizing Banks to Honor and Process Checks and Electronic Transfer Requests Related Thereto; and (III) Granting Related Relief* [Docket No. 15].

(l)    **Part 13, Question 26d – List all financial institutions, creditors, and other parties to whom the debtor issued a financial statement within 2 years before filing this case**. In the ordinary course the Global Debtors provide certain parties, such as banks, auditors, potential investors, vendors, landlords, and financial advisors, with financial statements that may not be part of a public filing. The Global Debtors do not maintain complete lists to track such disclosures. As such, the Global Debtors have not provided lists of such parties in response to this question.

(m)    **Part 13, Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders**. The information reported on Question 30 is representative of the total payments made to insiders on behalf of multiple Global Debtor entities during the one year prior to the Petition Date. For the avoidance of doubt, Question 30 may include payments to individuals who may have been insiders at the time they were employed by the Global Debtors, but are no longer employed by the Global Debtors. As set forth in the *Debtors' Joint Emergency Motion for Entry of Order (I) Authorizing Debtors to (A) Pay Certain Compensation and Benefits Obligations and (B) Maintain Compensation and Benefits Programs and (II) Granting Related Relief* [Docket No. 10], the Global Debtors historically contribute to employee's 401(k) plans on a discretionary basis. Where applicable, these amounts are included on SOFA 30.

**Fill in this information to identify the case:**

Debtor name: Cafe Beverly SFA Trust

United States Bankruptcy Court for the: Southern District of Texas

Case number: 26-90014

☐ Check if this is an amended filing

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B)

1a. **Real property:**
Copy line 88 from Schedule A/B $0.00

1b. **Total personal property:**
Copy line 91A from Schedule A/B $0.00

1c. **Total of all property:**
Copy line 92 from Schedule A/B $0.00

**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D) $0.00
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

3a. **Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from line 5a of Schedule E/F $0.00

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F $0.00

**4. Total Liabilities** $0.00
Lines 2 + 3a + 3b

**Fill in this information to identify the case:**

Debtor name: Cafe Beverly SFA Trust

United States Bankruptcy Court for the: Southern District of Texas

Case number: 26-90014

☐ Check if this is an amended filing

# Official Form 206A/B

## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1: Cash and Cash Equivalents

**1. Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.

☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| **2. Cash on hand** | |
| 2.1 | $0.00 |

**3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
|---|---|---|---|
| 3.1 | | | $0.00 |

**4. Other cash equivalents** *(Identify all)*

| | |
|---|---|
| 4.1 | $0.00 |

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.  $0.00

### Part 2: Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**7. Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

| 7.1 | |
|---|---|
| | $0.00 |

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

| 8.1 | |
|---|---|
| | $0.00 |

**9. Total of Part 2**

Add lines 7 through 8. Copy the total to line 81.

| | $0.00 |
|---|---|

**Part 3:** **Accounts receivable**

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**11. Accounts receivable**

| 11a. | 90 days old or less: | _____ face amount | − | _____ doubtful or uncollectible accounts | = ........ ➔ | $0.00 |
|---|---|---|---|---|---|---|
| 11b. | Over 90 days old: | _____ face amount | − | _____ doubtful or uncollectible accounts | = ........ ➔ | $0.00 |

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

| | $0.00 |
|---|---|

**Part 4:** **Investments**

**13. Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

| 14.1 | | |
|---|---|---|
| None | | $0.00 |

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

| Name of entity: | % of ownership: | | |
|---|---|---|---|
| 15.1 | | | |
| Cafe Beverly Hills SFA LLC | 100% | None | Undetermined |

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1

| None | | $0.00 |
|------|--|-------|

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.

$0.00

---

**Part 5:**    **Inventory, excluding agriculture assets**

---

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1 | | | | $0.00 |
| **20. Work in progress** | | | | |
| 20.1 | | | | $0.00 |
| **21. Finished goods, including goods held for resale** | | | | |
| 21.1 | | | | $0.00 |
| **22. Other inventory or supplies** | | | | |
| 22.1 | | | | $0.00 |

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

$0.00

**24. Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes    Book value _____    Valuation method _____    Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor  <u>Cafe Beverly SFA Trust</u>
        Name                                                        Case number *(if known)* <u>26-90014</u>

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---------|--------------------------------------------------------------------------------|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|------------------------------------------------------|-----------------------------------------|------------------------------------|
| **28. Crops—either planted or harvested** | | | |
| 28.1 | | | $0.00 |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 29.1 | | | $0.00 |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 | | | $0.00 |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | | | $0.00 |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | | | $0.00 |

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.                                    $0.00

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

  ☐ No

  ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes    Book value _____    Valuation method _____    Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 7:    Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| 39.1 | | | $0.00 |
| **40. Office fixtures** | | | |
| 40.1 | | | $0.00 |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 | | | $0.00 |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 | | | $0.00 |

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

$0.00

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 8:    Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | | | $0.00 |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | | | $0.00 |

**49. Aircraft and accessories**

49.1

$0.00

**50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

50.1

$0.00

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$0.00

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 9:   Real Property

**54. Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 | | | | $0.00 |

**56. Total of Part 9.**

Add the current value of all lines in question 55 and entries from any additional sheets. Copy the total to line 88.

$0.00

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 10:   Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 | | | $0.00 |
| **61. Internet domain names and websites** | | | |
| 61.1 | | | $0.00 |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 | | | $0.00 |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 | | | $0.00 |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1 | | | $0.00 |
| **65. Goodwill** | | | |
| 65.1 | | | $0.00 |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$0.00

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 11:**  **All other assets**

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

**71. Notes receivable**

Description (include name of obligor)

71.1

None _____ _____ - _____ = ➔ $0.00

total face amount     doubtful or uncollectible amount

**72. Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

72.1

None _____     Tax year _____     $0.00

**73. Interests in insurance policies or annuities**

73.1

None _____     $0.00

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1

None _____     $0.00

Nature of Claim _____

Amount requested _____

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1

None _____     $0.00

Nature of Claim _____

Amount requested _____

**76. Trusts, equitable or future interests in property**

76.1

Statutory trust formed to hold liquor licenses. Does not currently hold any liquor licenses     $0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

77.1

_____     $0.00

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

$0.00

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 12:**     Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $0.00 |  |
| **81. Deposits and prepayments.** Copy line 9, Part 2. | $0.00 |  |

**82. Accounts receivable.** Copy line 12, Part 3.                    $0.00

**83. Investments.** Copy line 17, Part 4.                           $0.00

**84. Inventory.** Copy line 23, Part 5.                             $0.00

**85. Farming and fishing-related assets.** Copy line 33, Part 6.    $0.00

**86. Office furniture, fixtures, and equipment; and collectibles.** Copy    $0.00
line 43, Part 7.

**87. Machinery, equipment, and vehicles.** Copy line 51, Part 8.    $0.00

**88. Real property. Copy line 56, Part 9.**              ➔         $0.00

**89. Intangibles and intellectual property..** Copy line 66, Part 10.   $0.00

**90. All other assets.** Copy line 78, Part 11.                     $0.00

**91. Total. Add lines 80 through 90 for each column**    91a.    $0.00        91b.    $0.00

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92.                      $0.00

**Fill in this information to identify the case:**

Debtor name: Cafe Beverly SFA Trust

United States Bankruptcy Court for the: Southern District of Texas

Case number: 26-90014

☐ **Check if this is an amended filing**

# Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

**Be as complete and accurate as possible.**

**Part 1:    List Creditors Who Have Claims Secured by Property**

**1. Do any creditors have claims secured by debtor's property?**

☑ No. Check this box and submit page 1 of this form to the court with debtor`s other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in the information below.

**2. List creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | *Column A* **Amount of Claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|

2.1

**Date debt was incurred?**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☐ No

☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**Describe debtor's property that is subject to the lien:**

**Describe the lien**

**Is the creditor an insider or related party?**

☐ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☐ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

| | | $0.00 | |
|---|---|---|---|

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**                     $0.00

Debtor   <u>Cafe Beverly SFA Trust</u>
       Name

Case number *(if known)* <u>26-90014</u>

| Part 2: | List Others to Be Notified for a Debt That You Already Listed |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| 3.1 | | |

**Fill in this information to identify the case:**

Debtor name: Cafe Beverly SFA Trust

United States Bankruptcy Court for the: Southern District of Texas

Case number: 26-90014

☐ Check if this is an amended filing

Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:   List All Creditors with PRIORITY Unsecured Claims**

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | Total claim | Priority amount |
|---|---|---|

2.1

As of the petition filing date, the claim is: $0.00
*Check all that apply.*

**Date or dates debt was incurred**

☐ Contingent

☐ Unliquidated

**Last 4 digits of account number**

☐ Disputed

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) (__)

**Basis for the claim:**

**Is the claim subject to offset?**

☐ No

☐ Yes

**Part 2:**  **List All Creditors with NONPRIORITY Unsecured Claims**

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | **Amount of claim** |
|---|---|---|

3.1

_____

**Date or dates debt was incurred**

_____

_____

**As of the petition filing date, the claim is:**                                 $0.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☐ No

☐ Yes

**Part 3:**  **List Others to Be Notified About Unsecured Claims**

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

4.1

_____

Line

_____

☐ Not listed. Explain

_____

**Part 4:**  **Total Amounts of the Priority and Nonpriority Unsecured Claims**

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | **Total of claim amounts** |
|---|---|---|

5a. **Total claims from Part 1**                          5a.  _____ $0.00

5b. **Total claims from Part 2**                          5b.  _____ $0.00

5c. **Total of Parts 1 and 2**                            5c.  _____ $0.00
Lines 5a + 5b = 5c.

**Fill in this information to identify the case:**

Debtor name: Cafe Beverly SFA Trust

United States Bankruptcy Court for the: Southern District of Texas

Case number: 26-90014

☐ **Check if this is an amended filing**

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

| Schedule G: | Executory Contracts and Unexpired Leases |
|---|---|

**1. Does the debtor have any executory contracts or unexpired leases?**

☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

2.1    **State what the contract or lease is for and the nature of the debtor's interest**
**State the term remaining**
**List the contract number of any government contract**

**Fill in this information to identify the case:**

Debtor name: Cafe Beverly SFA Trust

United States Bankruptcy Court for the: Southern District of Texas

Case number: 26-90014

☐ **Check if this is an amended filing**

## Official Form 206H

## Schedule H: Codebtors

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Does the debtor have any codebtors?**

☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | **Check all schedules that apply:** |
| 2.1 | | | ☐ D |
| | | | ☐ E/F |
| | | | ☐ G |

**Fill in this information to identify the case:**

Debtor name: Cafe Beverly SFA Trust

United States Bankruptcy Court for the: Southern District of Texas

Case number: 26-90014

☐ Check if this is an amended filing

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☑ *Schedule H: Codebtors* (Official Form 206H)
- ☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a _____
declaration

I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| March 15, 2026 | /s/ Mark Weinsten |
| Executed on | Signature of individual signing on behalf of debtor |
| | Mark Weinsten |
| | Printed name |
| | Chief Restructuring Officer |
| | Position or relationship to debtor |