**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SAKS GLOBAL ENTERPRISES LLC, *et al.* | ) | Case No. 26-90103 (ARP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**STATEMENT OF FINANCIAL AFFAIRS**
**OF SAKS & COMPANY LLC (CASE NO. 26-90083)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| SAKS GLOBAL ENTERPRISES LLC, *et al.*,[1] | Case No. 26-90103 (ARP) |
| Debtors. | (Jointly Administered) |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY,
AND DISCLAIMERS REGARDING THE GLOBAL DEBTORS' SCHEDULES
OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**General**

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by the Global Debtors, as debtors and debtors in possession in the above-captioned cases pending in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), were prepared, pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure, by management of the Global Debtors, with the assistance of the Global Debtors' advisors.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Global Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements of the Global Debtors, and should be referred to and considered in connection with any review of the Schedules and Statements.[2]

The Schedules and Statements have been signed by Mr. Mark Weinsten, Chief Restructuring Officer of the Global Debtors and authorized agent at each of the Global Debtors.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Saks.  The location of Debtor Saks Global Enterprises LLC's corporate headquarters and the Debtors' service address in these chapter 11 cases is 225 Liberty Street, 31st Floor, New York, NY 10281.  Bradley Arant Boult Cummings LLP is proposed counsel for the following Debtors: Saks OFF 5TH Holdings LLC, Saks OFF 5TH LLC, Saks OFF 5TH Midco Partner Inc., and Luxury Outlets USA, LLC (collectively, the "SO5 Digital Debtors").  Haynes and Boone, LLP and Willkie Farr & Gallagher LLP are proposed counsel for the remaining Debtors (collectively, the "Global Debtors").

[2] These Global Notes supplement and are in addition to any specific notes contained in each Global Debtor's Schedules or Statements.  The fact that the Global Debtors have prepared a Global Note with respect to any of the individual Global Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Global Debtors to exclude the applicability of such Global Note to any of the Global Debtors' other Schedules and Statements, as appropriate.

Accordingly, in reviewing and signing the Schedules and Statements, Mr. Weinsten necessarily relied upon the efforts, statements, and representations of the Global Debtors' other personnel and professionals.  Mr. Weinsten has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses.

In preparing the Schedules and Statements, the Global Debtors relied on financial data derived from their books and records that was available at the time of such preparation.  Although the Global Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements.  As a result, inadvertent errors or omissions may exist. Accordingly, the Global Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements.  In no event shall the Global Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Global Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Global Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

For the avoidance of doubt, the Global Debtors reserve all of their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate, but the Global Debtors and their agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law or order of the Bankruptcy Court.

**Global Notes and Overview of Methodology**

1. **Description of the Cases**.  On January 13, 2026 (the "Petition Date") and January 14, 2026, the Debtors[3] filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the Bankruptcy Court. These Chapter 11 Cases are being jointly administered under Case No. 26-90103 (ARP).  The Debtors are operating their businesses and managing their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On January 14, 2026, the Court entered an order [Docket No. 46] authorizing procedural consolidation and joint administration of these Chapter 11 Cases. On January 27, 2026, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 480]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements. The asset information provided herein, except as otherwise noted, represents the asset data of the Global Debtors as of

---

[3]   For the avoidance of doubt, "Debtors" means, collectively, the Global Debtors and the SO5 Digital Debtors.

2

January 3, 2026, the date of the Global Debtors' month end closure to their balance sheet, and the liability data of the Global Debtors as of the close of business on the Petition Date.

2.  **Interpretation; Global Notes Control**.  Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.  In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

3.  **Reservations and Limitations**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist.  The Global Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.  Nothing contained in the Schedules and Statements is intended to be, nor should it be construed as, a waiver of any of the Global Debtors' rights or an admission of any kind with respect to these Chapter 11 Cases, including, but not limited to, any rights or claims of the Global Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

    (a)  **No Admission**.  Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the validity of any claim against the Global Debtors, any assertion made therein or herein, or a waiver of the Global Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

    (b)  **Recharacterization**.  The Global Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements.  However, in the event the Global Debtors improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Global Debtors' business, the Global Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

    (c)  **Classifications**.  Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Global Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Global Debtors' rights to recharacterize or reclassify such claim or contract.

3

(d)      **Claims Description**.  Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Global Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed."  The Global Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed."  Moreover, the Global Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate.  Listing a claim does not constitute an admission of liability by the Global Debtors.

(e)      **Estimates and Assumptions**.  To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of assets and liabilities.  Actual results could differ from such estimates.  The Global Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in estimates or assumptions.

(f)      **Causes of Action**.  Despite their reasonable efforts to identify all known assets, the Global Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The Global Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, recoupment, claim (including, but not limited to, claims on contracts or for breaches of duties imposed by law or in equity), demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

(g)      **Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition,

or other transaction. The Global Debtors have made every effort to attribute intellectual property to the rightful Global Debtor owner; however, in some instances, intellectual property owned by one Global Debtor may, in fact, be owned by another.  Accordingly, the Global Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

(h)   **Insiders**.  For purposes of the Schedules and Statements, the Global Debtors included information with respect to a range of individuals the Global Debtors believe are included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.  Certain of these individuals no longer serve in such capacities.

The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Persons listed as "insiders" have been included for informational purposes only.  The Global Debtors do not take any position with respect to: (i) such person's influence over the control of the Global Debtors; (ii) the management responsibilities or functions of such individual; (iii) the decision-making or corporate authority of such individual; or (iv) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

Further, certain of the individuals or entities identified as insiders, to the extent they are "insiders," may not have been insiders for the entirety of the twelve-month period, but the Global Debtors have included them herein out of an abundance of caution.  The Global Debtors reserve all rights with respect thereto.

4.   **Methodology.**

(a)   **Basis of Presentation**.  For financial reporting purposes, prior to the Petition Date, the Debtors prepared financial statements that were consolidated by Global Debtor Saks Global Holdings LLC.  For the avoidance of doubt, these Schedules and Statements reflect only the assets and liabilities of the Global Debtors.  Combining the assets and liabilities set forth in the Global Debtors' Schedules and Statements could result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP").  Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Global Debtors.  Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Global Debtor, except where otherwise indicated.  Information contained in the Schedules and Statements has been derived from the Global Debtors' books and records and historical financial statements.

Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Global Debtor shows more assets than liabilities, this is not an admission that the Global Debtor was solvent as of the Petition Date or at any time prior to the Petition Date.  Likewise, to the extent a Global Debtor shows more liabilities than assets, this is not an admission that the Global Debtor was insolvent as of the Petition Date or any time prior to the Petition Date.

(b)   **Confidential or Sensitive Information**.  There may be instances in which certain information in the Schedules and Statements intentionally has been summarized or generalized due to the nature of an agreement between a Global Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual.  The Global Debtors have not listed individual customer accounts information as they consider their customer list to be proprietary and confidential.  Modifications will be limited to only what is necessary to protect the applicable Global Debtor or third party.

Further, in accordance with the relief granted in the *Order (I) Authorizing Debtors to Redact Certain Personally Identifiable Information; (II) Authorizing Electronic Noticing Procedures for Parties in Interest and Approving the Form and Manner of Notifying Creditors of the Commencement of These Chapter 11 Cases; (III) Authorizing Debtors to File a Consolidated List of Creditors and a Consolidated List of the 30 Largest Unsecured Creditors; and (IV) Granting Related Relief* [Docket No. 161], certain personally identifiable information, including home address of individuals, has been redacted in the Schedules and Statements.  For the avoidance of doubt, the address of any director, officer, or individual employed by the Debtors is either redacted or listed as the location of Debtor Saks Global Enterprises LLC's corporate headquarters and the Debtors' service address: 225 Liberty Street, 31st Floor, New York, NY 10281.

(c)   **Duplication**.  Certain of the Global Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules.  To the extent disclosures would be duplicative, the Global Debtors have determined to only list such assets, liabilities, and prepetition payments once.  As set forth in these Global Notes, any duplication is inadvertent.

(d)   **Umbrella or Master Agreements**.  Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Global Debtors.  Where relevant, such agreements have been listed in the Schedules and Statements only of the Global Debtors who were named in the original umbrella or master agreement.

(e)   **Executory Contracts**.  Although the Global Debtors made diligent efforts to attribute each executory contract to its rightful Global Debtor, in certain instances, the Global Debtors may have inadvertently failed to do so.  Accordingly, the Global Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.  In addition, although

6

the Global Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by any counterparty to such contract or lease. Furthermore, while the Global Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, or omissions may have occurred.

The contracts, agreements, and leases listed on Schedule G may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Global Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all final exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any executed agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

(f)    **Leases**. The Global Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule F of the Schedules.

(g)    **Valuation**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Global Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, net book values as of January 3, 2026, the Global Debtors' fiscal month end for December, are reflected on the Schedules and Statements. Exceptions to this include operating cash and certain other assets. Operating cash is presented at bank balance as of the Petition Date. Certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values and, in some cases, the Global Debtors do not carry the value of the assets on their books. Amounts ultimately realized may vary from net book value (or whatever value was ascribed), and such variance may be material. Accordingly, the Global Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements. Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with an undetermined value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does

7

not constitute a waiver of any rights of the Global Debtors with respect to such asset. Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Global Debtors' Schedules and Statements shall be, or shall be deemed to be, an admission that any Global Debtor was solvent or insolvent as of the Petition Date.

(h)     **Property and Equipment**.  Unless otherwise indicated, owned property and equipment are stated at net book value.  The Global Debtors may lease furniture, fixtures, and equipment from certain third party lessors.  Any such leases are set forth in the Schedules and Statements.  Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Global Debtors reserve all of their rights with respect to same.

(i)     **Inventory**.  The Global Debtors' inventory is comprised of merchandise and is stated at either weighted average cost or retail inventory method.  The calculation of cost includes merchandise purchases, the costs to bring the merchandise to distribution centers, warehousing and handling expenditures, and distributing and delivering merchandise to stores and fulfillment centers (direct and indirect). Carrying values of inventory are analyzed and, to the extent that the cost of inventory exceeds the expected selling prices less reasonable costs to sell, provisions are made to reduce the carrying amount of the inventory.  The Global Debtors review their inventory levels in order to identify slow-moving merchandise and uses merchandise markdowns to sell such merchandise, as needed.  Since the determination of net realizable value of inventory involves both estimation and judgment with regard to market values and reasonable costs to sell, differences in estimates could result in ultimate valuations that differ from the recorded asset.  The majority of inventory purchases and commitments are made in U.S. dollars in order to limit the Global Debtors' exposure to foreign currency fluctuations.

(j)     **Contingent Assets**.  The Global Debtors believe that they may possess certain claims and causes of action against various parties.  Additionally, the Global Debtors may possess contingent claims, including, but not limited to, avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws.  The Global Debtors, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and Statements.  As further set forth in paragraph 3(f) of these Global Notes, the Global Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have.

Additionally, prior to the Petition Date, each Global Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages.  Refer to each Statement, Part 3, Question 7, for lawsuits commenced prior to the relevant Petition Date in which the Global Debtor was a plaintiff.

(k)    **Unliquidated Claim Amounts**.   Claim amounts that could not be readily quantified by the Global Debtors are scheduled as "unliquidated," "undetermined," or "unknown."

(l)    **Undetermined Amounts**.   The description of an amount as "undetermined" or "unknown" is not intended to reflect upon the materiality of such amount.

(m)    **Totals**.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements.  To the extent there are unknown or undetermined amounts, the actual total may be different from the listed total.  To the extent a Global Debtor is a guarantor of debt held by another Global Debtor, the amounts reflected in these Schedules are inclusive of each Global Debtor's guarantor obligations.

(n)    **Allocation of Liabilities**.  The Global Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Global Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

(o)    **Paid Claims**.  Pursuant to certain orders of the Bankruptcy Court entered in the Debtors' Chapter 11 Cases entered on or about January 14, 2026 and January 15, 2026 (collectively, the "First Day Orders"), the Global Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees, lienholders, customer credits/refunds, claimants under section 503(b)(9) of the Bankruptcy Code, and taxing authorities.  Accordingly, certain liabilities may have been or may be satisfied in accordance with such orders.  Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Global Debtors reserve all rights to amend or supplement their Schedules and Statements, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

(p)    **Other Paid Claims**.   To the extent the Global Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Global Debtors' Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Bankruptcy Court approval.  To the extent the Global Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Global Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

9

(q)   **Credits and Adjustments**.  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Global Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Global Debtors.  The Global Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

(r)   **Intercompany Claims**.  Certain receivables and payables among and/or between the Debtors are reported on Schedule A/B per the Global Debtors' unaudited books and records.  The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise or an admission as to the validity of such receivables and payables.  For the avoidance of doubt, the Global Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes.  *Without limiting the generality of the foregoing, certain intercompany receivables and payables among and/or between the Global Debtors and SO5 Digital Debtors are consolidated and netted in the consolidated presentation of the Debtors' books and records.  All intercompany accounts, transactions, balances, revenues, and expenses are eliminated.  As a result, no intercompany receivables/payables among and/or between the Debtors are set forth in these Statements and Schedules.*  Such treatment is not, and should not be construed as, an admission of the amount and/or validity of any such intercompany receivables and payables or the validity of any netting or offset per the Global Debtors' books and records.  The Global Debtors take no position in these Schedules and Statements as to whether any such amounts would be allowed as a claim or an interest, or not allowed at all.  The listing of amounts is not necessarily indicative of the ultimate recovery, if any, on any intercompany asset account or the impairment or claim status of any intercompany liability account.  The Global Debtors reserve all rights to later change the amounts, characterization, classification, categorization, or designation of intercompany accounts reported in the Schedules and Statements.

In addition, certain of the Global Debtors act on behalf of other Global Debtors.  Reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation.  Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Global Debtor entity is an obligor with respect to any such payment.  The Global Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

(s)   **Payments**. Prior to the Petition Date, the Global Debtors maintained a cash management and disbursement system in the ordinary course of their businesses, as described in the *Global Debtors' Motion for Interim and Final Orders*

10

*(I) Authorizing Debtors to (A) Continue to Maintain Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Continue to Perform Intercompany Transactions; and (II) Granting Related Relief* [Docket No. 13] (the "Cash Management Motion"). Although efforts have been made to attribute open payable amounts to the correct legal entity, the Global Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, if appropriate.

(t)     **Guarantees and Other Secondary Liability Claims**.  The Global Debtors have used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "Guarantees") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guarantees have been identified, they have been included in the relevant Schedule H for the Global Debtor or Global Debtors affected by such Guarantees.  However, certain Guarantees embedded in the Global Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted.  Thus, the Global Debtors reserve all of their rights to amend the Schedules to the extent that additional Guarantees are identified.

(u)     **Claims of Third-Party Related Entities**.  While the Global Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Global Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Global Debtors' obligations to same.  Therefore, to the extent that the Global Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

(v)     **Excluded Assets and Liabilities**.  The Global Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued salaries and employee benefit accruals.  In addition and as set forth above, the Global Debtors may have excluded amounts for which the Global Debtors have been granted authority to pay pursuant to a First Day Order or other order that may be entered by the Bankruptcy Court.  The Global Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage claims exist.  In addition, certain immaterial assets and liabilities may have been excluded.

(w)     **Liens**.  The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment.  If such liens may apply, the Global Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor.

11

(x)     **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

(y)     **Setoffs**.  The Global Debtors incur certain setoffs and other similar rights during the ordinary course of business.  Setoffs in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Global Debtors and their suppliers.  Such setoffs and other similar rights are consistent with the ordinary course of business in the Global Debtors' industry and are not tracked separately.  Therefore, although such setoffs and other similar rights may have been accounted for when certain amounts were included in the Schedules, setoffs are not independently accounted for, and as such, are excluded from the Schedules.

5.      **Specific Schedules Disclosures**

(a)     **Schedule A/B- Part 1, Item 2 – Cash on Hand**.  Schedule A/B-2 lists cash on hand in stores as of January 13, 2026.

(b)     **Schedule A/B-Part 1, Item 3 – Checking, savings, or other financial accounts, CDs, etc**.  Schedule A/B-3 lists closing bank balances as of January 13, 2026.  Details with respect to the Global Debtors' cash management system and bank accounts are also provided in the Cash Management Motion and the *Final Order (I) Authorizing Global Debtors to (A) Continue to Maintain Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Continue to Perform Intercompany Transactions; and (II) Granting Related Relief* [Docket No. 901].

(c)     **Schedule A/B-Part 2, Items 7-8 – Security deposits and prepayments with public utilities, telephone companies, landlords and others**.  Schedule A/B-7-8 does not reflect any amounts of any security deposits or prepayments a supplier or factor has applied per the supplier's or factor's records.

(d)     **Schedule A/B-Part 3, Item 11 – Accounts receivable**. Schedule A/B-11 excludes intercompany receivables.  For a discussion of intercompany claims, refer to paragraph 4(r) of these Global Notes.

(e)     **Schedule A/B-Part 4, Item 15 – Stock and interests in incorporated and unincorporated businesses**.  Ownership interests in subsidiaries, partnerships, and joint ventures have been listed on Schedule A/B, Part 4 as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors.

(f)     **Schedule A/B-Part 5, Items 19-26 – Inventory, excluding agricultural assets**.  Inventory is shown as of January 3, 2026 and includes capitalized freight and overhead, as well as inventory adjustments.  Inventory is shown net of reductions for shrink, lesser of cost or market, and inventory write-off reserves, as well as the unamortized portion of vendor entitlements and other credits not recorded at the SKU level.

12

(g)    **Schedules A/B-Parts 7 and 8, Items 39-41, 50 – Office and business equipment**. Certain of the Global Debtors' office and business equipment, fixtures, machinery, furnishings, and supplies are not capitalized based on their accounting policies and procedures.  Those assets that are not capitalized are not listed herein.

(h)    **Schedules A/B, Part 7, Items 42 – Collectibles**.  The Global Debtors display an art collection that includes prints and originals across the Global Debtors' locations. The Global Debtors may not own all prints and originals on display across their locations.  Further, the aggregate value of the art collection has not yet been determined.  The existence of the collection is disclosed in the Schedules and Statements out of an abundance of caution

(i)    **Schedules A/B, Part 10, Items 59-66 – Intangibles and intellectual property**. The Global Debtors review goodwill and other intangible assets for impairment annually or when events or changes in circumstances indicate the carrying value of such assets might exceed their current fair values.  An impairment test has not been conducted as of the preparation of the Schedules and Statements, and therefore several of the Global Debtor's intangible asset values may be listed as undetermined or could be subject to material changes.  The Global Debtors report goodwill and other intangible assets at net book value based on the Global Debtors' books and records whenever applicable.

(j)    **Schedules A/B, Part 11 Item 72 – Tax Refunds and Unused Net Operating Losses (NOLs)**.  The Global Debtors may receive refunds for sales and use tax at various times throughout their fiscal year.  As of the Petition Date, however, certain of these amounts are unknown to the Global Debtors and, accordingly, may not be listed on Schedule A/B.  Additionally, the Global Debtors may be entitled to apply certain net operating losses or other tax attributes. These tax attributes are described in the *Debtors' Joint Emergency Motion for Entry of Order (I) Establishing Notice and Hearing Procedures for Transfers Of Equity Interests in Debtors and Declarations of Worthlessness with Respect to Equity Interests in Saks Global Holdings LLC; (II) Establishing Record Date for Notice and Sell-Down Procedures for Transferring Claims Against the Debtors; and (III) Granting Related Relief* [Docket No. 11].  The Global Debtors have provided a summary of certain of their tax attributes and related considerations in Item 72; however, such tax attributes are listed as undetermined amounts because the fair market value (if any) of such attributes is dependent on numerous variables and factors.

(k)    **Schedules A/B-Part 11, Items 74 and 75 – Causes of action against third parties (whether or not a lawsuit has been filed) and other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtors and rights to set off claims**.  The Global Debtors attempted to list known causes of action and other claims.  Potential preference actions and/or fraudulent transfer actions were not listed because the Global Debtors have not completed an analysis of such potential claims.  The Global Debtors' failure to list any cause of action, claim, or right of any nature is not an

13

admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

Despite their reasonable efforts to identify all known assets, the Global Debtors may not have listed all of their Causes of Action or potential Causes of Action against third parties as assets in the Schedules and Statements.  The Global Debtors reserve all of their rights with respect to any Causes of Action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions or in any way prejudice or impair the assertion of such claims.

(l)     **Schedule D – Creditors Who Have Claims Secured by Property**.  Except as otherwise ordered by the Bankruptcy Court, the Global Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Global Debtor's Schedule D.  Moreover, although the Global Debtors may have scheduled claims of various creditors as secured claims, the Global Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

In certain instances, a Global Debtor may be a co-obligor with respect to scheduled claims of other Global Debtors.  No claim set forth on the Schedule D of any Global Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged.

Since the Petition Date, certain of the Global Debtors' trustees for their prepetition debt have been succeeded by replacement trustees. Schedule D lists the trustees for the Global Debtors' prepetition debt as of the Petition Date.  Further, although there are multiple parties that hold a portion of the Global Debtors' senior secured funded debt, only the trustee or administrative agent, as applicable, has been listed for purposes of Schedule D.

Schedule D does not include beneficiaries of letters of credit.  Although the claims of certain parties may be secured by a letter of credit, the Global Debtors' obligations under the letters of credit run to the issuers thereof, and not to the beneficiaries thereof.

The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been listed on Schedule D.

14

The Global Debtors have not included parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

Detailed descriptions of the Global Debtors' prepetition debt structure and descriptions of collateral relating to the debt contained on Schedule D are contained in the *Global Debtors' Emergency Motion for Entry of Interim And Final Orders (I) Authorizing the Global Debtors to Obtain Postpetition Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Authorizing the Use of Cash Collateral, (IV) Granting Adequate Protection to the Prepetition Secured Parties, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 49].

(m)   **Schedule E/F – Creditors Who Hold Unsecured Claims**

(i)   ***Part 1 – Creditors with Priority Unsecured Claims***.  The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Global Debtors that such claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy Code.  The Global Debtors reserve all of their rights to dispute the amount and the priority status of any claim on any basis at any time.

Pursuant to the *Order (I) Authorizing Debtors to Pay Certain Prepetition Taxes and Fees and Related Obligations; (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto; and (III) Granting Related Relief* [Docket No. 150], the Global Debtors have been granted the authority to pay certain tax liabilities that accrued prepetition.  The Global Debtors believe that any non-disputed tax claims for prepetition amounts, whether allowable as a priority or nonpriority claim, have been or will be satisfied.

Pursuant to the *Order (I) Authorizing Debtors to (A) Pay Certain Compensation and Benefits Obligations and (B) Maintain Compensation and Benefits Programs and (II) Granting Related Relief* [Docket No. 149] (the "Wages Order") the Global Debtors received final authority to pay certain prepetition obligations, including, without limitation, obligations related to employee wages and other employee benefits, in the ordinary course of business.  Accordingly, no undisputed, prepetition claims of non-insiders related to employee wages and other employee benefits that have been paid or may be paid pursuant to the Wages Order or pursuant to further Bankruptcy Court order is listed in Schedule E/F Part 1.

Schedule E/F Part 1 also includes balances for advanced deposits and special orders.  Such amounts reflect instances where the Global Debtor has taken a cash deposit from the customer, but the vendors have not shipped the goods yet.  Such balances reflect the most current balances on the Global Debtor's books.

15

(ii)     ***Part 2 – Creditors with Nonpriority Unsecured Claims***.  The liabilities identified in Schedule E/F, Part 2, are derived from the Global Debtors' books and records.  The Global Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Global Debtors may vary from those liabilities represented on Schedule E/F, Part 2.  The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

The Global Debtors generally allocate individual liabilities to particular Global Debtors.  However, in certain cases, it would be a time-consuming and inefficient use of estate resources, or impracticable, to assign a given liability to a particular Global Debtor based on a contractual obligation.  Instead, the Schedules reflect the liability based on the Global Debtors' books and records.

Schedule E/F, Part 2 (Statements Part 3, Question 7), contains information regarding pending litigation involving the Global Debtors.  The amounts for such potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.  For the avoidance of doubt, demand letters received from potential litigants as well as other litigations that do not list a specific Global Debtor are listed on the Schedules for Saks Global Enterprises LLC, as applicable.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease.  In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts or unexpired leases, if any, that may or have been rejected in these Chapter 11 Cases.  To the extent such claims exist, the Global Debtors reserve all rights to contest any such claims if asserted.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Global Debtors or are subject to dispute.  Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Global Debtors' estates, the Global Debtors have not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Global Debtors may not have received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date.  Accordingly, the information contained in Schedules D and E/F may be incomplete.  The Global Debtors reserve their rights to, but undertake no obligations to, amend Schedules D and E/F if and as they receive prepetition invoices.

16

Liabilities listed on Schedules E/F reflect the balances in Global Debtors' books and records as of January 3, 2026 or January 13, 2026.  Such amounts <u>do not</u> include any prepetition amounts paid under various authority granted by the Bankruptcy Court that have been issued post-petition.  The Global Debtors expect that certain suppliers may continue to receive payments on account of prepetition amounts through the pendency of these cases (as approved by the Bankruptcy Court).

(n)    **Schedule G – Executory Contracts and Unexpired Leases**.  While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, and unintended duplication of items may have occurred.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable.  The Global Debtors hereby reserve all their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

In the ordinary course of business, the Global Debtors have entered into numerous agreements, both written and oral, regarding the provision of certain services on a month-to-month or at-will basis, as well as certain purchase orders, statements of work, supplemental agreements, and letter agreements.  It would be unduly burdensome and cost-prohibitive to list all such agreements in Schedule G and, therefore, such agreements may not be listed individually on Schedule G.

The Global Debtors reserve all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

In some cases, the Global Debtors may have inadvertently listed the incorrect Global Debtor party.

In some cases, the same supplier or provider may appear multiple times in Schedule G.  Multiple listings, if any, reflect distinct agreements between the applicable Global Debtor and such supplier or provider.

The listing of any contract on Schedule G does not constitute an admission by the Global Debtors as to the validity of any such contract.  The Global Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Global Debtors' rights under the Bankruptcy Code with

17

respect to any such omitted contracts or agreements are not impaired by the omission.

In some cases, contract counterparties from dormant legacy businesses and historical acquisitions may not have been updated to reflect assignment to active Global Debtor entities although the Global Debtors have assumed and continue to perform under the terms of such agreements.  In such cases, Global Debtors have included such items on Schedule G of Saks Global Holdings LLC.

The Global Debtors have royalty agreements between other Global Debtor entities and therefore do not record such royalty agreements on their books and records and so such agreements are not included here.

Certain Global Debtors are guarantors and parties to guaranty agreements regarding the Global Debtors' prepetition credit facility.  The guaranty obligations arising under such agreements are reflected on Schedules D and F only.

(o)     **Schedule H – Co-Debtors**.  In the ordinary course of their business, the Global Debtors pay certain expenses on behalf of their subsidiaries.  For purposes of Schedule H, the Global Debtors may not have identified certain guarantees that are embedded in the Global Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements.  Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable.  Thus, the Global Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or become unenforceable.

The Global Debtors have not listed any litigation-related co-Global Debtors on Schedule H.  Instead, all such listings can be found on the Global Debtors' Schedule E/F.

6.     **<u>Specific Statements Disclosures.</u>**

(a)     **Part 1, Question 1 – Income from operations**.  The values reflected in Part 1, Question 1 are at the profit-and-loss level, not on a cash basis.

(b)     **Part 1, Question 2 – Non-business revenue**.  Non-business revenue includes such items as shipping and delivery revenue, expired gift card revenue, customer loyalty revenue, and managed services revenue, among others.  This is reflected at the profit-and-loss level and recorded on an accrual basis, not a cash basis.

(c)     **Part 2, Question 3 – Certain payments or transfers to creditors within 90 days before filing this case**.  Any payments made to the Global Debtors' bankruptcy case professionals and/or insiders within the ninety (90) days prior to the Petition Date are disclosed in response to SOFA 11 and SOFA 30, respectively, and, therefore, are not listed in response to SOFA 3.  Payments made to the Global Debtors' non-insider employees also are not listed in SOFA 3.

(d)     **Part 2, Question 4 – Payments or other transfers of property made within 1 year before filing this case that benefited any insider**.  Please refer to Question 30 of the Statements for Saks Global Enterprises LLC regarding all payments to insiders.  Individual payments to Global Debtor affiliates are not reflected in Question 4 due to their complexity and voluminous nature.

(e)     **Part 2, Question 6 – Setoffs**.  For a discussion of setoffs and nettings incurred by the Global Debtors, refer to paragraph 4(y) of these Global Notes.

(f)     **Part 5, Question 10 – Certain Losses**.  In the ordinary course, the Global Debtors incur immaterial losses due to vandalism, but do not report such losses or receive payments for them.

(g)     **Part 4, Question 9 – Certain gift and charitable donations**.  The Global Debtors make charitable donations both directly to certain nonprofit organizations and indirectly to other charitable causes through lump sum contributions to various third party charitable funds.  The Global Debtors record the direct charity donations and the lump sum contributions to third party charitable funds.  Such information, as available, is listed in SOFA 9.  The subsequent distributions from the third party charitable funds to various other charities are not recorded by the Global Debtors.

(h)     **Part 6, Question 11 – Certain payments or transfers**.  All disbursements listed in Statement 11 were initiated and disbursed by either Saks Global Enterprises LLC or SFA Holdings, Inc., but were for the benefit of all Global Debtors.

(i)     **Part 9, Question 17 – Employee Benefit Plans**.  Certain employee benefit plans listed in Statement 17 were terminated prior to the Petition Date in connection with the previous chapter 11 cases of Neiman Marcus Group LTD LLC (Case No. 20-32519) in 2020.  Such previous cases and terminations are unrelated to these Chapter 11 Cases.

(j)     **Part 10, Question 20 – Off-premises storage**.  The locations listed for off-premise storage do not include shippers that are holding goods in-transit, including but not limited to goods on ships, in trucks, or in warehouses where they may be temporarily stored during the transport process.

(k)     **Part 11, Question 21 – Property held for another**.  In the ordinary course the Global Debtors sell consignment, drop-ship, and concession goods.  Such goods are not included here.  The Global Debtors also have a special orders and will call program in which certain Global Debtors hold goods purchased by customers in the store until the customer comes to retrieve their purchase.  Such goods are also excluded from the schedule.  The program is further described in the *Debtors' Joint Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Maintain and Administer Their (A) Existing Customer Programs and (B) Charitable Donation Programs; (II) Authorizing Banks to Honor and Process Checks and Electronic Transfer Requests Related Thereto; and (III) Granting Related Relief* [Docket No. 15].

19

(l)     **Part 13, Question 26d – List all financial institutions, creditors, and other parties to whom the debtor issued a financial statement within 2 years before filing this case**.  In the ordinary course the Global Debtors provide certain parties, such as banks, auditors, potential investors, vendors, landlords,  and financial advisors, with financial statements that may not be part of a public filing. The Global Debtors do not maintain complete lists to track such disclosures. As such, the Global Debtors have not provided lists of such parties in response to this question.

(m)     **Part 13, Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders**.  The information reported on Question 30 is representative of the total payments made to insiders on behalf of multiple Global Debtor entities during the one year prior to the Petition Date.  For the avoidance of doubt, Question 30 may include payments to individuals who may have been insiders at the time they were employed by the Global Debtors, but are no longer employed by the Global Debtors.  As set forth in the *Debtors' Joint Emergency Motion for Entry of Order (I) Authorizing Debtors to (A) Pay Certain Compensation and Benefits Obligations and (B) Maintain Compensation and Benefits Programs and (II) Granting Related Relief* [Docket No. 10], the Global Debtors historically contribute to employee's 401(k) plans on a discretionary basis.  Where applicable, these amounts are included on SOFA 30.

20

| Fill in this information to identify the case: |
| --- |
| Debtor name: Saks & Company LLC |
| United States Bankruptcy Court for the: Southern District of Texas |
| Case number: 26-90083 |

☐ **Check if this is an amended filing**

## Official Form 207

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:** **Income**

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
| --- | --- | --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** | From 2/2/2025 | to 1/3/2026 | ☑ Operating a business<br>☐ Other | $901,308,374.40 |
| **For prior year:** | From 2/4/2024 | to 2/1/2025 | ☑ Operating a business<br>☐ Other | $1,236,384,203.66 |
| **For the year before that:** | From 2/5/2023 | to 2/3/2024 | ☑ Operating a business<br>☐ Other | $1,503,358,606.83 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
| --- | --- | --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** | From 2/1/2025 | to 1/3/2026 | Other | $12,262,916.93 |
| **For prior year:** | From 2/4/2024 | to 2/1/2025 | Other | $12,296,178.08 |
| **For the year before that:** | From 2/5/2023 | to 2/3/2024 | Other | $10,237,235.00 |

**Part 2:   List Certain Transfers Made Before Filing for Bankruptcy**

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers - including expense reimbursements - to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|
| 3.1 | | | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1<br><br>See SOFA 30 Response<br><br>Relationship to debtor | | | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.

Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1 | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 | Last 4 digits of account number | | |

| Part 3: | **Legal Actions or Assignments** |

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1 **Name** See SOFA 7 Attachment **Case number** _____ | | Name _____ Street _____ City _____ State ___ Zip ___ | ☐ Pending ☐ On appeal ☐ Concluded |

**8. Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| 8.1 Custodian's name and address _____ Street _____ City _____ State ___ Zip ___ | Case title _____ Case number _____ Date of order or assignment _____ | Court name and address Name _____ Street _____ City _____ State ___ Zip ___ |

| Part 4: | **Certain Gifts and Charitable Contributions** |

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☐ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 Recipient's name See SOFA 9 Attachment Street _____ City _____ State ___ Zip ___ **Recipient's relationship to debtor** _____ | | | $1,269,530.18 |

| Debtor | Saks & Company LLC | Case number *(if known)* 26-90083 |
|---|---|---|
| | Name | |

**Part 5:** **Losses**

**10. All losses from fire, theft, or other casualty within 1 year before filing this case**

☐ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| **10.1**<br>Property Damage | $0.00 | 2/5/2025 | Undetermined |
| SALES FLOOR / Interior Carpentry Repair / Ceiling / Roof Leak Related Damage / This area of ceiling needs to be framed and re-drywalled. | | | |
| **10.2**<br>Property Damage | $0.00 | 3/12/2025 | Undetermined |
| Damaged electric disconnect for Restaurant elevator. | | | |
| **10.3**<br>Property Damage | $0.00 | 4/7/2025 | Undetermined |
| Roof leak on the NW part of the 3rd floor in the Mens swim and Accessories area. | | | |
| **10.4**<br>Property Damage | $0.00 | 4/30/2025 | Undetermined |
| Store experienced vandalism. A rock was thrown at a glass door at our east entrance. We're needing the glass replaced. | | | |
| **10.5**<br>Property Damage | $0.00 | 6/8/2025 | Undetermined |
| West side right facing exterior guest entry door is shattered. Cause unknown. Glass is still intact but unstable. | | | |
| **10.6**<br>Property Damage | $0.00 | 8/6/2025 | Undetermined |
| Water damaged Jewelry department in Saks Beachwood. | | | |
| **10.7**<br>Property Damage | $12,500.00 | 9/2/2025 | $12,500.00 |
| An ambulance hit a light pole in the parking lot at Saks Chevy Chase. | | | |

**Part 6:**   **Certain Payments or Transfers**

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1 | | | |
| Email or website address | | | |
| Who made the payment, if not debtor? | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| 12.1 | | | |
| Trustee | | | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property   by sale, trade, or any other means   made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1 | | | |
| Relationship to debtor | | | |

**Part 7:**   **Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | | Dates of occupancy | |
|---|---|---|---|
| 14.1 | | | |
| Street 172 Worth Ave | | From 7/20/1978 | to 5/31/2025 |
| City Palm Beach | State FL   Zip 33480 | | |

Debtor   Saks & Company LLC
         Name

Case number *(if known)* 26-90083

14.2

| Street | | | | From | to |
|---|---|---|---|---|---|
| 36 Midland Ave | | | | 12/5/2013 | 3/31/2024 |

| City | State | Zip |
|---|---|---|
| Portchester | NY | 10573 |

14.3

| Street | | | | From | to |
|---|---|---|---|---|---|
| 901 Market Street | | | | 7/31/2014 | 9/30/2024 |

| City | State | Zip |
|---|---|---|
| San Francisco | CA | 94103 |

14.4

| Street | | | | From | to |
|---|---|---|---|---|---|
| 1680 E Monte Vista Ave | | | | 3/4/2015 | 6/15/2023 |

| City | State | Zip |
|---|---|---|
| Vacaville | CA | 95688 |

14.5

| Street | | | | From | to |
|---|---|---|---|---|---|
| 1626 E. Jefferson St., Spaces 4 and 4A | | | | 9/30/2015 | 10/31/2024 |

| City | State | Zip |
|---|---|---|
| Rockville | MD | 20852 |

14.6

| Street | | | | From | to |
|---|---|---|---|---|---|
| 11113 E 183rd Street | | | | 10/15/2015 | 10/31/2025 |

| City | State | Zip |
|---|---|---|
| Cerritos | CA | 90703 |

14.7

| Street | | | | From | to |
|---|---|---|---|---|---|
| 250 Vesey Street | | | | 12/10/2015 | 6/2/2024 |

| City | State | Zip |
|---|---|---|
| New York | NY | 10281 |

14.8

| Street | | | | From | to |
|---|---|---|---|---|---|
| 850 Third Ave | | | | 12/22/2015 | 7/28/2024 |

| City | State | Zip |
|---|---|---|
| Brooklyn | NY | 11232 |

14.9

| Street | | | | From | to |
|---|---|---|---|---|---|
| 310 Goddard Boulevard | | | | 12/28/2016 | 3/1/2023 |

| City | State | Zip |
|---|---|---|
| King of Prussia | PA | 19406 |

**Part 8:** **Health Care Bankruptcies**

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:

☐ diagnosing or treating injury, deformity, or disease, or

☐ providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1 <br><br> Street <br><br> City        State        Zip | **Location where patient records are maintained**(if different from facility address). If electronic, identify any service provider | **How are records kept?** Check all that apply:<br> ☐ Electronically <br> ☐ Paper |

**Part 9:** **Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☑ Yes. State the nature of the information collected and retained. 
Name, address, email address, telephone number, or other contact information, loyalty program membership information, gender, birthday, age, other demographic information, the contents of any communication including through online chats, and customer interests and preferences

Does the debtor have a privacy policy about that information?
☐ No
☑ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.
☑ Yes. Does the debtor serve as plan administrator?
　　☑ No. Go to Part 10.
　　☐ Yes. Fill in below:

| **Name of plan** | **Employer identification number of the plan** |
|---|---|
| International Ladies' Garment Workers Union (ILGWU) National Retirement Fund | 13-6130178 |

Has the plan been terminated?
☑ No
☐ Yes

| **Name of plan** | **Employer identification number of the plan** |
|---|---|
| International Painters and Allied Trades Industry Pension Plan | 52-6073909 |

Has the plan been terminated?
☑ No
☐ Yes

**Name of plan**
Joint Industry Enginers Union Local 30 Pension Trust Plan (IUOE Local 30 Pension Fund)

**Employer identification number of the plan**
51-6045848

Has the plan been terminated?
☑ No
☐ Yes

**Name of plan**
New York City District Council of Carpenters Pension Fund

**Employer identification number of the plan**
51-0174276

Has the plan been terminated?
☑ No
☐ Yes

**Name of plan**
Saks Fifth Avenue Pension Plan

**Employer identification number of the plan**
13-1256625

Has the plan been terminated?
☑ No
☐ Yes

**Name of plan**
Saks Fifth Avenue Supplemental Pension Plan

**Employer identification number of the plan**
13-1256625

Has the plan been terminated?
☑ No
☐ Yes

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred? Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 Name<br>Street<br>City    State    Zip | | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other | | |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 19.1   Name <br><br> Street <br><br> City   State   Zip | Address | | ☐ No <br> ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 20.1   Name <br> See SOFA 20 Attachment <br><br> Street <br><br> City   State   Zip | Address | | ☐ No <br> ☑ Yes |

| Part 11: | Property the Debtor Holds or Controls that the Debtor Does Not Own |
|---|---|

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1 | | | |

**Part 12:** **Details About Environmental Information**

**For the purpose of Part 12, the following definitions apply:**

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders

☐ No.

☑ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| **22.1** California v. Saks and Company LLC<br>Case Number CVPS 213713 | Name California Superior Court, Riverside Cty<br>Street P.O. Box 1547<br>City Riverside — State CA — Zip 92502 | Health, Safety and Environmental Code Violations | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| **22.2** Center for Environmental Health v. Aesop USA, Inc. et al.<br>Case Number CGC-25-623997 | Name California Superior Court, San Diego Cty<br>Street 1100 Union Street<br>City San Diego — State CA — Zip 92101 | Prop 65 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| **22.3** Ema Bell v. Luxie Inc., et al.<br>Case Number CGC24611618 | Name California Superior Court, County of San Francisco<br>Street 400 McAllister Street<br>City San Francisco — State CA — Zip 94102 | Prop 65 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| **23.1** Name<br>Street<br>City — State — Zip | Name<br>Street<br>City — State — Zip | | |

Debtor   <u>Saks & Company LLC</u>                                    Case number *(if known)* <u>26-90083</u>
  Name

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 24.1 | | | |
| Name | Name | | |
| Street | Street | | |
| City State Zip | City State Zip | | |

---

**Part 13: Details About the Debtor's Business or Connections to Any Business**

---

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 | | |
| See SOFA 25 Attachment | | EIN |
| | | **Dates business existed** |
| | | From    to |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1 | |
| JENNIFER BEWLEY - CFO<br>225 LIBERTY STREET<br>31ST FLOOR<br>NEW YORK, NY 10281 | From<br>12/10/2018  to<br>12/23/2024 |
| 26a.2 | |
| JEFF PEDERSEN - CFO<br>225 LIBERTY STREET<br>31ST FLOOR<br>NEW YORK, NY 10281 | From<br>12/23/2024  to<br>2/6/2025 |
| 26a.3 | |
| MARK WEINSTEN - CFO<br>225 LIBERTY STREET<br>31ST FLOOR<br>NEW YORK, NY 10281 | From<br>2/10/2025  to<br>8/17/2025 |

26a.4

BRANDY RICHARDSON - CFO
225 LIBERTY STREET
31ST FLOOR
NEW YORK, NY 10281

| From | to |
|---|---|
| 8/18/2025 | Present |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|

26b.1

DELOITTE LLP
BAY ADELAIDE EAST
8 ADELAIDE STREET WEST
SUITE 200
TORONTO, ON M5H 0A9
CANADA

| From | to |
|---|---|
| 2021 | 2/1/2024 |

26b.2

DELOITTE & TOUCHE LLP
30 ROCKEFELLER PLAZA
41ST FLOOR
NEW YORK, NY 10112-0015

| From | to |
|---|---|
| 2/2/2024 | Present |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

26c.1

BRANDY RICHARDSON
225 LIBERTY STREET
31ST FLOOR
NEW YORK, NY 10281

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|

26d.1

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ No

☑ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| Joseph Barrientos - AVP, Central Inventory Management | 2/22/2025 | $95,710,109.00 - WAC (Weighted Average Cost) |

| Name and address of the person who has possession of inventory records |
|---|

27.1

JOSEPH BARRIENTOS - AVP, CENTRAL INVENTORY MANAGEMENT
225 LIBERTY STREET
31ST FLOOR
NEW YORK, NY 10280

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| Joseph Barrientos - AVP, Central Inventory Management | 8/16/2024 | $81,746,237.00 - WAC (Weighted Average Cost) |

| Name and address of the person who has possession of inventory records |
|---|

27.2

JOSEPH BARRIENTOS - AVP, CENTRAL INVENTORY MANAGEMENT
225 LIBERTY STREET
31ST FLOOR
NEW YORK, NY 10280

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Position and nature of any interest | % of interest, if any |
|---|---|---|
| 28.1 See SOFA 28 Attachment | | |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name and Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|
| 29.1 See SOFA 29 Attachment | | From _____ to _____ |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No

☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 See SOFA 30 Attachment | $21,859,621.78 | | |

| Relationship To Debtor |
|---|
| |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1 | EIN |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☐ No

☑ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1 International Ladies' Garment Workers Union (ILGWU) National Retirement Fund | EIN 13-6130178 |
| 32.2 International Painters and Allied Trades Industry Pension Plan | EIN 52-6073909 |
| 32.3 Joint Industry Enginers Union Local 30 Pension Trust Plan (IUOE Local 30 Pension Fund) | EIN 51-6045848 |
| 32.4 New York City District Council of Carpenters Pension Fund | EIN 51-0174276 |
| 32.5 Saks Fifth Avenue Pension Plan | EIN 13-1256625 |

**SOFA 7 ATTACHMENT**

Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case # | Nature of Case | Court or Agency's Name | Court or Agency's Address | Status of Case (Pending / On Appeal / Concluded) |
|---|---|---|---|---|---|
| 135 EAST 57TH STREET LLC V. SAKS & COMPANY LLC | 153143/2024 | CONTRACT DISPUTE | N.Y. SUP CT., NY COUNTY | 60 CENTRE ST NEW YORK, NY 10007 | OPEN |
| 26 LOSAMO LLC V. SAKS & COMPANY LLC | 2025191122CC23 | CONTRACT DISPUTE | CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, MIAMI-DADE COUNTY | 175 NW 1ST AVE MIAMI, FL 33128 | OPEN |
| ALMA LIKA ET AL V. SAKS & COMPANY LLC | 162337/2025 | TORT CLAIM | NEW YORK SUPREME COURT | 60 CENTRE ST NEW YORK, NY 10007 | OPEN |
| ANTONIO FERREIRA V. SAKS & COMPANY LLC, ET AL. | 25STCV24672 | LABOR & EMPLOYMENT | CALIFORNIA SUPERIOR COURT | THE STANLEY MOSK COURTHOUSE 111 N. HILL ST. LOS ANGELES, 90012 | OPEN |
| BAYARMAA G. SHANY, V. SAKS & COMPANY, LLC, ET AL. | 23STCV25980 | LABOR & EMPLOYMENT | CAL. SUPER. CT., COUNTY OF LOS ANGELES | 111 N HILL STREET LOS ANGELES, CA 90012 | OPEN |
| BEAUTY HOLDINGS LLC, D/B/A THE SALON PROJECT BY JOEL WARREN V. SAKS & COMPANY LLC ET AL | 156603/2024 | CONTRACT DISPUTE | N.Y. SUP CT., COUNTY OF NEW YORK | 60 CENTRE ST NEW YORK, NY 10007 | OPEN |
| BEAUTY HOLDINGS LLC, D/B/A THE SALON PROJECT BY JOEL WARREN V. SAKS & COMPANY LLC ET AL | 650257/2022 | CONTRACT DISPUTE | N.Y. SUP CT., COUNTY OF NEW YORK | 60 CENTRE ST NEW YORK, NY 10007 | OPEN |
| BENNETH EKWEGBALU V. SAKS FIFTH AVENUE | 721588/2024 | LABOR & EMPLOYMENT | SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF QUEENS | 88-11 SUTPHIN BLVD #106 JAMAICA, NY 11435 | OPEN |
| BEVERLY HARGET V. SAKS & COMPANY, LLC | 24SL-CC03195 | TORT CLAIM | MO. CIRC. CT., COUNTY OF ST. LOUIS | 105 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 | OPEN |
| BRIDGEWATER REGENCY, LLC V. SAKS & COMPANY LLC | L-000829-20 | CONTRACT DISPUTE | N.J. SUPER. CT. LAW DIV., SOMERSET COUNTY | 20 NORTH BRIDGE STREET SOMERVILLE, NJ 08876-1262 | UNDETERMINED |
| CALIFORNIA PAK INTERNATIONAL, INC. V. SAKS & COMPANY, LLC, ET AL. | 24STCV16907 | CONTRACT DISPUTE | CAL. SUPER. CT., COUNTY OF LOS ANGELES | 111 NORTH HILL STREET LOS ANGELES, CA 90012 | CLOSED |
| CALIFORNIA UNION SQUARE V. SAKS & COMPANY | S263373 | VACATING ARBITRATION AWARD | COURT OF APPEAL, FIRST DISTRICT, DIVISION 3, CALIFORNIA. | 350 MCALLISTER STREET SAN FRANCISCO, CA 94102 | CLOSED |
| CAROLINE JEANA OH, AS ASSIGNEE OF ANTHOLOGY PRODUCTIONS INC. V. SAKS OFF 5TH ET AL | 650215/2026 | CONTRACT DISPUTE | SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK | 60 CENTRE ST NEW YORK, NY 10007 | OPEN |
| CASTILLO V. SAKS & CO. | 230600046 | LABOR & EMPLOYMENT | PA. COMM. PLEAS CT. | 601 COMMONWEALTH AVE. SUITE 2100, PO BOX 69118 HARRISBURG, PA 17106-9118 | CLOSED |
| CENTER FOR ENVIRONMENTAL HEALTH, A NON-PROFIT V. AESOP USA, INC. ET AL | CGC25623997 | PROPOSITION 65 CLAIM | CAL. SUPER. CT. | 1100 UNION STREET SAN DIEGO, CA 92101 | OPEN |
| CITI FOX V. SAKS & COMPANY | 24NWLC33365 | CONTRACT DISPUTE | SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | 12720 NORWALK BLVD NORWALK, CA 90650 | CLOSED |
| DAVID TOLBERT V. HUDSON'S BAY COMPANY DBA SAKS FIFTH AVENUE; SAKSINCORPORATED; SAKS FIFTH AVENUE, L.L.C .; SAKS & COMPANY,L.L.C.; LAUREN DICKERSON; ANDDOES 1 THROUGH 100, INCLUSIVE | 30-2021-01190837-CU-OE-CJC | LABOR & EMPLOYMENT | SUPERIOR COURT OF CALIFORNIA - COUNTY OF ORANGE - CENTRAL JUSTICE CENTER | 700 W CIVIC CENTER DR SANTA ANA, CA 92701 | CLOSED |
| DDRTC OVERLOOK AT KING OF PRUSSIA LLC V. SAKS & COMPANY LLC | 2023-15101 | CONTRACT DISPUTE | PA. COMM. PLEAS CT. | 2 E. AIRY STREET NORRISTOWN, PA 19401 | CLOSED |
| DOREEN KUMAR V. SAKS CORPORATION | 25BHSC00304 | CONSUMER CLAIM | SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | BEVERLY HILLS COURTHOUSE 9355 BURTON WAY BEVERLY HILLS, CA 90210 | CLOSED |
| EBONY ANDERSON V. SAKS | SCVA2502533 | CONSUMER CLAIM | SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNADINO | FONTANA DISTRICT 17780 ARROW BOULEVARD FONTANA, CA 92335 | OPEN |
| ELLA WEIDNER V. SAKS & COMPANY LLC | 24STCV17238 | LABOR & EMPLOYMENT | CAL. SUPER. CT., CENTRAL DISTRICT OF CA | 350 W. 1ST STREET SUITE 4311 LOS ANGELES, CA 90012-4565 | CLOSED |
| EMA BELL V. LUXIE, INC. ET AL | CGC24611618 | PROPOSITION 65 CLAIM | CAL. SUPER. CT., COUNTY OF SAN FRANCISCO | 400 MCALLISTER ST SAN FRANCISCO, CA 94102 | OPEN |
| EMANUEL WILLIAMS V. SAKS & COMPANY LLC | 24-CV-3701 | LABOR & EMPLOYMENT | USDC, SOUTHERN DISTRICT OF NY | 500 PEARL STREET NEW YORK, NY 10007 | CLOSED |
| FAN V. THE 18TH POLICE PRECINCT ET AL | 1:24-CV-08910-LTS | TORT CLAIM | U.S. DISTRICT COURT - SOUTHERN DISTRICT OF NEW YORK (FOLEY SQUARE) | 40 FOLEY SQUARE NEW YORK, NY 10007 | OPEN |
| FLETCHER, HANNAH LOUISE V. AVON PRODUCTS | 190045/2019 | ASBESTOS | N.Y. SUP CT., COUNTY OF NEW YORK | 60 CENTRE ST NEW YORK, NY 10007 | OPEN |
| FLOYD JASMIR V. HUDSON BAY COMPANY | L-003760-24 | LABOR & EMPLOYMENT | SUPERIOR COURT OF NEW JERSEY - LAW DIVISION - BERGEN COUNTY | 10 MAIN STREET HACKENSACK , NJ 07601 | CLOSED |
| GERALD GARCIA V. SAKS & COMPANY LLC | 2:24-CV-00395-MMB | LABOR & EMPLOYMENT | USDC, EASTERN DISTRICT OF PA | JAMES A. BYRNE U.S. COURTHOUSE 601 MARKET STREET, ROOM 2609 PHILADELPHIA, PA 19160 | CLOSED |
| HERNANDEZ FRANCO V. SAKS & COMPANY LLC | 25STCV20791 | LABOR & EMPLOYMENT | CAL. SUPER. CT. | STANLEY MOSK COURTHOUSE 111 NORTH HILL STREET LOS ANGELES, CA 90012 | OPEN |
| HUMBERTO CANO PULIDO, AN INDIVIDUAL V. SAKS & COMPANY LLC, A DELAWARE LIMITED LIABILITY COMPANY, ET AL. | 24STCV21390 | LABOR & EMPLOYMENT | CAL. SUPER. CT., COUNTY OF LOS ANGELES | 111 N. HILL ST. LOS ANGELES, CA 90012 | OPEN |
| IN RE: NUEVA VIDA COMMUNITY MENTAL HEALTH INC, DEBTOR | 1:22-11200-BKC-RAM | BANKRUPTCY | US BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA (MIAMI) | C. CLYDE ATKINS UNITED STATES COURTHOUSE 301 NORTH MIAMI AVENUE, ROOM 150 MIAMI, FL 33128 | CLOSED |
| INTERMODA FIRENZE USA LLC V. SAKS & COMPANY LLC | 653787/2024 | CONTRACT DISPUTE | N.Y. SUP CT., COUNTY OF NEW YORK | 60 CENTRE ST NEW YORK, NY 10007 | CLOSED |
| INTERMODA FIRENZE V. SAKS & COMPANY LLC | 653787/2024 | CONTRACT DISPUTE | SUPREME COURT OF THE STATE OF NEW YORK, NEW YORK COUNTY | 60 CENTRE ST NEW YORK, NY 10007 | CLOSED |

**SOFA 7 ATTACHMENT**

Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case # | Nature of Case | Court or Agency's Name | Court or Agency's Address | Status of Case (Pending / On Appeal / Concluded) |
|---|---|---|---|---|---|
| JAMES CRUMP V. SAKS OFF 5TH LLC | 251102630 | LABOR & EMPLOYMENT | COURT OF COMMON PLEAS - PHILADELPHIA COUNTY | 1400 JOHN F KENNEDY BLVD PHILADELPHIA, PA 19107 | OPEN |
| JAMES DRAYTON V. SAKS FIFTH AVENUE LLC, ET AL. | 521232/2021 | TORT CLAIM | N.Y. SUP CT., KINGS COUNTY | 360 ADAMS STREET #4 BROOKLYN, NY 11201 | OPEN |
| JEREMIE MORSON V. SAKS & COMPANY LLC | 1:26-CV-10047 | LABOR & EMPLOYMENT | USDC - DISTRICT OF MA | JOHN JOSEPH MOAKLEY FEDERAL COURTHOUSE 1 COURTHOUSE WAY BOSTON, MA 02210 | OPEN |
| JILL SIMONS V. TB MALL AT UTC | 2026-CA-000770 | TORT CLAIM | CIRCUIT COURT OF THE 12TH JUDICIAL CIRCUIT, SARASOTA COUNTY, FL | LYNN N. SILVERTOOTH JUDICIAL CENTER 2002 RINGLING BLVD SARSOTA, FL 34237 | OPEN |
| KALYNCHUK, MARYNA V. HUDSON'S BAY COMPANY | 2025-L-000958 | PRIVACY | ILL. CIR. CT. | 50 W. WASHINGTON ST CHICAGO, IL 60602 | OPEN |
| KEENA, PATRICK V. BROOKFIELD PROPERTIES ONE WFC CO, LLC, | 52780/2019 | TORT CLAIM | N.Y. SUP CT., WESTCHESTER COUNTY | 111 DR. MARTIN LUTHER KING, JR., BLVD. WHITE PLAINS, NEW YORK 10601 | OPEN |
| KURSHID JHAN V. SAKS FIFTH AVENUE | 2.551E+11 | CONSUMER CLAIM | JUSTICE COURT, HARRIS COUNTY, TEXAS, PRECINCT 5, PLACE 1 | 6000 CHIMNEY ROCK RD SUITE 102 HOUSTON, TX 77081 | CLOSED |
| KYUNGO ET AL V. SAKS & COMPANY LLC ET AL | 3:24-CV-06934-JCS | CONSUMER CLAIM | U.S. DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO) | 450 GOLDEN GATE AVENUE 16TH FLOOR SAN FRANCISCO, CA 94102 | CLOSED |
| LARYSA GOLUBOVYCH V. SAKS & COMPANY LLC | 22-CV-9923 | LABOR & EMPLOYMENT | USDC - SDNY | 500 PEARL STREET NEW YORK, NY 10007 | CLOSED |
| LIDIA SERGEYEVNA POMAVILLE V. SAKS & COMPANY LLC | 20251120766 | CUSTOMER CLAIM | STATE OF IL, CIRCUIT COURT, COOK COUNTY | RICHARD J. DALEY CENTER 50 W WASHINGTON STREET CHICAGO, IL 60602 | CLOSED |
| LIKA, ALMA ET AL V. VALENTINO U.S.A., INC. ET AL | 160910/2024 | TORT CLAIM | N.Y. SUP CT., COUNTY OF NEW YORK | 60 CENTRE ST NEW YORK, NY 10007 | OPEN |
| MALATESTA V. SAKS AND COMPANY LLC ET AL | 2:25-CV-00863-GAM | LABOR & EMPLOYMENT | US DISTRICT COURT EASTERN DISTRICT OF PA (PHILADELPHIA) | 601 MARKET STREET PHILADELPHIA, PA 19106 | OPEN |
| MARIA AROVOLA, AN INDIVIDUAL V. SAKS & COMPANY LLC, A PRIVATE COMPANY ET AL | CGC22601456 | LABOR & EMPLOYMENT | CAL. SUPER. CT., USDC, NORTHERN DISTRICT OF CALIFORNIA | 450 GOLDEN GATE AVENUE 16TH FLOOR SAN FRANCISCO, CA 94102 | CLOSED |
| MARIA KUZMINOVA V. SAKS & COMPANY LLC | 24VESC02473 | CONSUMER CLAIM | LOS ANGELES COUNTY SUPERIOR COURT | 6230 SYLMAR AVE VAN NUYS, CA 91401 | CLOSED |
| MARTIN, DENISIA V. SAKS & COMPANY LLC | 158089/2017 | TORT CLAIM | N.Y. SUP CT. | 60 CENTRE ST NEW YORK, NY 10007 | OPEN |
| MICHELLE EGBUNIKE V. SAKS & COMPANY LLC | 26STCV03462 | LABOR & EMPLOYMENT | SUPERIOR COURT OF CA, COUNTY OF LOS ANGELES | 111 NORTH HILL STREET LOS ANGELES, CA 90012 | OPEN |
| MIRIAM KAPLOVITZ V. SAKS FIFTH AVENUE LLC | OCNL2926 | CONTRACT DISPUTE | SUPERIOR COURT OF NEW JERSEY, OCEAN COUNTY | 120 HOOPER AVE TOMS RIVER, NJ 08753 | OPEN |
| MOHAMMED AL AMIN V. SAKS 5TH AVENUE | CV-011100-24/KI | LABOR & EMPLOYMENT | CIVIL COURT OF THE CITY OF NEW YORK - KINGS COUNTY | 141 LIVINGSTON STREET BROOKLYN, NY 11201 | CLOSED |
| NEJATI V. SAKS & COMPANY LLC | 24STCV25743 | LABOR & EMPLOYMENT | CAL. SUPER. CT., COUNTY OF LOS ANGELES | STANLEY MOSK COURTHOUSE 111 N. HILL STREET LOS ANGELES, CA 90012 | CLOSED |
| OFF WHITE OPERATING SRL ET AL V. SAKS & COMPANY LLC ET AL | 1:25-CV-06203-PKC | CONTRACT DISPUTE | U.S. DISTRICT COURT - SOUTHERN DISTRICT OF NEW YORK (FOLEY SQUARE) | 40 FOLEY SQUARE NEW YORK, NY 10007 | CLOSED |
| PALEY V. SAKS & COMPANY LLC | 23STCV31151 | LABOR & EMPLOYMENT | CAL. SUPER. CT., COUNTY OF LOS ANGELES | 111 N HILL STREET LOS ANGELES, CA 90012 | CLOSED |
| ROSA BELARA YOUNG V. SAKS & COMPANY LLC | 25STSC04944 | CONSUMER CLAIM | SUPERIOR COURT OF CA, COUNTY OF LOS ANGELES | STANLEY MOSK COURTHOUSE 111 NORTH HILL STREET LOS ANGELES, CA 90012 | CLOSED |
| RYAN ABAIR V. SAKS FIFTH AVENUE | 5:25-CV-00469-CV-SHK | INTELLECTUAL PROPERTY | USDC, CENTRAL DISTRICT OF CALIFORNIA | RONALD REAGAN FEDERAL BUILDING AND UNITED STATES COURTHOUSE 411 WEST 4TH STREET, ROOM 1053 SANTA ANA, CA 92701-4516 | OPEN |
| SALMAR PROPERTIES LLC V. SAKS & COMPANY LLC ET AL | 655331/2024 | LANDLORD/TENANT | N.Y. SUP CT. | 60 CENTRE ST NEW YORK, NY 10007 | OPEN |
| SANDEEP DIAMOND CORPORATION ET AL V. SAKS & COMPANY LLC ET AL | 655843/2025 | CONTRACT DISPUTE | NEW YORK SUPREME COURT - NEW YORK COUNTY | 60 CENTRE ST NEW YORK, NY 10007 | OPEN |

In re: Saks Company LLC
Case No. 26-90083

**SOFA 9 ATTACHMENT**
All gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case

| Recipient's Name | Recipient's Address | Relationship to Debtor | Description of Gifts or Contributions | Dates Given | Value |
|---|---|---|---|---|---|
| Ah Haa School for the Arts | 155 West Pacific Avenue, Telluride, CO 81435 | None | In-Store Tie Back | 1/8/2025 | $4,120.00 |
| Alzheimer's Drug Discovery Foundation | 57 W 57th St #904, New York, NY 10019 | None | Gift Card Donation | 5/1/2024 | $3,000.00 |
| Alzheimer's Drug Discovery Foundation | 57 W 57th St #904, New York, NY 10019 | None | Gift Card Donation | 5/1/2025 | $3,000.00 |
| Alzheimer's Drug Discovery Foundation | 57 W 57th St #904, New York, NY 10019 | None | In-Store Tie Back | 7/16/2025 | $2,500.00 |
| amFAR, The Foundation for AIDS Research | 120 Wall Street, 13th Floor, New York, NY 10005 | None | Table Donation | 5/23/2024 | $155,000.00 |
| amFAR, The Foundation for AIDS Research | 120 Wall Street, 13th Floor, New York, NY 10005 | None | Table Donation | 5/25/2025 | $150,000.00 |
| Arizona Cancer Foundation | 2625 N Craycroft Rd., Suite 215, Tucson, AZ 85712 | None | In-Store Tie Back | 10/10/2025 | $2,055.00 |
| Arizona Costume Institute - ACI Luncheon | 1625 N. Central Ave., Phoenix, AZ 85004 | None | Table Donation | 12/1/2025 | $5,000.00 |
| Arizona Costume Institute Holiday Luncheon - Phoenix Art Museum | 1625 North Central Ave., Phoenix, AZ 85004 | None | Table Donation | 12/1/2024 | $5,000.00 |
| Best Foot Forward | 9080 Kimberly Blvd., Boca Raton, FL 33434 | None | Shopping Experience | 3/1/2024 | $2,500.00 |
| Best Foot Forward | 9080 Kimberly Blvd., Boca Raton, FL 33434 | None | Shopping Experience | 10/1/2024 | $2,500.00 |
| Best Foot Forward | 9080 Kimberly Blvd., Boca Raton, FL 33434 | None | Shopping Experience | 3/1/2025 | $2,500.00 |
| Best Foot Forward | 9080 Kimberly Blvd., Boca Raton, FL 33434 | None | Shopping Experience | 10/1/2025 | $2,500.00 |
| Beverly Hills Firefighters Association | 269 S. Beverly Drive, Suite 755, Beverly Hills, CA 90212 | None | Gift Card Donation | 9/12/2024 | $5,000.00 |
| Blue Ribbon | 135 N Grand Ave Los Angeles 90012 | None | Donation | 2/13/2024 | $15,000.00 |
| Boca Helping Hands | 1500 NW 1st Court, Boca Raton, FL 33432 | None | Shopping Experience | 3/1/2025 | $2,500.00 |
| Boca Raton Historical Society | 71 N. Federal Highway, Boca Raton, FL 33431 | None | Shopping Experience | 2/1/2025 | $4,000.00 |
| Boca Raton Regional Hospital | 800 Meadows Road, Boca Raton, FL 33486 | None | Shopping Experience | 10/1/2024 | $5,000.00 |
| Boca Raton Regional Hospital | 800 Meadows Road, Boca Raton, FL 33486 | None | Shopping Experience | 10/1/2025 | $5,000.00 |
| Boys and Girls Club: Keeping Kids Safe Golf Tournament | 2700 Gary Player Blvd, Sarasota, FL | None | Gift Card Donation | 9/29/2025 | $1,250.00 |
| Breast Cancer Alliance | 48 Maple Ave, Greenwich, CT 06830 | None | Gift Card and Lunch for Auction | 12/1/2024 | $1,500.00 |
| Brentwood School Parents Association | 100 S Barrington Pl, Los Angeles, CA 90049 | None | Gift Card Donation and Lunch for Auction | 3/1/2024 | $1,000.00 |
| Catholic Community Foundation Archdiocese of New Orleans | 7887 Walmsley Ave, New Orleans, LA 70125 | None | Table Donation | 8/5/2025 | $5,000.00 |
| Center for Child Protection | 8509 FM 969 #2, Austin, TX 78724 | None | Gift Card Donation | 12/6/2025 | $1,000.00 |
| CEO Chicks: I am well | 13574 Village Park Drive, Suite K215, Orlando, Florida, 32837 | None | Gift Card Donation | 9/19/2025 | $1,750.00 |
| CEO Southwest Florida | 15275 Collier Blvd Ste 201-203, Naples, FL 34119 | None | Product Donation | 10/1/2025 | $1,750.00 |
| Charity Ball Association of San Antonio | P.O. Box 2357. San Antonio, Texas 78298 | None | Donation | 7/30/2025 | $1,750.80 |
| Charity Ball Association of San Antonio | P.O. Box 2357. San Antonio, Texas 78298 | None | Ticket Donation | 10/1/2025 | $2,115.00 |
| Charity Ball Association San Antonio | P.O. Box 6708 San Antonio, TX 78209 | None | Flat Donation | 3/12/2025 | $3,400.00 |
| Charity Ball Legacy Foundation | P.O. Box 100145, San Antonio, Tx. 78201 | None | Gift Card Donation | 4/1/2024 | $4,000.00 |
| Charity Ball Legacy Foundation | P.O. Box 100145, San Antonio, Tx. 78201 | None | Gift Card Donation | 4/1/2025 | $4,000.00 |
| Childhelp | 6730 N Scottsdale Rd, Suite 150, Scottsdale, AZ 85253 | None | Ticket Donation | 3/1/2024 | $1,000.00 |
| Columbus Citizen Foundation | 8 E 69th st, NY, NY 10021 | None | Gift Card and Lunch for Auction | 10/1/2025 | $1,500.00 |
| Community Foundation of Collier County | 2400 Tamiami Trail North Suite 300 Naples, FL 34103 | None | In-Store Tie Back | 3/2/2024 | $3,000.00 |
| Covenant House | 1110 Lovett Blvd., Houston, TX. 77006 | None | Shopping Experience | 4/1/2024 | $1,200.00 |
| Dance Theater of Florida | 9820 FL A1A Alt Ste 208, Palm Beach Gardens, FL 33410 | None | In-Store Tie Back | 3/3/2025 | $1,727.30 |
| David Lawrence Centers | 6075 Bathey Lane, Naples, FL 34116 | None | Sponsorship | 2/1/2024 | $3,000.00 |
| Eldorado Country Club Scholarship Fund Desert Community Foundation | 75-105 Merle Street, Suite 300, Palm Desert, CA 92211 | None | Donation | 7/16/2025 | $5,000.00 |
| Eldorado Country Club Scholarship Fund Desert Community Foundation | 75-105 Merle Street, Suite 300, Palm Desert, CA 92212 | None | In-Store Tie Back | 9/15/2025 | $1,158.40 |
| Elizabeth Taylor Ball to Ends AIDS | 9701 WIlshire Blvd, Suite 610, Beverly Hills, CA 90212 | None | Table Donation | 9/5/2024 | $10,000.00 |

In re: Saks & Company LLC
Case No. 26-90083

**SOFA 9 ATTACHMENT**

All gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case

| Recipient's Name | Recipient's Address | Relationship to Debtor | Description of Gifts or Contributions | Dates Given | Value |
|---|---|---|---|---|---|
| Elizabeth Taylor Ball to Ends AIDS | 9701 WIlshire Blvd, Suite 610, Beverly Hills, CA 90212 | None | Table Donation | 9/2/2025 | $10,000.00 |
| Elton John AIDS Foundation | 584 Broadway, Suite 1006, New York, NY 10012 | None | Table Donation | 1/30/2024 | $16,000.00 |
| Elton John AIDS Foundation | 584 Broadway, Suite 1006, New York, NY 10012 | None | Table Donation | 2/16/2024 | $40,000.00 |
| Elton John AIDS Foundation | 584 Broadway, Suite 1006, New York, NY 10012 | None | Table Donation | 2/27/2024 | $80,000.00 |
| Firefighter Ball | 269 S Beverly Drive, #755, Beverly Hills, CA 90212 | None | Table Donation | 6/11/2024 | $5,000.00 |
| French Institute Alliance L'Alliance | 601 West 26th Street, Suite 325-9, New York, 10001 | None | Donation | 10/18/2024 | $31,185.00 |
| Fresh Start Women's Foundation | 1130 E. McDowell Road, Phoenix, AZ 85006 | None | Ticket Donation | 2/21/2025 | $4,140.00 |
| Fresh Start Women's Foundation - Luncheon | 1130 E McDowell Rd, Phoenix, AZ 85006 | None | Ticket Donation | 3/1/2025 | $4,140.00 |
| Gabrielle's Angels | Soho Works, 430 W. 14th Street, New York, NY 10014 | None | In-Store Tie Back | 9/15/2025 | $5,000.00 |
| Gems for Gems | P.O. Box 11001 Seton PO. CALGARY, AB, T3M 1Y6. | None | Table Donation | 8/1/2024 | $1,945.27 |
| George Snow Scholarship Fund | 201 Plaza Real, Boca Raton, FL 33432 | None | Shopping Experience | 7/1/2024 | $5,000.00 |
| Girls Inc. | 201 S Tuttle Ave, Sarasota, FL 34237 | None | Merchandise Donation | 4/1/2024 | $6,140.00 |
| GiveLove | 1146 N Poinsettia Pl. West Hollywood, CA 90046 | None | Donation | 10/23/2024 | $2,500.00 |
| God's Love We Deliver | 166 Avenue of Americas, NY, NY 10013 | None | In-Store Tie Back | 3/4/2025 | $9,760.57 |
| God's Love We Deliver | 166 Avenue of Americas, NY, NY 10013 | None | Gift Card Donation | 4/25/2025 | $1,000.00 |
| God's Love We Deliver | 166 Avenue of Americas, NY, NY 10013 | None | Summer Gala Sponsorship | 6/6/2025 | $5,000.00 |
| God's Love We Deliver | 166 Avenue of Americas, NY, NY 10013 | None | Gala Sponsorship | 10/7/2025 | $14,000.00 |
| God's Love We Deliver | 166 Avenue of the Americas, New York, NY 10013 | None | Ticket Donation | 10/7/2025 | $14,000.00 |
| Golisano Children Museum of Naples | 15080 Livingston Rd Naples, FL 34109 | None | Tickets | 1/22/2024 | $7,500.00 |
| Golisano Children's Museum of Naples | 15080 Livingston Rd, Naples, FL 34109 | None | Shopping Experience | 2/1/2024 | $5,000.00 |
| Hadassah, The Women's Zionist Organization of America, Inc. | 40 Wall Street, New York, NY 1005 | None | Gift Card Donation | 9/1/2025 | $1,000.00 |
| Hawaiian Humane Society | 91-1945 Fort Weaver Road ʻEwa Beach, Hawaiʻi 96706 | None | Table Donation | 1/29/2025 | $15,000.00 |
| Hawaiian Humane Society Tuxes & Tails | 91-1945 Fort Weaver Road ʻEwa Beach, Hawaiʻi 96706 | None | Table Donation | 1/1/2025 | $25,000.00 |
| Heard Museum | 2301 N Central Ave, Phoenix, AZ 85004 | None | Ticket Donation | 10/4/2024 | $2,000.00 |
| Heard Museum | 2301 N Central Ave, Phoenix, AZ 85004 | None | Donation | 10/4/2024 | $1,000.00 |
| Heard Museum Moondance | 2301 N. Central Ave., Phoenix, AZ 85004 | None | Donation | 4/1/2024 | $2,000.00 |
| Heron Heights Elementary School | 11010 Nob Hill Road, Parkland, FL 33076 | None | Gift Card Donation | 3/1/2024 | $1,500.00 |
| Heron Heights Elementary School | 11010 Nob Hill Road, Parkland, FL 33076 | None | Gift Card Donation | 3/1/2025 | $1,000.00 |
| Honor Health | 250 E. Dunlap Ave. Phoenix, AZ, 85020 | None | In-Store Tie Back | 10/10/2025 | $2,500.00 |
| Houston Livestock & Rodeo Trailblazer Committee | 3 NRG Park, Houston, TX 77054 | None | Table Donation | 2/1/2024 | $2,000.00 |
| Impact 101 | 262 NW 13th Street, Boca Raton, FL 33432 | None | In-Store Tie Back | 12/1/2024 | $2,561.96 |
| Indiana University Health Foundation | Methodist Medical Tower, 1633 N Capitol Ave #1200, Indianapolis, IN 46202 | None | In-Store Tie Back | 4/16/2025 | $2,500.00 |
| Interfaith | 3303 Main St, Houston, TX 77002 | None | Merchandise Donation | 7/1/2024 | $1,022.20 |
| Jonathan Landing/JL Cares Foundation | 16823 Captain Kirle Drive, Jupiter, FL 33477 | None | Shopping Experience | 1/14/2024 | $2,500.00 |
| Junior Achievement | 1130 Coconut Creek Blvd., Coconut Creek, FL 33066 | None | Shopping Experience | 8/1/2025 | $1,500.00 |
| Junior League of Boca Raton | 261 NW 13th Street, Boca Raton, FL 33432 | None | Merchandise Donation | 10/1/2024 | $1,490.00 |
| Junior League of Boca Raton | 261 NW 13th Street, Boca Raton, FL 33432 | None | Shopping Experience | 10/1/2025 | $2,500.00 |
| Korean American Public Action Committee | 6601 Little River Turnpike, Suite 304, Alexandria, VA 21312 | None | Table Donation | 4/27/2025 | $5,000.00 |
| Ladylike Foundation | 4859 W Slauson Avenue, Suite 128, LA, CA 90056 | None | Merchandise Donation | 5/2/2025 | $1,200.00 |
| Lebanese Ladies Cultural Society | P.O. Box 11090, Glendale, CA 91226 | None | In-Store Tie Back | 12/5/2024 | $2,500.00 |
| Los Angeles County Museum of Art | 5905 Wilshire Blvd, Los Angeles, CA 90036 | None | Donation | 10/16/2024 | $75,000.00 |
| Los Angeles County Museum of Art | 5905 Wilshire Blvd, Los Angeles, CA 90036 | None | Donation | 10/28/2024 | $75,000.00 |
| Lung Cancer Research Foundation | P.O. Box 780990, Philadelphia, PA 19178 | None | Gift Card Donation | 9/1/2024 | $1,000.00 |
| Lyon Family Foundation | 1406 North Astor Street Chicago, IL 60610 US | None | Ball Sponsorship | 10/4/2024 | $7,000.00 |

In re: Saks & Company LLC
Case No. 26-90083

**SOFA 9 ATTACHMENT**

All gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case

| Recipient's Name | Recipient's Address | Relationship to Debtor | Description of Gifts or Contributions | Dates Given | Value |
|---|---|---|---|---|---|
| Make-A-Wish Foundation of Orange County and the Inland Empire | 3230 El Camino Real, Suite 100 Irvine, CA 92602 | None | Product Donation | 3/16/2025 | $1,200.00 |
| Maltz Jupiter Theatre | 1001 E. Indiantown Road, Jupiter, FL 33477 | None | Shopping Experience | 2/1/2025 | $6,000.00 |
| Maurer Foundation Long Island | 534 Broadhollow Rd #330, Melville, NY 11747 | None | Flat Donation | 2/22/2025 | $2,500.00 |
| Middleburg Festival Film Festival | Post Office Box 1566 Middleburg, VA 20118 | None | Flat Donation | 12/18/2024 | $25,725.00 |
| Middleburg Festival Film Festival | P.O. Box 1566. Middleburg, VA 20118 | None | Donation | 9/10/2025 | $25,725.00 |
| Mission of Yahweh | 10247 Algiers Rd, Houston, TX 77041 | None | Table Donation | 8/28/2025 | $5,200.00 |
| Mother's Day Council, Inc. | 34-09 Queens Boulevard, Third Floor, Long Island City, NY 11101 | None | Gift Card and Lunch for Auction | 5/1/2024 | $1,000.00 |
| Museum of Contemporary Art | 250 South Grand Avenue Los Angeles, CA 90012 | None | Donation | 3/20/2025 | $25,750.00 |
| Naples Botanical Garden | 4820 Bayshore Dr, Naples, FL 34112 | None | Shopping Experience | 3/1/2025 | $2,500.00 |
| Naples Children & Education Foundation | 2590 Goodlette-Frank Rd, Naples, FL 34103 | None | Shopping Experience | 1/15/2024 | $5,000.00 |
| Naples Children & Education Foundation | 2590 Goodlette-Frank Rd, Naples, FL 34103 | None | Shopping Experience | 1/1/2025 | $7,500.00 |
| Naples Women's Foundation | 570 Park St, Naples, FL 34102-6612 | None | Product Donation | 1/1/2026 | $5,000.00 |
| New Jersey Center for Tourette Syndrome and Associated Disorders | 50 Division Street, Suite 205 Somerville NJ 08876 | None | Donation | 5/20/2024 | $1,000.00 |
| New York L'Alliance | 22 E 60th St, New York, NY 10022 | None | Gala Sponsorship | 11/11/2024 | $30,000.00 |
| OLE Health Foundation | 1141 Pear Tree Ln Ste 100, Napa, CA 94558-6485 | None | In-Store Tie Back | 4/12/2025 | $2,500.00 |
| One Step Closer Foundation | 5807 Braesheather, Houston, TX 77096 | None | In-Store Tie Back | 6/10/2025 | $2,500.00 |
| Operation Paws for Homes | P.O. Box 35606 N. Chesterfield, VA 23235 | None | Donation | 4/28/2024 | $1,500.00 |
| Park Children Day School | 4 W 76th st, NY, ,NY 10023 | None | Gift Card and Lunch for Auction | 5/1/2025 | $2,000.00 |
| Park Children Day School | 4 W 76th st, NY, ,NY 10023 | None | Gift Card and Lunch for Auction | 1/1/2026 | $2,000.00 |
| Patty Brisben Foundation | 308 E 8th st, Cincinnati, OH 45202 | None | Gala Sponsorship | 10/1/2024 | $15,544.04 |
| Patty Brisben Foundation | 1801 Gilbert Ave, Cincinnati, OH 45202 | None | Gift Card Donation | 7/1/2025 | $7,500.00 |
| Patty Brisben Foundation | 1801 Gilbert Ave, Cincinnati, OH 45202 | None | Gift Card and Lunch for Auction | 8/1/2025 | $1,500.00 |
| Phoenix Art Museum | 1625 North Central Ave., Phoenix, AZ 85004 | None | Table Donation | 11/12/2025 | $5,000.00 |
| Place of Hope | 21441 Boca Rio Rd, Boca Raton, FL 33433 | None | Donation | 4/1/2024 | $5,000.00 |
| Power Of Love Gala - Cleveland Clinic Lou Ruvo Center for Brain Health | 888 W Bonneville Ave., Las Vegas, Nevada 89106 | None | Table Donation | 5/10/2024 | $4,000.00 |
| Race to Erase MS | 1875 Century Park East, STE 280, Los Angeles, CA 90067 | None | Merchandise Donation | 5/2/2025 | $1,000.00 |
| Rose and Alex Pilibos Armenian School | 1615 North Alexandria Ave. Los Angeles, CA 90027 | None | In-Store Tie Back | 12/23/2024 | $1,704.01 |
| Rotary Club of Honolulu | 705 Queen St, Honolulu, HI 96813 | None | Table Donation | 5/6/2025 | $3,000.00 |
| Royal Dames of Cancer Research | 3296 N. Federal Highway, #11525, Ft. Lauderdale, FL 33339 | None | Merchandise Donation | 9/1/2025 | $2,750.00 |
| San Antonio Zoological Society | 3903 N. St. Mary's Street, San Antonio, TX 78212 | None | Table Donation | 11/10/2025 | $1,500.00 |
| Sarasota Memorial Healthcare Foundation | B, 1515 S Osprey Ave #4, Sarasota, FL 34239 | None | Merchandise Donation | 9/1/2024 | $3,150.00 |
| Schwarzman Animal Medical Center | 510 East 62nd Street, New York, NY 10065 | None | Gift Card Donation | 10/10/2024 | $15,000.00 |
| Selfless Love Foundation | 1095 Military Trail, Jupiter, FL 33458 | None | Shopping Experience | 4/1/2024 | $5,000.00 |
| She+ Foundation | 1801 Gilbert Ave, Cincinnati, OH 45202 | None | Gala Sponsorship | 10/4/2025 | $15,544.04 |
| Sisterhood for Good | 8374 Market Street, #181, Lakewood Ranch, FL 34202 | None | Gift Card Donation | 11/5/2025 | $1,250.00 |
| Sisterhood for Good | 8374 Market Street, #181, Lakewood Ranch, FL 34202 | None | Gift Card Donation | 11/5/2025 | $1,000.00 |
| Sunshine from Darkness (Lee & Bob Peterson Foundation Inc) | P.O. Box 49201, Sarasota, FL 34230-6201 | None | Gift Card Donation | 1/24/2025 | $1,250.00 |
| Sweet Dream Makers | 55 NE 5th Avenue, Boca Raton, FL 33432 | None | Shopping Experience | 12/1/2025 | $2,500.00 |
| Team Kids, Inc | Laguna Beach, CA 92651 | None | Gift Card Donation | 10/13/2025 | $1,000.00 |

**SOFA 9 ATTACHMENT**

All gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case

| Recipient's Name | Recipient's Address | Relationship to Debtor | Description of Gifts or Contributions | Dates Given | Value |
|---|---|---|---|---|---|
| Telluride AIDS Benefit | 126 W Colorado Ave, Telluride, CO 81435 | None | Donation | 3/18/2025 | $2,500.00 |
| The Bissell Pet Foundation - Blocktail Party | 2345 Walker Ave NW, Grand Rapids, MI 49544 | None | Gift Card Donation and Shopping Experience | 6/1/2025 | $1,500.00 |
| The Chasing Hope Foundation | P.O. Box 5117, Boone, IA 50950 | None | Table Donation | 4/1/2024 | $2,500.00 |
| The Colleagues | 3312 Pico Boulevard Santa Monica, CA, 90405 | None | Table Donation | 4/25/2024 | $5,000.00 |
| The Colleagues | 3312 Pico Boulevard Santa Monica, CA, 90405 | None | Table Donation | 4/12/2025 | $5,000.00 |
| The Colleagues | 3312 Pico Blvd, Santa Monica, CA 90405 | None | Table Donation | 5/1/2025 | $2,500.00 |
| The Confident Closet | 3351 Telegraph Rd. and 913 E. Santa Clara St | None | Donation | 9/1/2025 | $2,000.00 |
| The DoSeum | 2800 Broadway, San Antonio, TX 78209 | None | Shopping Experience | 4/12/2024 | $2,500.00 |
| The Houston Symphony Society | 615 Louisiana Street, Houston, TX 77002 | None | Donation | 2/1/2024 | $5,000.00 |
| The Houston Symphony Society | 615 Louisiana Street, Houston, TX 77002 | None | Donation | 5/1/2025 | $15,000.00 |
| The Humane Society | 2331 15th St, Sarasota, FL 34237 | None | Gift Card Donation | 4/29/2025 | $1,000.00 |
| The Oaks Women's Club | 301 Mac Ewen Dr, Osprey, FL 34229 | None | Gift Card Donation | 2/14/2025 | $1,250.00 |
| The Richmond Hill Historical Society | 11460 Ford Avenue, Richmond Hill, Georgia | None | Gift Card Donation | 5/30/2025 | $1,000.00 |
| The Saving Hope Foundation | 420 Throckmorton St, Ste 550, Fort Worth, TX 76102 | None | Gift Card Donation | 5/15/2025 | $1,500.00 |
| The Shelter for Abused Women & Children | P.O. Box 10102, Naples FL 34101 | None | Table Donation | 4/1/2025 | $4,000.00 |
| The Studio Theatre Annual Benefit/Gala | 501 14th Street NW Washington, DC 20005 | None | Table Donation | 5/12/2025 | $2,500.00 |
| The Washington National Ballet Gala | 3515 Wisconsin Ave NW, Washington, DC 20016 | None | Table Donation | 5/16/2024 | $2,500.00 |
| The Washington National Ballet Gala | 3515 Wisconsin Ave NW, Washington, DC 20016 | None | Table Donation | 5/18/2025 | $2,500.00 |
| The Washington National Opera - Gala | 6955 Willow St. NW, #377, Washington, DC 20012. | None | Donation | 5/1/2024 | $3,000.00 |
| Tower Cancer Magnolia Council | 8767 Wilshire Blvd. Suite 401, Beverly Hills, CA 90211 | None | Gift Card Donation | 10/14/2024 | $1,250.00 |
| Tower Cancer Research Foundation | 8767 Wilshire Blvd, Suite 401, Beverly Hills, CA 90211-2714 | None | Gift Card Donation and Lunch for Auction | 8/22/2024 | $2,000.00 |
| Triple Negative Breast Cancer Foundation | P.O. Box 204. Norwood, New Jersey 07648 | None | Table Donation | 5/28/2024 | $1,500.00 |
| Unconditional: Senior and Special Dogs | 20592 Laguna Canyon Rd, Laguna Beach, CA 92651 | None | Gift Card Donation | 9/7/2025 | $1,000.00 |
| Urban League Gala | 740 West 5th Street, Charlotte, NC 28202 | None | In-Store Tie Back | 9/12/2025 | $2,500.00 |
| Visionary Women | 9663 Santa Monica Blvd # 851, Beverly Hills, CA 90210 | None | Table Donation | 9/5/2025 | $2,668.80 |
| Visionary Women | 9663 Santa Monica Blvd, Beverly Hills, CA 90210-4303 | None | Table Donation | 10/1/2025 | $2,668.80 |
| Windward School | 11350 Palms Blvd., LA 90066 | None | Gift Card Donation | 3/20/2024 | $1,000.00 |
| Women Of Substance Abuse | P.O. Box 25112 , Houston, TX. 77265 | None | Merchandise Donation | 10/1/2024 | $1,630.00 |
| Women of Tomorrow | 4400 Biscayne Blvd. Suite, 580 Miami, Fl 33137 | None | Gift Card Donation | 11/1/2025 | $1,000.00 |
| Women's Guild Cedars-Sinai Gala | 8700 Beverly Blvd, Los Angeles, CA 90048 | None | Gift Card Donation and Lunch for Auction | 11/1/2024 | $1,000.00 |
| Women's Bar Association Foundation DC | 2800 Eisenhower Avenue, Suite 210, Alexandria, VA 22314 | None | Donation | 12/12/2025 | $1,000.00 |
| Women's Business Development Center | 4240 Duncan Avenue, St. Louis, MO 63110 | None | In-Store Tie Back | 4/9/2025 | $2,075.01 |
| Women's Cancer Research Fund of BCRF | P.O. Box 102104 Pasadena, CA 91189 | None | In-Store Tie Back | 7/9/2025 | $1,333.98 |
| Women's Guild Cedars Sinai | 8700 Beverly Blvd, Los Angeles, CA 90048. | None | Gift Card | 11/21/2024 | $1,000.00 |
| Women's Guild Cedars Sinai | 8700 Beverly Blvd, Los Angeles, CA 90048. | None | Gift Card Donation | 11/19/2025 | $1,000.00 |

**TOTAL**   $1,269,530.18

In re: Saks & Company LLC
Case No. 26-90083

Page 4 of 4

**SOFA 20 ATTACHMENT**
Off-Premises Storage

| Facility Name | Address 1 | Address 2 | Address 3 | Address 4 | City | State | ZIP | Country | Names of Anyone With Access | Address of Person With Access | Description of the Contents | Does the Debtor Still Have It? (Yes/No) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AIT WORLDWIDE LOGISTICS INC | 60 METRO WAY | | | | SECAUCUS | NJ | 7094 | | ALLEN WALTHER | 611 FIFTH AVENUE, NEW YORK, NY 10022 | NY FLAGSHIP BEAUTY FIXTURES/COLLATERAL | YES |
| COMMONWEALTH PACKAGING CO. | 5490 LINGLESTOWN ROAD | | | | HARRISBURG | PA | 17112 | | SYDNEY MAISEL-STRAITMAN | 5490 LINGLESTOWN RD. HARRISBURG, PA 17112 | PROPRIETARY SUPPLIES | YES |
| EXTRA SPACE STORAGE FACILITY | 8471 DAVIS BLVD | | | | NAPLES | FL | 34104 | | ANGELO DENOFRIO | 5395 TAMIAMI TRAIL N NAPLES, FL 34108 | VISUAL AND MERCHANDISE FIXTURING | YES |
| INTERNATIONAL HANGER | 10910 DOMAIN DR. | | | | AUSTIN | TX | 78758 | | ROB SNOWDON | 10910DOMAIN DR. AUSTIN TX, 78758 | SFA WOODEN LOGO HANGERS | YES |
| IRON MOUNTAIN | 8240 STAYTON DRIVE | BLDG. 17 | | | JESSUP | MD | 20794-9635 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 8250 STAYTON DRIVE | BLDG. 40 | | | JESSUP | MD | 20794-9641 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 11221 SCAGGSBILLE ROAD | BLDG. 6 | | | LAUREL | MD | 20723-2300 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 3000 2ND AVENUE | BUILDING II | | | SOUTH BIRMINGHAM | AL | 35233-3032 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 331 SWIFT ROAD | BLDG. AD | | | ADDISON | IL | 60101-1448 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 341 ARI COURT | BLDG. AN | | | ADDISON | IL | 60101-1448 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 800 NORTH AVENUE | BLDG. BN | | | BENSENVILLE | IL | 60106-1629 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 1565 HUNTER ROAD | BLDG. ML | | | HANOVER PARK | IL | 60133-6769 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 19200 TREAT ROAD | BUILDING 65 | | | WALTON HILLS | OH | 44146 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 1 ARCHIVE COURT | BLDG. 1 | | | WEST COLUMBIA | SC | 29169-5756 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 1061 CAROLINA PINES ROAD | BLDG. 2 | | | BLYTHEWOOD | SC | 29016-7786 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 1061 CAROLINA PINES ROAD | BLDG. 3 | | | BLYTHEWOOD | SC | 29016-7786 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 1800 COLUMBIAN DRIVE | BLDG. CC | | | CARROLLTON | TX | 75006-5519 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | P.O. BOX 819052 | BLDG. L2 | | | CARROLLTON | TX | 75011 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 1202 AVENUE R | BLDG. GP | | | GRAND PRAIRIE | TX | 75050-1601 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 11333 E 53RD AVENUE | BUILDING D6 | | | DENVER | CO | 80239-2109 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 7655 NORTH HAGGERTY ROAD | BLDG. CA | | | CANTON | MI | 48187-2435 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 12000 SEARS DRIVE | BLDG. RK | | | LIVONIA | MI | 48150-1053 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 2301 PROSPERITY WAY | BUILDING 1 | | | FLORENCE | SC | 29501-0804 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 2235 CESSNA DRIVE | BUILDING BL | | | BURLINGTON | NC | 27215 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 125 CALIBER RIDGE ROAD | BUILDING GR | | | GREER | SC | 29651-6750 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 202 WEST 38TH STREET | BUILDING PF | | | HOUSTON | TX | 77018-6610 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 150 NW SPACE CENTER LOOP | BLDG. L2 | | | LEES SUMMIT | MO | 64064-2329 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 6301 WINCHESTER AVENUE, SUITE 817 | BLDG. C3 | | | KANSAS CITY | MO | 64133-4667 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 1428 PAMA LANE | BLDG. 1 | | | LAS VEGAS | NV | 89119-3725 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 4105 N LAMB BLVD | BLDG. 2 | | | LAS VEGAS | NV | 89115-1869 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 8700 MERCURY LANE | BLDG. PC | | | PICO RIVERA | CA | 90660-6705 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 16028 SOUTH MARQUARDT AVENUE | BLDG. MQ | | | CERRITOS | CA | 90703-2347 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 415 BRICK CHURHC PARK DR. | BLDG. 3 | | | NASHVILLE | TN | 37207-3218 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 650 HOWARD AVENUE | 1,2,3,4,5 | | | SOMERSET | NJ | 8873 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 811 ROUTE 33 | F1-F7, G1, G2, H1, H2, H4 | | | FREEHOLD | NJ | 07728-8431 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 26 SOUTH MIDDLESEX AVENUE | M1, M2 | | | MONROE | NJ | 08831-3724 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 1 BRICK PLANT ROAD | SR | | | SOUTH RIVER | NJ | 08882-1097 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 51-69 COURT STREET | NW | | | NEWARK | NJ | 07102-4905 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 100 HARBOR DRIVE | J1 / FA | | | JERSEY CITY | NJ | 07305-4506 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 22 KIMBERLY ROAD | 20, 22, 30 | | | EAST BRUNSWICK | NJ | 08816-2009 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 910 SOUTH OYSTER BAY ROAD | BLDG. HK | | | HICKSVILLE | NY | 11801 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 1 RAMLAND ROAD | BLDG. OB | | | ORANGEBURG | NY | 10962-1206 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 530 BROADWAY STREET | BLDG. PE | | | PORT EWEN | NY | 12466 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 530 BROADWAY STREET | BLDG. PH | | | PORT EWEN | NY | 12466 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 1201 FREEDOM DRIVE | BLDG. C1 | | | CRANBERRY TOWNSHIP | PA | 16066-4915 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 7466 CHANCELLOR DRIVE | BLDG. 1 | | | ORLANDO | FL | 32809-6214 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 1750 SHENANGO ROAD | BLDG. SR | | | NEW GALILEE | PA | 16141-2224 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 7530 NORTH LEADBETTER ROAD | BUILDING 10 | | | PORTLAND | OR | 97203-6807 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 8661 KERNS STREET | BUILDING OT | | | SAN DIEGO | CA | 92154-6286 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 6933 PRESTON AVENUE | BLDG. LV | | | LIVERMORE | CA | 94550 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 23497 EICHLER STREET | BLDG. H3 | | | HAYWARD | CA | 94545 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 111 URANIUM DRIVE | BLDG. SV | | | SUNNYVALE | CA | 94086 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 13700 NW 2ND STREET | BUILDING 19 | | | SUNRISE | FL | 33325-6201 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| IRON MOUNTAIN | 11701 MISSOURI BOTTOM ROAD | BUILDING M2 | | | HAZELWOOD | MO | 63042-2437 | | JOHN WEIHE | 225 LIBERTY STREET, FLOOR 31NEW YORK, NY 10281 | DOCUMENT STORAGE | YES |
| PAPILLON RIBBON & BOW, INC. | 35 MONHEGAN ST. | | | | CLIFTON | NJ | 7013 | | LEONA ALAVAREZ | 35 MONHEGAN ST. CLIFTON, NJ 07013 | SFA RIBBON | YES |
| WOODSIDE 56 LLC | 34-48 56TH STREET | | | | WOODSIDE | NY | 11377 | | ALLEN WALTHER | 611 FIFTH AVENUE, NEW YORK, NY 10022 | THIS IS A VISUAL PRODUCTION SITE SUPPORTING NY FLAGSHIP | YES |

**SOFA 25 ATTACHMENT**

Other businesses in which the debtor has or has had an interest

| Business Name | Address 1 | Address 2 | City | State | ZIP | Describe the Nature of the Business | Employer Identification Number | From | To |
|---|---|---|---|---|---|---|---|---|---|
| CAFE BEVERLY SFA TRUST | 225 LIBERTY STREET | 31ST FLOOR | NEW YORK | NY | 10281 | STATUTORY BUSINESS TRUST FOR LIQUOR LICENSE PURPOSES; NO OPERATIONS | N/A | 12/30/2022 | PRESENT |
| CASA TUA CUCINA (MIAMI) ASSOCIATES, LLC | | | | | | RESTAURANT | 37-1847033 | 1/18/2017 | PRESENT |
| HBC CONVENE HOLDINGS LLC | 225 LIBERTY STREET | 31ST FLOOR | NEW YORK | NY | 10281 | CONTRIBUTE PROPERTIES TO CONVENE VENTURE FOR CO-WORKING SPACES | 88-2406462 | 4/8/2022 | 10/7/2024 |
| HBC DIGITAL LLC | 225 LIBERTY STREET | 31ST FLOOR | NEW YORK | NY | 10281 | HOLDING ENTITY | 87-4654714 | 1/4/2022 | PRESENT |
| HBS GLOBAL PROPERTIES LLC (NON-DEBTOR) | 225 LIBERTY STREET | 31ST FLOOR | NEW YORK | NY | 10281 | REAL ESTATE ENTITY | 38-3974000 | 6/12/2015 | PRESENT |
| MERCHANDISE CREDIT, LLC | 225 LIBERTY STREET | 31ST FLOOR | NEW YORK | NY | 10281 | ISSUING ENTITY FOR SAKS GIFT CARDS. | 04-3586216 | 12/20/2001 | PRESENT |
| MERCURY AGGREGATOR HOLDCO LLC | 225 LIBERTY STREET | 31ST FLOOR | NEW YORK | NY | 10281 | HOLDING COMPANY | 33-2488580 | 12/23/2024 | PRESENT |
| NMG PARENT LLC | 225 LIBERTY STREET | 31ST FLOOR | NEW YORK | NY | 10281 | HOLDING COMPANY | 85-3044670 | 9/16/2020 | PRESENT |
| PERUVIAN AVENUE CORPORATION | | | | | | PARKING LOTS | 59-0967610 | N/A | PRESENT |
| SAKS (CAYMAN) MANHATTAN BLOCKER INC. | 225 LIBERTY STREET | 31ST FLOOR | NEW YORK | NY | 10281 | HOLDING ENTITY | 86-3211473 | 3/2/2021 | PRESENT |
| SAKS (EU) MANHATTAN BLOCKER INC. | 225 LIBERTY STREET | 31ST FLOOR | NEW YORK | NY | 10281 | HOLDING ENTITY | 86-3179927 | 3/2/2021 | PRESENT |
| SAKS & COMPANY REAL PROPERTY LLC | 225 LIBERTY STREET | 31ST FLOOR | NEW YORK | NY | 10281 | REAL ESTATE ENTITY | 46-4400382 | 12/3/2013 | PRESENT |
| SAKS FIFTH AVENUE LLC | 225 LIBERTY STREET | 31ST FLOOR | NEW YORK | NY | 10281 | REAL ESTATE ENTITY | 04-2226632 | 2/1/2014 | PRESENT |
| SAKS FIFTH AVENUE PUERTO RICO, INC. | 225 LIBERTY STREET | 31ST FLOOR | NEW YORK | NY | 10281 | INACTIVE ENTITY | 46-1252589 | 8/8/2012 | PRESENT |
| SAKS GLOBAL INVESTMENTS INC. | 225 LIBERTY STREET | 31ST FLOOR | NEW YORK | NY | 10281 | INACTIVE ENTITY | 86-3617635 | 4/23/2021 | PRESENT |
| SAKS MANHATTAN (BLOCKER) HOLDINGS L.P. | 225 LIBERTY STREET | 31ST FLOOR | NEW YORK | NY | 10281 | HOLDS CLASS A INTERESTS IN SAKS.COM HOLDINGS LLC; NO OPERATIONS | 86-2368610 | 3/5/2021 | PRESENT |
| SAKS OFF 5TH HOLDINGS LLC | 225 LIBERTY STREET | 32ND FLOOR | NEW YORK | NY | 10281 | TOPCO FOR SAKS OFF 5TH DIGITAL; NO OPERATIONS | 86-3608672 | 1/11/2021 | PRESENT |
| SAKS.COM HOLDINGS LLC | 225 LIBERTY STREET | 31ST FLOOR | NEW YORK | NY | 10281 | OWNS SAKS.COM LLC | 86-2440683 | 1/11/2021 | PRESENT |
| SCCA LEASEHOLD LLC | 225 LIBERTY STREET | 31ST FLOOR | NEW YORK | NY | 10281 | REAL ESTATE ENTITY | 88-2426260 | 5/18/2022 | PRESENT |
| SCCA STORE HOLDINGS REAL PROPERTY LLC | 225 LIBERTY STREET | 31ST FLOOR | NEW YORK | NY | 10281 | REAL ESTATE ENTITY | 46-4341112 | 1/5/2014 | PRESENT |

In re: Saks & Company LLC
Case No. 26-90083 (ARP)

**SOFA 28 ATTACHMENT**

Current officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of filing this case

| Name | Address | Position and Nature of Any Interest | % of Interest |
|---|---|---|---|
| ANDREW WOODWORTH | 225 LIBERTY STREETNEW YORK, NY | CHIEF LEGAL OFFICER & SECRETARY | |
| BRANDY RICHARDSON | 225 LIBERTY STREETNEW YORK, NY | CHIEF FINANCIAL OFFICER | |
| DARCY PENICK | 225 LIBERTY STREETNEW YORK, NY | CHIEF COMMERCIAL OFFICER | |
| GEOFFROY VAN RAEMDONCK | 225 LIBERTY STREETNEW YORK, NY | CHIEF EXECUTIVE OFFICER | |
| IAN PUTNAM | 225 LIBERTY STREETNEW YORK, NY | DIRECTOR | |
| JESSICA MORRIS | 225 LIBERTY STREETNEW YORK, NY | VICE PRESIDENT, TREASURER | |
| KELLY BOWE | 225 LIBERTY STREETNEW YORK, NY | VICE PRESIDENT, TAX | |
| KIMBERLY MILLER | 225 LIBERTY STREETNEW YORK, NY | CHIEF CUSTOMER OFFICER | |
| KURT SCHNEIDER | 225 LIBERTY STREETNEW YORK, NY | SENIOR VICE PRESIDENT, SAKS GLOBAL PROPERTY GROUP | |
| LANA TODOROVICH | 225 LIBERTY STREETNEW YORK, NY | CHIEF GLOBAL BRAND RELATIONSHIPS | |
| MARK WEINSTEN | 225 LIBERTY STREETNEW YORK, NY | CHIEF RESTRUCTURING OFFICER | |
| MIKE HITE | 225 LIBERTY STREETNEW YORK, NY | CHIEF TECHNOLOGY OFFICER | |
| MINDY NOVACK | 225 LIBERTY STREETNEW YORK, NY | GENERAL COUNSEL, SAKS GLOBAL PROPERTY GROUP | |
| PACE MCDONALD | 225 LIBERTY STREETNEW YORK, NY | VICE PRESIDENT, TAX | |
| PAUL ARONZON | 225 LIBERTY STREETNEW YORK, NY | DIRECTOR | |
| RICHARD BAKER | 225 LIBERTY STREETNEW YORK, NY | DIRECTOR | |
| SARAH GARBER | 225 LIBERTY STREETNEW YORK, NY | CHIEF PEOPLE OFFICER | |
| SFA HOLDINGS INC. | 225 LIBERTY STREETNEW YORK, NY | MEMBER | 100% |
| WILLIAM TRACY | 225 LIBERTY STREETNEW YORK, NY | DIRECTOR | |

In re: Saks & Company LLC
Case No. 26-90083

Page 1 of 1

**SOFA 29 ATTACHMENT**

Former officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor within 1 year before the filing of this case

| Name | Address | Position and Nature of Any Interest | From | To |
|---|---|---|---|---|
| EMILY ESSNER | 225 LIBERTY STREETNEW YORK, NY | PRESIDENT & CHIEF COMMERCIAL OFFICER | 7/11/2011 | 10/30/2025 |
| IAN PUTNAM | 225 LIBERTY STREETNEW YORK, NY | CHIEF EXECUTIVE OFFICER, SAKS GLOBAL PROPERTIES & INVESTMENTSDIRECTOR | 1/1/2015 | 1/13/2026 |
| JEFF PEDERSEN | 225 LIBERTY STREETNEW YORK, NY | CHIEF FINANCIAL OFFICER | 8/12/2024 | 2/6/2025 |
| JENNIFER BEWLEY | 225 LIBERTY STREETNEW YORK, NY | SVP, CHIEF FINANCIAL OFFICER | 12/10/2018 | 4/24/2025 |
| JOHN ANTONINI | 225 LIBERTY STREETNEW YORK, NY | DIRECTOR OF STORES, SAKS FIFTH AVENUE & NEIMAN MARCUS | 5/10/1999 | 7/1/2025 |
| LARRY BRUCE | 225 LIBERTY STREETNEW YORK, NY | PRESIDENT, SAKS FIFTH AVENUE & NEIMAN MARCUS STORES | 6/12/2003 | 7/1/2025 |
| LU ZHANG | 225 LIBERTY STREETNEW YORK, NY | SVP, TAXATION | 6/3/2019 | 4/25/2025 |
| MARC METRICK | 225 LIBERTY STREETNEW YORK, NY | CHIEF EXECUTIVE OFFICER, SAKS GLOBAL OPERATING GROUP | 1/1/2019 | 1/2/2026 |
| MARK WEINSTEN | 225 LIBERTY STREETNEW YORK, NY | INTERIM CHIEF FINANCIAL OFFICER | 4/1/2025 | 10/15/2025 |
| RICHARD BAKER | 225 LIBERTY STREETNEW YORK, NY | EXECUTIVE CHAIRMAN - DIRECTOR | 2/1/2013 | 1/13/2026 |
| ROB BROOKS | 225 LIBERTY STREETNEW YORK, NY | CHIEF OPERATING OFFICER | 8/6/2015 | 11/14/2025 |
| THOMAS OBERSTEINER | 225 LIBERTY STREETNEW YORK, NY | GENERAL COUNSEL, SECRETARY, CENTRAL SERVICES | 1/23/2026 | 4/24/2025 |

In re: Saks & Company LLC
Case No. 26-90083

**SOFA 30 ATTACHMENT**

Payments, distributions, or withdrawals credited or given to insiders

| Recipient's Name | Address 1 | Address 2 | City | State | ZIP | Relationship to the Debtor | Dates | Amount of Money or Description and Value of Property | Reason for Providing the Value |
|---|---|---|---|---|---|---|---|---|---|
| ANDREW WOODWORTH | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | CHIEF LEGAL OFFICER | 1/9/2026 | $4,038.47 | SALARY |
| **ANDREW WOODWORTH TOTAL** | | | | | | | | **$4,038.47** | |
| | | | | | | | | | |
| ANN MARIE JANKE | 225 LIBERTY ST | | NEW YORK | NY | 10281 | FORMER CHIEF TECHNOLOGY OFFICER - NEIMAN MARCUS GROUP | 1/9/2026 | $28,154.85 | SEVERANCE |
| **ANN MARIE JANKE TOTAL** | | | | | | | | **$28,154.85** | |
| | | | | | | | | | |
| BILL BINE | 225 LIBERTY ST | | NEW YORK | NY | 10281 | FORMER CHIEF TRANSFORMATION OFFICER, SAKS GLOBAL | 1/9/2026 | $23,592.81 | SEVERANCE |
| **BILL BINE TOTAL** | | | | | | | | **$23,592.81** | |
| | | | | | | | | | |
| BRANDY RICHARDSON | 1618 MAIN ST | | DALLAS | TX | 75201 | CHIEF FINANCIAL OFFICER | 1/9/2026 | $15,865.38 | PAYROLL OPTIONAL ADVANCE |
| BRANDY RICHARDSON | 1618 MAIN ST | | DALLAS | TX | 75201 | CHIEF FINANCIAL OFFICER | 1/9/2026 | $6,346.16 | SALARY |
| BRANDY RICHARDSON | 1618 MAIN ST | | DALLAS | TX | 75201 | CHIEF FINANCIAL OFFICER | 1/10/2026 | $2,000,000.00 | BONUS - RETENTION |
| **BRANDY RICHARDSON TOTAL** | | | | | | | | **$2,022,211.54** | |
| | | | | | | | | | |
| DARCY PENICK | 225 LIBERTY ST | | NEW YORK | NY | 10281 | FORMER PRESIDENT, BERGDORF GOODMAN | 1/9/2026 | $68,431.63 | SEVERANCE |
| DARCY PENICK | 225 LIBERTY ST | | NEW YORK | NY | 10281 | PRESIDENT, CHIEF COMMERCIAL OFFICER, SAKS GLOBAL | 1/10/2026 | $2,500,000.00 | BONUS - RETENTION |
| **DARCY PENICK TOTAL** | | | | | | | | **$2,568,431.63** | |
| | | | | | | | | | |
| EMILY ESSNER | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER CHIEF COMMERCIAL OFFICER | 1/9/2026 | $37,500.00 | SEVERANCE |
| **EMILY ESSNER TOTAL** | | | | | | | | **$37,500.00** | |
| | | | | | | | | | |
| ERIC SEVERSON | 225 LIBERTY ST | | NEW YORK | NY | 10281 | FORMER CHIEF PEOPLE & BELONGING OFFICER - NEIMAN MARCUS GROUP | 1/9/2026 | $31,088.97 | SEVERANCE |
| **ERIC SEVERSON TOTAL** | | | | | | | | **$31,088.97** | |
| | | | | | | | | | |
| GEOFFROY VAN RAEMDONCK | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | CHIEF EXECUTIVE OFFICER | 1/10/2026 | $8,500,000.00 | BONUS - RETENTION |
| **GEOFFROY VAN RAEMDONCK TOTAL** | | | | | | | | **$8,500,000.00** | |
| | | | | | | | | | |
| IAN PUTNAM | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER CHIEF EXECUTIVE OFFICER - SAKS GLOBAL PROPERTIES & INVESTMENTS | 4/18/2025 | $6,285.62 | EXPENSE REIMBURSEMENT |
| IAN PUTNAM | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER CHIEF EXECUTIVE OFFICER - SAKS GLOBAL PROPERTIES & INVESTMENTS | 1/9/2026 | $1,250.00 | ALLOWANCE - AUTO TAXABLE |
| IAN PUTNAM | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER CHIEF EXECUTIVE OFFICER - SAKS GLOBAL PROPERTIES & INVESTMENTS | 1/9/2026 | $9,773.00 | PAYROLL OPTIONAL ADVANCE |
| IAN PUTNAM | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER CHIEF EXECUTIVE OFFICER - SAKS GLOBAL PROPERTIES & INVESTMENTS | 1/9/2026 | $10,769.24 | SALARY |
| IAN PUTNAM | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER CHIEF EXECUTIVE OFFICER - SAKS GLOBAL PROPERTIES & INVESTMENTS | 1/13/2026 | ($9,773.00) | PAYROLL OPTIONAL ADVANCE REPAYMENT |
| IAN PUTNAM | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER CHIEF EXECUTIVE OFFICER - SAKS GLOBAL PROPERTIES & INVESTMENTS | 1/13/2026 | $37,692.34 | SALARY |
| IAN PUTNAM | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER CHIEF EXECUTIVE OFFICER - SAKS GLOBAL PROPERTIES & INVESTMENTS | 1/13/2026 | $26,033.52 | BENEFIT REIMBURSEMENT - TAXABLE |
| IAN PUTNAM | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER CHIEF EXECUTIVE OFFICER - SAKS GLOBAL PROPERTIES & INVESTMENTS | 1/13/2026 | $25,000.00 | LEGAL FEE REIMBURSEMENT - TAXABLE |
| IAN PUTNAM | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER CHIEF EXECUTIVE OFFICER - SAKS GLOBAL PROPERTIES & INVESTMENTS | 1/13/2026 | $407,495.97 | LOAN FORGIVENESS |
| IAN PUTNAM | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER CHIEF EXECUTIVE OFFICER - SAKS GLOBAL PROPERTIES & INVESTMENTS | 1/13/2026 | $1,800,000.00 | CONSULTING FEE |
| IAN PUTNAM | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER CHIEF EXECUTIVE OFFICER - SAKS GLOBAL PROPERTIES & INVESTMENTS | 1/13/2026 | $250,000.00 | PREPAID MONTHLY CONSULTING FEE |

In re: Saks Company LLC
Case No. 26-90083

**SOFA 30 ATTACHMENT**
Payments, distributions, or withdrawals credited or given to insiders

| Recipient's Name | Address 1 | Address 2 | City | State | ZIP | Relationship to the Debtor | Dates | Amount of Money or Description and Value of Property | Reason for Providing the Value |
|---|---|---|---|---|---|---|---|---|---|
| **IAN PUTNAM TOTAL** | | | | | | | | $2,564,526.69 | |
| | | | | | | | | | |
| JENNIFER BEWLEY | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER HBC CHIEF FINANCIAL OFFICER | 1/9/2026 | $17,708.34 | SEVERANCE |
| **JENNIFER BEWLEY TOTAL** | | | | | | | | $17,708.34 | |
| | | | | | | | | | |
| KATHRYN ANDERSON | 225 LIBERTY ST | | NEW YORK | NY | 10281 | FORMER CHIEF FINANCIAL OFFICER - NEIMAN MARCUS GROUP | 1/9/2026 | $67,307.69 | SEVERANCE |
| **KATHRYN ANDERSON TOTAL** | | | | | | | | $67,307.69 | |
| | | | | | | | | | |
| KIMBERLY MILLER | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | CHIEF CUSTOMER OFFICER, SAKS GLOBAL | 1/9/2026 | $5,384.62 | SALARY |
| **KIMBERLY MILLER TOTAL** | | | | | | | | $5,384.62 | |
| | | | | | | | | | |
| LANA TODOROVICH | 225 LIBERTY ST | | NEW YORK | NY | 10281 | FORMER PRESIDENT, CHIEF MERCHANDISING OFFICER, NEIMAN MARCUS GROUP | 1/9/2026 | $58,082.04 | SEVERANCE |
| LANA TODOROVICH | 225 LIBERTY ST | | NEW YORK | NY | 10281 | CHIEF OF GLOBAL BRAND PARTNERSHIPS, SAKS GLOBAL | 1/10/2026 | $2,500,000.00 | BONUS - RETENTION |
| **LANA TODOROVICH TOTAL** | | | | | | | | $2,558,082.04 | |
| | | | | | | | | | |
| LARRY BRUCE | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER CHIEF STORES OFFICER, SAKS GLOBAL | 1/9/2026 | $25,000.00 | SEVERANCE |
| **LARRY BRUCE TOTAL** | | | | | | | | $25,000.00 | |
| | | | | | | | | | |
| MARC METRICK | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER CHIEF EXECUTIVE OFFICER - SAKS GLOBAL OPERATING GROUP | 1/2/2026 | $25,000.00 | LEGAL FEE REIMBURSEMENT - TAXABLE |
| MARC METRICK | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER CHIEF EXECUTIVE OFFICER - SAKS GLOBAL OPERATING GROUP | 1/2/2026 | $15,536.30 | LOAN FORGIVENESS |
| MARC METRICK | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER CHIEF EXECUTIVE OFFICER - SAKS GLOBAL OPERATING GROUP | 1/2/2026 | $11,538.47 | SALARY PAY |
| MARC METRICK | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER CHIEF EXECUTIVE OFFICER - SAKS GLOBAL OPERATING GROUP | 1/2/2026 | $2,500,000.00 | SEVERANCE |
| MARC METRICK | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER CHIEF EXECUTIVE OFFICER - SAKS GLOBAL OPERATING GROUP | 1/2/2026 | $24,969.12 | SEVERANCE BENEFIT ALLOWANCE - TAXABLE |
| MARC METRICK | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER CHIEF EXECUTIVE OFFICER - SAKS GLOBAL OPERATING GROUP | 1/9/2026 | $100,000.00 | SEVERANCE |
| **MARC METRICK TOTAL** | | | | | | | | $2,677,043.89 | |
| | | | | | | | | | |
| MIKE HITE | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | CHIEF TECHNOLOGY OFFICER | 1/9/2026 | $4,769.24 | SALARY |
| MIKE HITE | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | CHIEF TECHNOLOGY OFFICER | 1/9/2026 | $11,923.08 | PAYROLL OPTIONAL ADVANCE |
| **MIKE HITE TOTAL** | | | | | | | | $16,692.32 | |
| | | | | | | | | | |
| RICHARD BAKER | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER EXECUTIVE CHAIRMAN/CHIEF EXECUTIVE OFFICER | 1/9/2026 | $1,250.00 | AUTO ALLOWANCE |
| RICHARD BAKER | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER EXECUTIVE CHAIRMAN/CHIEF EXECUTIVE OFFICER | 1/9/2026 | $11,538.47 | SALARY |
| RICHARD BAKER | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER EXECUTIVE CHAIRMAN/CHIEF EXECUTIVE OFFICER | 1/9/2026 | $5,769.23 | TRAVEL ALLOWANCE |
| RICHARD BAKER | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER EXECUTIVE CHAIRMAN/CHIEF EXECUTIVE OFFICER | 1/9/2026 | $11,697.00 | PAYROLL OPTIONAL ADVANCE |
| RICHARD BAKER | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER EXECUTIVE CHAIRMAN/CHIEF EXECUTIVE OFFICER | 1/10/2026 | $490,276.52 | LOAN FORGIVENESS |
| RICHARD BAKER | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER EXECUTIVE CHAIRMAN/CHIEF EXECUTIVE OFFICER | 1/13/2026 | $12,000.00 | PAYROLL OPTIONAL ADVANCE |

In re: Saks Company LLC
Case No. 26-90083

**SOFA 30 ATTACHMENT**
Payments, distributions, or withdrawals credited or given to insiders

| Recipient's Name | Address 1 | Address 2 | City | State | ZIP | Relationship to the Debtor | Dates | Amount of Money or Description and Value of Property | Reason for Providing the Value |
|---|---|---|---|---|---|---|---|---|---|
| RICHARD BAKER | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER EXECUTIVE CHAIRMAN/CHIEF EXECUTIVE OFFICER | 1/13/2026 | ($23,697.00) | PAYROLL OPTIONAL ADVANCE REPAYMENT |
| RICHARD BAKER | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER EXECUTIVE CHAIRMAN/CHIEF EXECUTIVE OFFICER | 1/13/2026 | $40,384.65 | SALARY |
| RICHARD BAKER | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | FORMER EXECUTIVE CHAIRMAN/CHIEF EXECUTIVE OFFICER | 1/13/2026 | $5,769.23 | TRAVEL ALLOWANCE |
| **RICHARD BAKER TOTAL** | | | | | | | | **$554,988.10** | |
| RYAN ROSS | 225 LIBERTY ST | | NEW YORK | NY | 10281 | FORMER PRESIDENT - NEIMAN MARCUS | 1/9/2026 | $69,996.96 | SEVERANCE |
| **RYAN ROSS TOTAL** | | | | | | | | **$69,996.96** | |
| SARAH GARBER | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | CHIEF PEOPLE OFFICER | 1/9/2026 | $10,576.92 | PAYROLL OPTIONAL ADVANCE |
| SARAH GARBER | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | CHIEF PEOPLE OFFICER | 1/9/2026 | $4,230.77 | SALARY |
| **SARAH GARBER TOTAL** | | | | | | | | **$14,807.69** | |
| THOMAS MATTEI | 225 LIBERTY ST | | NEW YORK | NY | 10281 | FORMER CHIEF LEGAL OFFICER - NEIMAN MARCUS GROUP | 1/9/2026 | $31,078.63 | SEVERANCE |
| THOMAS MATTEI | 1618 MAIN ST | | DALLAS | TX | 75201 | FORMER CHIEF LEGAL OFFICER - NEIMAN MARCUS GROUP | VARIOUS | $6,448.08 | 401K MATCH |
| **THOMAS MATTEI TOTAL** | | | | | | | | **$37,526.71** | |
| THOMAS OBERSTEINER | 225 LIBERTY ST | | NEW YORK | NY | 10281 | GENERAL COUNSEL, SAKS GLOBAL PARTNERS GP LLC, RELATIVE OF RICHARD BAKER | 1/9/2026 | $3,230.77 | SALARY |
| THOMAS OBERSTEINER | 225 LIBERTY ST | | NEW YORK | NY | 10281 | GENERAL COUNSEL, SAKS GLOBAL PARTNERS GP LLC, RELATIVE OF RICHARD BAKER | 1/9/2026 | $8,076.92 | PAYROLL OPTIONAL ADVANCE |
| **THOMAS OBERSTEINER TOTAL** | | | | | | | | **$11,307.69** | |
| TRACY MARGOLIES | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | PRESIDENT, BERGDORF GOODMAN | 1/9/2026 | $17,307.69 | PAYROLL OPTIONAL ADVANCE |
| TRACY MARGOLIES | 225 LIBERTY ST | 31ST FLOOR | NEW YORK | NY | 10281 | PRESIDENT, BERGDORF GOODMAN | 1/9/2026 | $6,923.08 | SALARY |
| **TRACY MARGOLIES TOTAL** | | | | | | | | **$24,230.77** | |
| | | | | | | | **TOTAL** | **$21,859,621.78** | |

In re: Saks Company LLC
Case No. 26-90083

**Fill in this information to identify the case:**

Debtor name: Saks & Company LLC

United States Bankruptcy Court for the: Southern District of Texas

Case number: 26-90083

☐ **Check if this is an amended filing**

**WARNING** - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on
March 15, 2026

/s/ Mark Weinsten
Signature of individual signing on behalf of debtor

Mark Weinsten
Printed name

Chief Restructuring Officer
Position or relationship to debtor

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**

☐ No

☑ Yes