**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SAKS GLOBAL ENTERPRISES LLC, *et al.* | ) | Case No. 26-90103 (ARP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**AFFIDAVIT OF PUBLICATION OF THE NEW YORK TIMES REGARDING THE NOTICE OF DEADLINES FOR THE FILING OF PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENTS UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE**



The NewYorkTimes Company

620 8th Avenue
New York, NY 10018
nytimes.com

# PROOF OF PUBLICATION

March 19, 2026

I, Larnyce Tabron, in my capacity as a Principal Clerk of the Publisher of The New York Times, a daily newspaper of general circulation printed and published in the City, County, and State of New York, hereby certify that the advertisement annexed hereto was published in the editions of The New York Times on the following date or dates, to wit on.

3/19/2026, NY/NATL, pg B3

ROWENA SORIANO
NOTARY PUBLIC
REG. # 00351915
MY COMMISSION EXPIRES
06302029
COMMONWEALTH OF VIRGINIA

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS - HOUSTON DIVISION**

| | |
|---|---|
| In re: SAKS GLOBAL ENTERPRISES LLC, *et al.*,[1] Debtors. | Chapter 11<br>Case No. 26-90103 (ARP)<br>(Jointly Administered) |

**NOTICE OF DEADLINES FOR THE FILING OF PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENTS UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**THE CLAIMS BAR DATE IS APRIL 24, 2026, AT 11:59 P.M., PREVAILING CENTRAL TIME**

**THE GOVERNMENTAL CLAIMS BAR DATE IS JULY 13, 2026, AT 11:59 P.M., PREVAILING CENTRAL TIME**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

***Deadlines for Filing Proofs of Claim*.** On March 12, 2026, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [D.I. 1158] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code (collectively, "Proofs of Claim"), in the chapter 11 cases of the following debtors and debtors in possession (collectively, the "Debtors"):

**Global Debtor, Case No.:** NEMA BEVERAGE CORPORATION, 26-90002; SAKS FIFTH AVENUE HOLDCO II LLC, 26-90003; 12 EAST 49TH STREET LLC, 26-90004; NEMA BEVERAGE HOLDING CORPORATION, 26-90005; NEMA BEVERAGE PARENT CORPORATION, 26-90006; NEIMAN MARCUS GLOBAL TECHNOLOGY SERVICES PRIVATE LIMITED, 26-90007; NMG TEXAS SALON LLC, 26-90008; SAKS GLOBAL INVESTOR L.P., 26-90009; NMG GLOBAL MOBILITY, INC., 26-90010; CAFE BEVERLY HILLS SFA LLC, 26-90011; SWD WESTFIELD I URBAN RENEWAL LLC, 26-90012; YF GREENWICH LLC, 26-90013; CAFE BEVERLY SFA TRUST, 26-90014; NM FINANCIAL SERVICES, INC., 26-90015; NEIMAN MARCUS BERMUDA L.P., 26-90016; SAKSWORKS BELLEVUE LLC, 26-90017; SWD WESTFIELD II URBAN RENEWAL LLC, 26-90018; YORK FACTORY LLC, 26-90019; NM BERMUDA, LLC, 26-90020; HBC STEELE LLC, 26-90021; NMG INTERCO LLC, 26-90022; SWD WESTFIELD III URBAN RENEWAL LLC, 26-90023; THE WELLERY MSO LLC, 26-90024; SAKS.COM INTERNATIONAL HOLDINGS LLC, 26-90025; SAKS FIFTH AVENUE REAL PROPERTY LLC, 26-90026; BERGDORF GRAPHICS, INC., 26-90027; THE WELLERY LLC, 26-90028; SWD WESTFIELD IV URBAN RENEWAL LLC, 26-90029; CAFÉ SFA-MINNEAPOLIS, LLC, 26-90030; SAKS CLOUD SERVICES LLC, 26-90031; THE WELLERY HOLDINGS LLC, 26-90032; SWD WESTFIELD V URBAN RENEWAL LLC, 26-90033; THE RESTAURANT AT SAKS FIFTH AVENUE CORPORATION, 26-90034; BERGDORF GOODMAN LLC, 26-90035; SW INTERNATIONAL HOLDINGS LLC, 26-90036; SAKS.COM LLC, 26-90037; SWD WESTFIELD VI URBAN RENEWAL LLC, 26-90038; NMG FLORIDA SALON LLC, 26-90039; SIXTH FLOOR RESTAURANT AT SFA LLC, 26-90040; SAKS DIRECT, LLC, 26-90041; SWD WESTFIELD VII URBAN RENEWAL LLC, 26-90042; SAKS.COM MIDCO PARTNER INC., 26-90043; NMG SALONS LLC, 26-90044; FIFTH FLOOR RESTAURANT AT SFA LLC, 26-90045; NMG CALIFORNIA SALON LLC, 26-90046; SWD WESTFIELD VIII URBAN RENEWAL LLC, 26-90047; SAKS.COM HOLDINGS LLC, 26-90048; CLUB LIBBY LU, INC., 26-90049; NMG TERM LOAN PROPCO LLC, 26-90050; SW WESTFIELD LLC, 26-90051; GHBC GROUPE, INC., 26-90052; SAKS PARTNER INC., 26-90053; SAKS RICHMOND REAL PROPERTY LLC, 26-90054; NMG NOTES PROPCO LLC, 26-90055; SW BEVERLY HILLS LLC, 26-90056; SAKS COLUMBUS REAL PROPERTY LLC, 26-90057; GHBC SHARED SERVICES, INC., 26-90058; HBC DIGITAL HOLDINGS INC., 26-90059; NMGP LLC, 26-90060; STREET-WORKS DEVELOPMENT LLC, 26-90061; GHBC CITY, INC., 26-90062; GGI REALTY SERVICES, INC., 26-90063; SAKS MANHATTAN (BLOCKER) HOLDINGS L.P., 26-90064; HBC STERLING HEIGHTS LLC, 26-90065; HBC WILKES-BARRE LLC, 26-90066; NMG SALON HOLDINGS LLC, 26-90067; HBC DIGITAL LLC, 26-90068; HBC VICTOR LLC, 26-90069; SAKS FIFTH AVENUE LLC, 26-90070; LT 424 LLC, 26-90071; HBC STERLING LLC, 26-90072; MERCHANDISE CREDIT, LLC, 26-90073; HBC WOODBRIDGE LLC, 26-90074; SCCA STORE HOLDINGS REAL PROPERTY LLC, 26-90075; THE NEIMAN MARCUS GROUP LLC, 26-90076; SAKS & COMPANY REAL PROPERTY LLC, 26-90077; HBC GAITHERSBURG LLC, 26-90078; SCCA LEASEHOLD LLC, 26-90079; SAKS (CAYMAN) MANHATTAN BLOCKER INC., 26-90080; NMG HOLDING COMPANY, INC., 26-90081; LT PROPCO LLC, 26-90082; SAKS & COMPANY LLC, 26-90083; BLACK CAVIAR LLC, 26-90084; NMG INTERMEDIATE LLC, 26-90085; SAKS (EU) MANHATTAN BLOCKER INC., 26-90086; LT PARENT PROPCO LLC, 26-90087; NONSUCH LLC, 26-90088; NMG PARENT LLC, 26-90089; SAKS FIFTH AVENUE PUERTO RICO, INC., 26-90090; HBS LEASEHOLD LLC, 26-90091; SAKS GLOBAL INVESTMENTS INC., 26-90092; CREATIVE DESIGN STUDIOS, LLC, 26-90093; HG PROPERTY HOLDINGS LLC, 26-90094; HBC GARDEN CITY LEASEHOLD LLC, 26-90095; SGUS LLC, 26-90096; SAKS FIFTH AVENUE HOLDCO, LLC, 26-90097; GHBC GROUPE HOLDINGS, INC., 26-90098; HBC US PROPCO HOLDINGS LLC, 26-90099; SFA HOLDINGS INC., 26-90100; MERCURY AGGREGATOR LP, 26-90101; HBC I L.P., 26-90102; SAKS GLOBAL ENTERPRISES LLC, 26-90103; HBC IV L.P., 26-90104; SAKS FIFTH AVENUE HOLDINGS INC., 26-90105; HBC GP LLC, 26-90106; MERCURY AGGREGATOR HOLDCO LLC, 26-90107; SAKS GLOBAL HOLDINGS LLC, 26-90108; HBSFA HOLDINGS LTD., 26-90109; HBC GP IV LLC, 26-90110

**505 Digital Debtor, Case No.:** SAKS OFF 5TH HOLDINGS LLC, 26-90111; SAKS OFF 5TH MIDCO PARTNER INC., 26-90112; SAKS OFF 5TH LLC, 26-90113; LUXURY OUTLETS USA, LLC, 26-90114

***The Bar Dates*.** Pursuant to the Bar Date Order, **all** entities (except governmental units and entities that/who are exempt from filing Proof(s) of Claim or complying with the applicable Bar Dates (as defined below)), including individuals, partnerships, estates, and trusts that have a claim or potential claim against the Debtors that arose prior to January 13, 2026, no matter how remote or contingent such right to payment or equitable remedy may be, **including** requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM on or before **April 24, 2026, at 11:59 p.m., prevailing Central Time (the "Claims Bar Date")**. Governmental entities that have a claim or potential claim against the Debtors that arose prior to January 13, 2026, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before **July 13, 2026, at 11:59 p.m., prevailing Central Time (the "Governmental Bar Date")**. All entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are required to file Proofs of Claim by the date that is **the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 11:59 p.m., prevailing Central Time, on the date that is 30 days following the later of (i) entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease or (ii) the effective date of a rejection of the applicable executory contract or unexpired lease of the Debtors pursuant to operation of any Court order (the "Rejection Damages Bar Date")**. For the avoidance of doubt, counterparties to executory contracts or unexpired leases of non-residential real property shall not be required to file prepetition general unsecured claims against the Debtors unless and until the applicable contract or lease is rejected by the Debtors. For the avoidance of doubt and as applicable, such counterparties must file any claim under section 503(b)(9) of the Bankruptcy Code by the Claims Bar Date. All entities holding claims affected by an amendment to the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules") are required to file Proofs of Claim by the date that is **later of (i) the Claims Bar Date or the Governmental Bar Date, as applicable, and (ii) 11:59 p.m., prevailing Central Time, on the date that is 30 days from the date on which the Debtors mail notice of the amendment to the Schedules (the "Amended Schedules Bar Date")**.

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE ON OR BEFORE THE CLAIMS BAR DATE OR THE GOVERNMENTAL BAR DATE, AS APPLICABLE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

In addition, pursuant to the Bar Date Order, each person or entity that files a Proof of Claim shall be deemed to have voluntarily submitted themselves to the jurisdiction of the Court, regardless of whether such person or entity submitted such Proof of Claim on the Proof of Claim Form or Official Form 410.

***Filing a Proof of Claim*.** Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the website maintained by the Debtors' Claims and Noticing Agent at https://cases.stretto.com/saks, or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be **actually received** by the Claims and Noticing Agent on or before the Claims Bar Date or the Governmental Bar Date, or any other applicable Bar Date, as applicable at the following address: **If by First-Class Mail, Overnight Mail, or Hand Delivery:** Saks Global Enterprises LLC, et al., Claims Processing, c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602. **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED**

***Contents of Proofs of Claim*.** Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) clearly identify the Debtor against which the claim is asserted; (iv) conform substantially with the Proof of Claim form provided by the Debtors or Official Form 410; (v) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is in ink; and (vi) include as attachments any and all supporting documentation on which the claim is based. **Please note** that each Proof of Claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted, except as otherwise stated in the Bar Date Order. To the extent more than one Debtor is listed on the Proof of Claim, a Proof of Claim is treated as if filed only against Saks Global Enterprises LLC, or if a Proof of Claim is otherwise filed without identifying a specific Debtor, the Proof of Claim may be deemed as filed only against Debtor Saks Global Enterprises LLC.

***Electronic Signatures Permitted*.** Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted. Unless otherwise ordered by the Court, any original document containing the original signature of any party other than the party that files the Proof of Claim shall be retained by the filing party for a period of not less than five years after the Debtors' cases are closed and, upon request, such original document must be provided to the Court or other parties for review, pursuant to the *Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts*.

***Section 503(b)(9) Requests for Payment*.** Any Proof of Claim that asserts a right to payment arising under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

***Additional Information*.** If you have any questions regarding the claims process or you wish to obtain a copy of the Bar Date Notice, a proof of claim form or related documents you may do so by: (i) calling the Debtors' restructuring hotline at 833-232-5246 (domestic, toll free) or +1 949-373-7589 (international); or (ii) visiting the Debtors' restructuring website at: https://cases.stretto.com/saks.

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Saks. The location of Debtor Saks Global Enterprises LLC's corporate headquarters and the Debtors' service address in these chapter 11 cases is 225 Liberty Street, 31st Floor, New York, NY 10281. Bradley Arant Boult Cummings LLP is counsel for the following Debtors: Saks OFF 5TH Holdings LLC, Saks OFF 5TH LLC, Saks OFF 5TH Midco Partner Inc., and Luxury Outlets USA, LLC (collectively, the "505 Digital Debtors"). Haynes and Boone, LLP and Willkie Farr & Gallagher LLP are counsel for the remaining Debtors (collectively, the "Global Debtors").

**ECONOMY | COMPANIES**

CAROLINE GUTMAN FOR THE NEW YORK TIMES

All but one of the Federal Reserve governors agreed to stay the course. Stephen I. Miran, a Trump appointee, dissented in favor of a quarter-point cut.

# *Fed Holds Rates Steady Amid Uncertainty*

FROM FIRST BUSINESS PAGE

2.7 percent this year, a higher level than projected three months ago.

As of January, the core Personal Consumption Expenditures index, the Fed's preferred gauge of underlying inflation, accelerated to 3.1 percent. It dipped as low as 2.6 percent last April.

Jerome H. Powell, the Fed chair, on Wednesday repeatedly emphasized during his news conference the high degree of uncertainty associated with the conflict, saying it was far too early to know how inflation and the labor market would be affected.

"The thing I really want to emphasize is that nobody knows," he said.

Mr. Powell also sought to downplay how informative the latest projections were against this backdrop, quipping at one point that several policymakers said if there were ever a meeting to skip releasing quarterly economic projections "this would be a good one, because we just don't know."

The Fed nodded to that uncertainty in its policy statement on Wednesday, saying "the implications of developments in the Middle East for the U.S. economy are uncertain."

The extent of the economic fallout from the Middle East conflict depends on how long it lasts and the trajectory of oil prices, which have spiked to $108 a barrel as of Wednesday, according to the international Brent crude benchmark. Gasoline prices in the United States have risen to $3.80 a gallon, a roughly 30 percent increase since the start of the war and the highest level since 2023.

A surge in prices of this magnitude is already expected to lift inflation and dent growth to some degree, as businesses and consumers adjust to significantly higher energy-related expenses. But the costs will compound the longer the conflict drags on, raising the possibility of persistent price pressures or an economic downturn.

***More inflation and growth impacts as conflict drags on.***

The combination of the two is particularly hazardous for the Fed, which is responsible for maintaining low, stable inflation and a healthy labor market. Taking steps to tame inflation against this backdrop could portend sharply higher unemployment, while shoring up the labor market would risk worsening the central bank's inflation problem.

Mr. Powell spoke directly to this dilemma on Wednesday, saying that the Fed was "balancing these two goals in a situation where the risks to the labor market are to the downside, which would call for lower rates, and the risks to inflation are to the upside, which would call for higher rates, or not cutting anyway."

Mr. Powell acknowledged that no policy action was off the table, but suggested there was still a path to cut so long as progress was made on getting inflation down. "If we don't see that progress, then you won't see the rate cut," he said.

The Fed was already struggling with both elevated inflation and a softening labor market before war broke out across the Persian Gulf, as it maneuvered through a series of shocks prompted by Mr. Trump's sweeping global tariffs, immigration restrictions and other policy changes he had introduced since retaking the White House.

For five years now, inflation has remained above the Fed's 2 percent target, and progress toward that goal in recent months has stalled. Mr. Powell said on Wednesday that the Fed maintaining its inflation credibility was "on everyone's mind."

Policymakers are simultaneously contending with a labor market that appears increasingly fragile. Layoffs remain low and the unemployment rate has stayed relatively stable around 4.4 percent, but monthly jobs growth has ground to a halt as companies have pulled back on hiring.

Fed officials expected unemployment to steady around current levels this year before declining in 2027. They also marginally revised higher their forecasts for growth, penciling in a 2.4 percent expansion this year. In 2027, they expect the economy to grow 2.3 percent.

Wednesday's meeting was expected to be Mr. Powell's second-to-last gathering as chair. His term ends on May 15, although he technically can stay on as a governor until 2028.

Mr. Trump has tapped Kevin M. Warsh, a former Fed governor, to take over as chair, but his path to confirmation by the Senate is riddled with roadblocks.

On Friday, the Justice Department vowed to appeal a ruling by a federal judge who sought to scupper a criminal investigation that had been launched against Mr. Powell and the Fed over renovations at the central bank's headquarters in Washington.

Top members of the powerful Senate Banking Committee, which oversees the Fed, said they would block the president's nominees for the central bank as long as the investigation was active.

Mr. Powell on Wednesday said if no new chair was confirmed by the scheduled end of his term, he would stay on in the top job on a temporary basis. With regard to the Justice Department's inquiry, he made clear that he had "no intention of leaving the board until the investigation is well and truly over, with transparency and finality." Mr. Powell continued to demur, however, on whether he would stay on as a governor even if the investigation was dropped.

# *Prediction Site Kalshi Is Charged by Arizona*

By NATALIE ROCHA and DAVID YAFFE-BELLANY

Arizona's attorney general filed criminal charges on Tuesday against Kalshi, the fast-growing prediction market, accusing the company of operating an illegal gambling business and escalating a long-running legal battle between states and the websites.

In their filing, Arizona authorities claimed the prediction market operated an unlicensed gambling business by allowing residents to bet on professional and college sporting events. The state's top lawyer also charged Kalshi with four counts of election wagering, which goes against the state's ban on betting on elections.

"Kalshi may brand itself as a 'prediction market,' but what it's actually doing is running an illegal gambling operation and taking bets on Arizona elections, both of which violate Arizona law," Kris Mayes, Arizona's attorney general, said in a statement. "No company gets to decide for itself which laws to follow."

A spokeswoman for Kalshi denied the claims, calling them "meritless." She said in a statement that "these state court charges are seriously flawed" and added, "It's gamesmanship."

The criminal charges raise the temperature between states and prediction markets, which also include Kalshi's rival, Polymarket. Some states have been battling the sites in federal court and arguing that wagers on the platforms should follow the same rules that govern traditional gambling companies. Most of those cases have been civil disputes, so a criminal case opens a new front in the back-and-forth.

Kalshi had filed a federal lawsuit against Arizona last Thursday to stop the state from bringing charges, according to Arizona's attorney general.

"Kalshi is making a habit of suing states rather than following their laws," Ms. Mayes said. "In the last three weeks alone, the company has filed lawsuits against Iowa and Utah, and now Arizona." She added that Kalshi was "running to federal court to try to avoid accountability."

Kalshi and Polymarket are sites where people can bet on virtually anything, from the outcome of the Super Bowl to an election. Once a niche phenomenon, the platforms were first embraced by political junkies who wanted to bet on the presidential election. Now prediction markets are everywhere, a growing presence in American politics and culture.

***Escalating the legal battle between states and the fast-growing wager websites.***

But the sites have been dogged by concerns about market manipulation and insider trading, amid questions about how they might also stoke more betting and gambling behavior. For decades, sports betting was largely banned in the United States, until the Supreme Court ruled in 2018 that the federal prohibition was unconstitutional.

Kalshi has argued that prediction markets are more like financial marketplaces than gambling websites, and should be regulated at the federal level by the Commodity Futures Trading Commission.

REBECCA NOBLE/REUTERS

Kris Mayes, the Arizona attorney general. On Tuesday, she filed criminal charges against Kalshi, saying it ran an illegal gambling operation.

**KIRKLAND & ELLIS LLP, KIRKLAND & ELLIS INTERNATIONAL LLP,** Joshua A. Sussberg, P.C. (admitted *pro hac vice*), Matthew C. Fagen, P.C. (admitted *pro hac vice*), Oliver Paré (admitted *pro hac vice*), 601 Lexington Avenue, New York, New York 10022, Telephone: (212) 446-4800, Facsimile: (212) 446-4900, joshua.sussberg@kirkland.com, matthew.fagen@kirkland.com, oliver.pare@kirkland.com, *Proposed Co-Counsel to the Debtors and the Debtors in Possession* -and- **COLE SCHOTZ P.C.,** Michael D. Sirota, Esq., Warren A. Usatine, Esq., Felice R. Yudkin, Esq., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Telephone: (201) 489-3000, msirota@coleschotz.com, wusatine@coleschotz.com, fyudkin@coleschotz.com, *Proposed Co-Counsel to the Debtors and the Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT, DISTRICT OF NEW JERSEY**

| In re: EDDIE BAUER LLC, *et al.*, Debtors.[1] | Chapter 11 Case No. 26-11422 (SLM) (Jointly Administered) |
|---|---|

**NOTICE OF BAR DATES FOR SUBMITTING PROOFS OF CLAIM AND CLAIMS UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE AGAINST THE DEBTORS**

**PLEASE TAKE NOTICE THAT** the United States Bankruptcy Court for the District of New Jersey (the "Court") has entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code; (II) Establishing a Rejection Damages Bar Date and an Amended Schedules Bar Date; (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim; (IV) Approving Notices Thereof; and (V) Granting Related Relief* [Docket No. 307] (the "Order")[2] establishing **11:59 p.m., prevailing Eastern Time, on April 7, 2026**, as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts, other than governmental units) to submit a "Proof of Claim" against any of the Debtors listed below (collectively, the "Debtors").

A copy of the Order and any exhibits thereto are available (a) at the Debtors' expense upon request to Stretto, Inc. (the Claims and Noticing Agent retained in these chapter 11 cases), by calling (833) 437-6838 for callers in the United States or by calling +1 (714) 442-4326 for callers outside the United States; (b) for no charge by visiting the Debtors' restructuring website at https://cases.stretto.com/EddieBauer; or (c) for a fee via PACER by visiting http://ecf.njb.uscourts.gov.

The Order requires that all persons and entities (collectively, the "Claimants") holding or wishing to assert a claim that arose or is deemed to have arisen prior to February 9, 2026 (the "Petition Date"), against the Debtors set forth in Exhibit 2 to submit a Proof of Claim so as to be actually received by Stretto, Inc. (the "Claims and Noticing Agent") on or before the applicable Bar Date set forth below:

**BAR DATES**

**General Claims Bar Date. April 7, 2026, at 11:59 p.m., prevailing Eastern Time,** is the last date and time for all persons and entities, other than governmental units, to file Proofs of Claim based on prepetition claims, including requests for payment under section 503(b)(9) of the Bankruptcy Code and unsecured priority claims specified herein against any Debtor (the "General Claims Bar Date").

**Governmental Bar Date.** Solely as to governmental units (as defined in section 101(27) of the Bankruptcy Code), **August 10, 2026, at 11:59 p.m., prevailing Eastern Time,** is the last date and time for each such governmental unit to file Proofs of Claim asserting claims ("Governmental Claims") against any Debtor that arose or are deemed to have arisen on or before the Petition Date (the "Governmental Bar Date").

**Rejection Damages Bar Date.** Solely as to claims arising from the Debtors' rejection of executory contracts and unexpired leases, **the later of (a) (i) the General Claims Bar Date or (ii) the Governmental Bar Date, as applicable, and (b) 11:59 p.m., prevailing Eastern Time, on the date that is thirty calendar days after the later of (i) the entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease and (ii) the effective date of such rejection** is the last date and time by which claims holding claims based upon such rejection may file Proofs of Claim with respect thereto against any Debtor, **unless otherwise ordered by the Court** (such later date, the "Rejection Damages Bar Date").[3]

**Amended Schedules Bar Date.** In the event that the Debtors amend their Schedules (as defined herein), the **later of (a)(i) the General Claims Bar Date or (ii) the Governmental Bar Date, as applicable, and (b) 11:59 p.m., prevailing Eastern Time, on the date that is thirty calendar days from the date on which the Debtors provide notice of the amendment to the Schedules,** is the last date and time by which claimants holding claims directly affected by the amendment may file Proofs of Claim with respect thereto against any Debtor (such later date, the "Amended Schedules Bar Date," and together with the General Claims Bar Date, Governmental Bar Date, and Rejection Damages Bar Date, as applicable, the "Bar Dates").

**When and Where to Submit.** Each Proof of Claim, including supporting documentation, must be submitted so that the Claims and Noticing Agent ***actually receives*** the Proof of Claim on or before the applicable Bar Date by: (a) electronically using the interface available on the Claims and Noticing Agent's website at https://cases.stretto.com/EddieBauer or (b) first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an ***original*** signature, at the following address: Eddie Bauer LLC, *et al.*, Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND DELIVERY, OR THROUGH STRETTO'S WEBSITE. PROOFS OF CLAIM SUBMITTED BY FAX OR EMAIL WILL NOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED.**

**Contents of Proofs of Claim.** Each Proof of Claim must: (a) be written in English; (b) be denominated in United States dollars; (c) conform substantially with the Proof of Claim form provided by the Debtors or Official Form 410; and (d) be signed or electronically transmitted through the interface available on the Claims and Noticing Agent's website at https://cases.stretto.com/EddieBauer by the Claimant or by an authorized agent or legal representative of the Claimant. **Please note** that each Proof of Claim must specify by name and case number the Debtor against which the claim is submitted by selecting the applicable Debtor at the top of the proposed Proof of Claim form. A Proof of Claim submitted under the above-captioned lead case or that does not identify a Debtor will be deemed as submitted only against Eddie Bauer LLC. A Proof of Claim that names a Debtor other than Eddie Bauer LLC but is submitted under the above-captioned lead case will be treated as having been submitted against such other Debtor with a notation that a discrepancy in the submission exists.

**Section 503(b)(9) Claims.** Vendors and suppliers of goods may be entitled to request an administrative priority claim under section 503(b)(9) of the Bankruptcy Code to the extent they delivered, and the Debtor received, goods within the twenty-day period prior to the Petition Date (a "503(b)(9) Claim"). The Court has deemed the submission of a Proof of Claim as satisfying the procedural requirements for asserting such a claim under section 503(b)(9) of the Bankruptcy Code. In addition to the other requirements listed above, any Proof of Claim asserting a 503(b)(9) Claim must (a) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (b) attach documentation evidencing the date on which the goods were delivered to and received by the Debtors; (c) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; and (d) attach documentation concerning any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

**Consequences of Failing to Timely Submit Your Proof of Claim.** Any Claimant who is required, but fails, to submit a Proof of Claim in accordance with the Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or submitting a Proof of Claim with respect thereto). In such event, the Debtors' property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote to accept or reject any plan filed in these chapter 11 cases, participate in any distribution on account of such claim, or receive further notices regarding such claim.

**Reservation of Rights.** Nothing contained in this notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any claim listed or reflected in the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules") as to the nature, amount, liability, or classification of such claims; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; or (c) otherwise amend or supplement the Schedules.

**Additional Information.** If you have any questions regarding the claims process and/or if you wish to obtain a copy of the Order (which contains a more detailed description of the requirements for submitting Proofs of Claim), a Proof of Claim form, or related documents, you may do so by visiting the Debtors' restructuring website at https://cases.stretto.com/EddieBauer or contacting the Claims and Noticing Agent by: (a) calling (833) 437-6838 for callers in the United States or by calling +1 (714) 442-4326 for callers outside the United States; (b) writing to the following address: Eddie Bauer LLC, *et al.*, Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; or (c) emailing EddieBauerInquiries@stretto.com.

[1] The last four digits of Debtor Eddie Bauer LLC's tax identification number are 6060. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/EddieBauer. The location of Debtor Eddie Bauer LLC's principal place of business is 10401 Northeast 8th Street, Suite 500, Bellevue, WA 98004; the Debtors' service address in these chapter 11 cases is 6501 Legacy Drive, Suite B100, Plano, TX 75024.

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Order.

[3] Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (i) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (ii) the term "entity" (including individuals, partnerships, corporations, joint ventures, estates, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (iii) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (iv) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

Any landlord counterparty of an unexpired non-residential real property lease who asserts a claim on account of unpaid rent due under such lease outstanding as of the Petition Date pursuant to such lease (other than a rejection damages claim) shall not be required to file a Proof of Claim for such amount unless and until such lease has been rejected.

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS - HOUSTON DIVISION**

| In re: SAKS GLOBAL ENTERPRISES LLC, *et al.*,[1] Debtors. | Chapter 11 Case No. 26-90103 (ARP) (Jointly Administered) |
|---|---|

**NOTICE OF DEADLINES FOR THE FILING OF PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENTS UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE**

**THE CLAIMS BAR DATE IS APRIL 24, 2026, AT 11:59 P.M., PREVAILING CENTRAL TIME**

**THE GOVERNMENTAL CLAIMS BAR DATE IS JULY 13, 2026, AT 11:59 P.M., PREVAILING CENTRAL TIME**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

***Deadlines for Filing Proofs of Claim.*** On March 12, 2026, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [D.I. 1158] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code (collectively, "Proofs of Claim"), in the chapter 11 cases of the following debtors and debtors in possession (collectively, the "Debtors"):

**Global Debtor, Case No.:** NEMA BEVERAGE CORPORATION, 26-90002; SAKS FIFTH AVENUE HOLDCO II LLC, 26-90003; 12 EAST 49TH STREET LLC, 26-90004; NEMA BEVERAGE HOLDING CORPORATION, 26-90005; NEMA BEVERAGE PARENT CORPORATION, 26-90006; NEIMAN MARCUS GLOBAL TECHNOLOGY SERVICES PRIVATE LIMITED, 26-90007; NMG TEXAS SALON LLC, 26-90008; SAKS GLOBAL INVESTOR L.P., 26-90009; NMG GLOBAL MOBILITY, INC., 26-90010; CAFE BEVERLY HILLS SFA LLC, 26-90011; SWD WESTFIELD I URBAN RENEWAL LLC, 26-90012; YF GREENWICH LLC, 26-90013; CAFE BEVERLY SFA TRUST, 26-90014; NM FINANCIAL SERVICES, INC., 26-90015; NEIMAN MARCUS BERMUDA L.P., 26-90016; SAKSWORKS BELLEVUE LLC, 26-90017; SWD WESTFIELD II URBAN RENEWAL LLC, 26-90018; YORK FACTORY LLC, 26-90019; NM BERMUDA, LLC, 26-90020; HBC STEELE LLC, 26-90021; NMG INTEREO LLC, 26-90022; SWD WESTFIELD III URBAN RENEWAL LLC, 26-90023; THE WELLERY MSO LLC, 26-90024; SAKS.COM INTERNATIONAL HOLDINGS LLC, 26-90025; SAKS FIFTH AVENUE REAL PROPERTY LLC, 26-90026; BERGDORF GRAPHICS, INC., 26-90027; THE WELLERY LLC, 26-90028; SWD WESTFIELD IV URBAN RENEWAL LLC, 26-90029; CAFÉ SFA-MINNEAPOLIS, LLC, 26-90030; SAKS CLOUD SERVICES LLC, 26-90031; THE WELLERY HOLDINGS LLC, 26-90032; SWD WESTFIELD V URBAN RENEWAL LLC, 26-90033; THE RESTAURANT AT SAKS FIFTH AVENUE CORPORATION, 26-90034; BERGDORF GOODMAN LLC, 26-90035; SW INTERNATIONAL HOLDINGS LLC, 26-90036; SAKS.COM LLC, 26-90037; SWD WESTFIELD VI URBAN RENEWAL LLC, 26-90038; NMG FLORIDA SALON LLC, 26-90039; SIXTH FLOOR RESTAURANT AT SFA LLC, 26-90040; SAKS DIRECT, LLC, 26-90041; SWD WESTFIELD VII URBAN RENEWAL LLC, 26-90042; SAKS.COM MIDCO PARTNER INC., 26-90043; NMG SALONS LLC, 26-90044; FIFTH FLOOR RESTAURANT AT SFA LLC, 26-90045; NMG CALIFORNIA SALON LLC, 26-90046; SWD WESTFIELD VIII URBAN RENEWAL LLC, 26-90047; SAKS.COM HOLDINGS LLC, 26-90048; CLUB LIBBY LU, INC., 26-90049; NMG TERM LOAN PROPCO LLC, 26-90050; SW WESTFIELD LLC, 26-90051; GHBC GROUPE, INC., 26-90052; SAKS PARTNER INC., 26-90053; SAKS RICHMOND REAL PROPERTY LLC, 26-90054; NMG NOTES PROPCO LLC, 26-90055; SW BEVERLY HILLS LLC, 26-90056; SAKS COLUMBUS REAL PROPERTY LLC, 26-90057; GHBC SHARED SERVICES, INC., 26-90058; HBC DIGITAL HOLDINGS INC., 26-90059; NMGP LLC, 26-90060; STREET-WORKS DEVELOPMENT LLC, 26-90061; GHBC CITY, INC., 26-90062; SGI REALTY SERVICES, INC., 26-90063; SAKS MANHATTAN (BLOCKER) HOLDINGS L.P., 26-90064; HBC STERLING HEIGHTS LLC, 26-90065; HBC WILKES-BARRE LLC, 26-90066; NMG SALON HOLDINGS LLC, 26-90067; HBC DIGITAL LLC, 26-90068; HBC VICTOR LLC, 26-90069; SAKS FIFTH AVENUE LLC, 26-90070; LT 424 LLC, 26-90071; HBC STERLING LLC, 26-90072; MERCHANDISE CREDIT, LLC, 26-90073; HBC WOODBRIDGE LLC, 26-90074; SCCA STORE HOLDINGS REAL PROPERTY LLC, 26-90075; THE NEIMAN MARCUS GROUP LLC, 26-90076; SAKS & COMPANY REAL PROPERTY LLC, 26-90077; HBC GAITHERSBURG LLC, 26-90078; SCCA LEASEHOLD LLC, 26-90079; SAKS (CAYMAN) MANHATTAN BLOCKER INC., 26-90080; NMG HOLDING COMPANY, INC., 26-90081; LT PROPCO LLC, 26-90082; SAKS & COMPANY LLC, 26-90083; BLACK CAVIAR LLC, 26-90084; NMG INTERMEDIATE HOLDINGS, INC., 26-90085; SAKS (EU) MANHATTAN BLOCKER INC., 26-90086; LT PARENT PROPCO LLC, 26-90087; NONSUCH LLC, 26-90088; NMG PARENT LLC, 26-90089; SAKS FIFTH AVENUE PUERTO RICO, INC., 26-90090; HBS LEASEHOLD LLC, 26-90091; SAKS GLOBAL INVESTMENTS INC., 26-90092; CREATIVE INC. DESIGN STUDIOS, LLC, 26-90093; HG PROPERTY HOLDINGS LLC, 26-90094; HBC GARDEN CITY LEASEHOLD LLC, 26-90095; SGUS LLC, 26-90096; SAKS FIFTH AVENUE HOLDCO, LLC, 26-90097; GHBC GROUPE HOLDINGS, INC., 26-90098; HBC US PROPCO HOLDINGS LLC, 26-90099; SFA HOLDINGS INC., 26-90100; MERCURY AGGREGATOR LP, 26-90101; HBC I L.P., 26-90102; SAKS GLOBAL ENTERPRISES LLC, 26-90103; HBC IV L.P., 26-90104; SAKS FIFTH AVENUE HOLDINGS INC., 26-90105; HBC GP LLC, 26-90106; MERCURY AGGREGATOR HOLDCO LLC, 26-90107; SAKS GLOBAL HOLDINGS LLC, 26-90108; HBSFA HOLDINGS LTD., 26-90109; HBC GP IV LLC, 26-90110

**SO5 Digital Debtor, Case No.:** SAKS OFF 5TH HOLDINGS LLC, 26-90111; SAKS OFF 5TH MIDCO PARTNER INC., 26-90112; SAKS OFF 5TH LLC, 26-90113; LUXURY OUTLETS USA, LLC, 26-90114

***The Bar Dates.*** Pursuant to the Bar Date Order, **all** entities (except governmental units and entities that/who are exempt from filing Proof(s) of Claim or complying with the applicable Bar Dates (as defined below)), including individuals, partnerships, estates, and trusts that have a claim or potential claim against the Debtors that arose prior to January 13, 2026, no matter how remote or contingent such right to payment or equitable remedy may be, **including** requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM on or before **April 24, 2026, at 11:59 p.m., prevailing Central Time (the "Claims Bar Date")**. Governmental entities that have a claim or potential claim against the Debtors that arose prior to January 13, 2026, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before **July 13, 2026, at 11:59 p.m., prevailing Central Time (the "Governmental Bar Date")**. All entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are required to file Proofs of Claim by the date that is **the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 11:59 p.m., prevailing Central Time, on the date that is 30 days following the later of (i) entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease or (ii) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order (the "Rejection Damages Bar Date")**. For the avoidance of doubt, counterparties to executory contracts or unexpired leases of non-residential real property shall not be required to file prepetition general unsecured claims against the Debtors unless and until the applicable contract or unexpired lease has been rejected. For the avoidance of doubt and as applicable, such counterparties must file any claim under section 503(b)(9) of the Bankruptcy Code by the Claims Bar Date. All entities holding claims affected by an amendment to the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules") are required to file Proofs of Claim by the date that is **later of (i) the Claims Bar Date or the Governmental Bar Date, as applicable, and (ii) 11:59 p.m., prevailing Central Time, on the date that is 30 days from the date on which the Debtors mail notice of the amendment to the Schedules (the "Amended Schedules Bar Date")**.

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE ON OR BEFORE THE CLAIMS BAR DATE OR THE GOVERNMENTAL BAR DATE, AS APPLICABLE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

In addition, pursuant to the Bar Date Order, each person or entity that files a Proof of Claim shall be deemed to have voluntarily submitted themselves to the jurisdiction of the Court, regardless of whether such person or entity submitted such Proof of Claim on the Proof of Claim Form or Official Form 410.

***Filing a Proof of Claim***. Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the website maintained by the Debtors' Claims and Noticing Agent at https://cases.stretto.com/saks, or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system,so as to be **actually received** by the Claims and Noticing Agent on or before the Claims Bar Date or the Governmental Bar Date, or any other applicable Bar Date, as applicable at the following address: **If by First-Class Mail, Overnight Mail, or Hand Delivery:** Saks Global Enterprises LLC, et al., Claims Processing, c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602. **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED**

***Contents of Proofs of Claim***. Each Proof of Claim must: (i) be written in legibleEnglish; (ii) include a claim amount denominated in United States dollars; (iii) clearly identify the Debtor against which the claim is asserted; (iv) conform substantially with the Proof of Claim form provided by the Debtors or Official Form 410; (v) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is in ink; and (vi) include as attachments any and all supporting documentation on which the claim is based. **Please note** that each Proof of Claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted, except as otherwise stated in the Bar Date Order. To the extent more than one Debtor is listed on the Proof of Claim, a Proof of Claim is treated as if filed only against Saks Global Enterprises LLC, or if a Proof of Claim is otherwise filed without identifying a specific Debtor, the Proof of Claim may be deemed as filed only against Debtor Saks Global Enterprises LLC.

***Electronic Signatures Permitted***. Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted. Unless otherwise ordered by the Court, any original document containing the original signature of any party other than the party that files the Proof of Claim shall be retained by the filing party for a period of not less than five years after the Debtors' cases are closed and, upon request, such original document must be provided to the Court or other parties for review, pursuant to the *Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts*.

***Section 503(b)(9) Requests for Payment***. Any Proof of Claim that asserts a right to payment arising under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

***Additional Information***. If you have any questions regarding the claims process or you wish to obtain a copy of the Bar Date Notice, a proof of claim form or related documentsyou may do so by: (i) calling the Debtors' restructuring hotline at 833-232-5246 (domestic, toll free) or +1 949-373-7589 (international); or (ii) visiting the Debtors' restructuring website at: https://cases.stretto.com/saks.

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Saks. The location of Debtor Saks Global Enterprises LLC's corporate headquarters and the Debtors' service address in these chapter 11 cases is 225 Liberty Street, 31st Floor, New York, NY 10281. Bradley Arant Boult Cummings LLP is counsel for the following Debtors: Saks OFF 5TH Holdings LLC, Saks OFF 5TH LLC, Saks OFF 5TH Midco Partner Inc., and Luxury Outlets USA, LLC (collectively, the "SO5 Digital Debtors"). Haynes and Boone, LLP and Willkie Farr & Gallagher LLP are counsel for the remaining Debtors (collectively, the "Global Debtors").

**UNITED STATES BANKRUPTCY COURT, DISTRICT OF NEW JERSEY**

| In re: EDDIE BAUER LLC, *et al.*, Debtors.[1] | Chapter 11 Case No. 26-11422 (SLM) (Jointly Administered) |
|---|---|

**NOTICE OF (I) HEARING TO CONSIDER CONFIRMATION OF THE CHAPTER 11 PLAN AND FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND (II) RELATED VOTING, OPT-OUT, AND OBJECTION DEADLINES**

**PLEASE TAKE NOTICE THAT,** on March 16, 2026, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order [Docket No. 315] (the "Disclosure Statement Order"): (i) authorizing Eddie Bauer LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *First Amended Joint Plan of Reorganization of Eddie Bauer LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 313] (as modified, amended, or supplemented from time to time, the "Plan");[2] (ii) conditionally approving the *Disclosure Statement Relating to the First Amended Joint Plan of Reorganization of Eddie Bauer LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 314] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (iii) approving the solicitation materials and documents to be included in the solicitation package (the "Solicitation Package"); (iv) approving procedures for soliciting, noticing, receiving, and tabulating votes on the Plan; (v) establishing certain deadlines to vote on, object to, and opt out of the releases set forth in the Plan; and (vi) granting related relief.

**PLEASE TAKE FURTHER NOTICE THAT,** the hearing at which the Court will consider confirmation of the Plan and final approval of the Disclosure Statement (the "Combined Hearing Date") will take place on **April 16, 2026**, at **10:00 a.m. (prevailing Eastern Time)**, or such other time that the Court determines, before the Honorable Stacey L. Meisel, United States Bankruptcy Judge, in Courtroom 3A of the United States Bankruptcy Court for the District of New Jersey, 50 Walnut Street, Newark, NJ 07102.

**PLEASE BE ADVISED**: THE COMBINED HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS **WITHOUT FURTHER NOTICE** OTHER THAN BY SUCH CONTINUANCE BEING ANNOUNCED IN OPEN COURT AND/OR BY A NOTICE OF THE SAME FILED WITH THE COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

**CRITICAL INFORMATION REGARDING VOTING ON THE PLAN**

**Voting Record Date**. The Court has approved **March 16, 2026**, as the record date (the "Voting Record Date") for purposes of determining which Holders of Claims in Class 3 ABL Claims and Class 6 General Unsecured Claims (each a "Voting Class," and collectively, the "Voting Classes") that either (i) have been listed on the Debtors' Schedules or (ii) with respect to which a valid proof of claim (a "Proof of Claim") has been filed before March 16, 2026 (such Claims, "Known Eligible Claims"), are entitled to vote on the Plan.

For Holders of Claims that (a) (i) are not listed in the Schedules and (ii) with respect to which a valid Proof of Claim has not been filed as of March 16, 2026 (*i.e.*, the Voting Record Date) (such Claims, "Unknown Eligible Claims"), and (b) with respect to which a valid Proof of Claim is filed on or after the Voting Record Date but prior to the applicable general claims bar date (the "Claims Bar Date") established in connection with the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(B)(9) of the Bankruptcy Code; (II) Establishing a Rejection Damages Bar Date and an Amended Schedules Bar Date; (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim; (IV) Approving Notices Thereof; and (V) Granting Related Relief* [Docket No. 307], Stretto Inc., the claims, noticing, and solicitation agent for the Debtors in the Chapter 11 Cases (the "Claims and Noticing Agent"), shall serve the Solicitation Package to such Holder via email within one (1) business day after such valid Proof of Claim has been filed and processed by the Claims and Noticing Agent, or as soon as is reasonably practicable thereafter.

Each recipient of the Solicitation Package shall be required to submit a valid Ballot no later than the Voting Deadline in order for such Ballot to be counted; *provided*, that the Debtors, in consultation with the Committee, may permit a Ballot submitted by a Holder of an Unknown Eligible Claim after the Voting Deadline to be counted.

**Voting Deadline**. The deadline to vote on the Plan is **April 14, 2026, at 4:00 p.m. (prevailing Eastern Time)** (the "Voting Deadline"). The Debtors may extend the Voting Deadline without further order of the Court by filing a notice on the Court's docket. If you received the Solicitation Package, including a Ballot, and intend to vote on the Plan you ***must***: (i) follow the instructions contained on your Ballot carefully; (ii) complete ***all*** of the required information on the Ballot; and (iii) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by the Debtors' Claims and Noticing Agent, Stretto Inc., on or before the Voting Deadline.

***Failure to follow such instructions may disqualify your vote.***

**CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN**

**Combined Objection Deadline**. The deadline for filing objections to confirmation of the Plan and final approval of the Disclosure Statement is **April 14, 2026, at 4:00 p.m. (prevailing Eastern Time)** (the "Combined Objection Deadline"). Any objection to the relief sought at the Combined Hearing ***must***: (i) be in writing; (ii) conform to the Bankruptcy Rules, the Local Rules, and orders of the Court; (iii) state with particularity the basis of the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; (iv) be filed electronically with the Clerk of the Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order"), and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary")[3] or, if not otherwise filed with the Clerk of the Court electronically, in hard copy; and (v) be served in accordance with the General Order and the Supplemental Commentary upon the following parties so as to be **actually received** on or before the **Combined Objection Deadline**: (i) ***Debtors:*** **Eddie Bauer LLC,** c/o Stretto Inc., 410 Exchange, Suite 100, Irvine, CA 92602; (ii) ***Co-Counsel to the Debtors:*** **Kirkland & Ellis LLP,** 601 Lexington Avenue, New York, New York 10022, Attention: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com); Matthew C. Fagen, P.C. (matthew.fagen@kirkland.com); and Oliver Paré (oliver.pare@kirkland.com); (iii) ***Co-Counsel to the Debtors:*** **Cole Schotz P.C.,** Court Plaza, 25 Main Street, Hackensack, New Jersey 07601, Attention: Michael D. Sirota, Esq. (msirota@coleschotz.com); Warren A. Usatine, Esq. (wusatine@coleschotz.com); and Felice R. Yudkin, Esq. (fyudkin@coleschotz.com); (iv) ***Counsel to the Committee:*** **Pachulski Stang Ziehl & Jones LLP,** 1600 Broadway, 36th Floor, New York, New York 10019, Attention: Bradford J. Sandler (bsandler@pszjlaw.com); Robert J. Feinstein (rfeinstein@pszjlaw.com); and Shirley S. Cho (scho@pszjlaw.com); (v) ***United States Trustee:*** **Office of the United States Trustee, United States Trustee, Region 3,** One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attention: Fran Steele (Fran.B.Steele@usdoj.gov) and David Gerardi (David.Gerardi@usdoj.gov); (vi) ***Counsel to the Consenting ABL Lenders:*** **Otterbourg P.C.,** 230 Park Avenue, New York, New York 10169, Attention: Dan Fiorillo (dfiorillo@otterbourg.com); (vii) ***Counsel to the Consenting Term Loan Lenders:*** **Ropes & Gray LLP,** 1211 Avenue of the Americas, New York, New York 10036-8704, Attention: Gregg Galardi (Gregg.Galardi@ropesgray.com) and Michael Wheat (Michael.Wheat@ropesgray.com); and (viii) ***Counsel to the Consenting Subordinated Loan Lenders:*** **Choate, Hall & Stewart LLP,** Two International Place, Boston, Massachusetts 02110, Attention: Mark Silva (msilva@choate.com) and Michael E. Comerford (mcomerford@choate.com).

**CRITICAL INFORMATION REGARDING THE OPT-OUT DEADLINE**

**Opt-Out Deadline.** The deadline by which all opt-out elections must be made and properly executed, completed, and submitted so that they are **actually received** by the Claims and Noticing Agent is **May 7, 2026, at 4:00 p.m. (prevailing Eastern Time)** (the "Opt-Out Deadline"). **You will be deemed to have irrevocably granted the Third-Party Release set forth in Article VIII of the Plan unless you (a) affirmatively opt out on or before May 7, 2026, at 4:00 p.m. (prevailing Eastern Time) by either (i) completing and returning the Opt-Out Form or (ii) visiting https://cases.stretto.com/EddieBauer and following the instructions on the "Opt-Out Form" section of the website or (b) timely file an objection to the Third-Party Release with the Bankruptcy Court on or before the Objection Deadline. The Debtors may extend the Opt-Out Deadline without further order of the Court by filing a notice on the Court's docket. Your decision to opt out of the Third-Party Release is entirely voluntary and not a requirement under the Plan or applicable law and does not affect your recoveries, if any, under the Plan.**

**ADDITIONAL INFORMATION**

**Obtaining Solicitation Materials**. The materials in the Solicitation Package are intended to be self-explanatory. If you have any questions or would like paper copies of the Solicitation Package (to be provided at the Debtors' expense), please contact the Claims and Noticing Agent by: (i) visiting the Debtors' restructuring website at: https://cases.stretto.com/EddieBauer; (ii) calling the Claims and Noticing Agent at (833) 437-6838 (Toll-Free) or (714) 442-4326 (International); (iii) contacting the Claims and Noticing Agent at EddieBauerInquiries@stretto.com; or (iv) writing to the Claims and Noticing Agent at Eddie Bauer LLC et al., Ballot Processing, c/o Stretto Inc., 410 Exchange, Suite 100, Irvine, CA 92602. You may also obtain copies of any pleadings filed with the Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/EddieBauer, or the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein. Please be advised that the Claims and Noticing Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may ***not*** advise you as to whether you should vote to accept or reject the Plan.

**Filing the Plan Supplement**. The Debtors will file the Plan Supplement (as defined in the Plan) by April 1, 2026, and will serve a notice of Plan Supplement on all Holders of Claims or Interests, the U.S. Trustee, and any party that has requested notice pursuant to Bankruptcy Rule 2002 (regardless of whether such parties are entitled to vote on the Plan), which will: (i) inform parties that the Debtors filed the Plan Supplement; (ii) list the information contained in the Plan Supplement; and (iii) explain how parties may obtain copies of the Plan Supplement.

**BINDING NATURE OF THE PLAN. IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, REGARDLESS OF WHETHER SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM IN THESE CHAPTER 11 CASES, FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN, OR VOTED TO REJECT THE PLAN.**

**ARTICLE VIII OF THE PLAN CONTAINS SETTLEMENT, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE VIII.D OF THE PLAN CONTAINS A THIRD-PARTY RELEASE. YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. CONTACT THE CLAIMS AND NOTICING AGENT IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION.**

Dated: March 16, 2026, /s/ Michael D. Sirota, **COLE SCHOTZ P.C.,** Michael D. Sirota, Esq., Warren A. Usatine, Esq., Felice R. Yudkin, Esq., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Telephone: (201) 489-3000, msirota@coleschotz.com, wusatine@coleschotz.com, fyudkin@coleschotz.com, *Proposed Co-Counsel to the Debtors and the Debtors in Possession* -and- **KIRKLAND & ELLIS LLP, KIRKLAND & ELLIS INTERNATIONAL LLP,** Joshua A. Sussberg, P.C. (admitted *pro hac vice*), Matthew C. Fagen, P.C. (admitted *pro hac vice*), Oliver Paré (admitted *pro hac vice*), 601 Lexington Avenue, New York, New York 10022, Telephone: (212) 446-4800, Facsimile: (212) 446-4900, joshua.sussberg@kirkland.com, matthew.fagen@kirkland.com, oliver.pare@kirkland.com, *Proposed Co-Counsel to the Debtors and the Debtors in Possession*

[1] The last four digits of Debtor Eddie Bauer LLC's tax identification number are 6060. A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' Claims and Noticing Agent at https://cases.stretto.com/EddieBauer. The location of Debtor Eddie Bauer LLC's principal place of business is 10401 Northeast 8th Street, Suite 500, Bellevue, WA 98004; the Debtors' service address in these Chapter 11 Cases is 6501 Legacy Drive, Suite B100, Plano, TX 75024.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

[3] The General Order, the Supplemental Commentary, and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Court.