**EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| SAKS GLOBAL ENTERPRISES LLC, *et al.*,[1] | Case No. 26-90103 (ARP) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. ——1060** |

**FOURTH OMNIBUS ORDER,
PURSUANT TO SECTIONS 105(a), 365(a),
AND 554 OF THE BANKRUPTCY CODE, AUTHORIZING
GLOBAL DEBTORS TO (I) REJECT CERTAIN UNEXPIRED
LEASES OF NONRESIDENTIAL REAL PROPERTY, EFFECTIVE
AS OF THE REJECTION DATE, AND (II) ABANDON PERSONAL PROPERTY**

Upon consideration of the motion (the "Motion")[2] of the Global Debtors in the above-captioned chapter 11 cases for the entry of an order (this "Order"), pursuant to sections 105(a), 365, and 554 of the Bankruptcy Code, authorizing the Global Debtors to (a) reject the Rejected Leases, including, without limitation, any amendments, modifications, subleases, termination agreements, Subordination, Non-Disturbance, and Attornment Agreement, or other ancillary documents related thereto, set forth on **Schedule 1** to this Order, effective as of the Rejection Date, and (b) abandon any **Abandoned** Personal Property that remains on any of the Rejected Premises; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and the *Order of Reference to Bankruptcy Judges* from the United States

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Saks. The location of Debtor Saks Global Enterprises LLC's corporate headquarters and the Debtors' service address in these chapter 11 cases is 225 Liberty Street, 31st Floor, New York, NY 10281. Bradley Arant Boult Cummings LLP is counsel for the following Debtors: Saks OFF 5TH Holdings LLC, Saks OFF 5TH LLC, Saks OFF 5TH Midco Partner Inc., and Luxury Outlets USA, LLC (collectively, the "SO5 Digital Debtors"). Haynes and Boone, LLP and Willkie Farr & Gallagher LLP are counsel for the remaining Debtors (collectively, the "Global Debtors").

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

District Court for the Southern District of Texas, entered May 24, 2012; and this Court having found that venue of these Chapter 11 Cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and this Court having determined that it may enter an order consistent with Article III of the United States Constitution; and upon the record in these Chapter 11 Cases and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Global Debtors, their estates, and their creditors; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      To the extent the Rejected Leases were not already terminated as of the Rejection Date and are subject to assumption or rejection under section 365 of the Bankruptcy Code, pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Rejected Leases set forth on **Schedule 1** hereto shall be deemed rejected by the Global Debtors effective as of the Rejection Date**, subject to the exceptions set forth herein**; provided that this Order shall not terminate or modify any amendments, modifications, subleases, termination agreements, Subordination, Non-Disturbance, and Attornment Agreement, or other ancillary documents related to the Rejected Leases as between any Landlord and any non-Debtor.

**3.      The Rejected Leases relating to the leased premises located at 5 Bryant Park, 33rd Floor (a/k/a/ 1065 Avenue of the Americas) New York, NY 10018 (the "Bryant Park**

**Premises"), by and between The Neiman Marcus Group LLC and 5 Bryant Park Property Investors IV, LLC and Unrivaled, LLC, respectively, shall be deemed rejected by the Global Debtors effective as of the date of entry of this Order. For the avoidance of doubt, both the primary Lease and Sublease relating to the Bryant Park Premises shall be terminated.  5 Bryant Park Property Investors IV, LLC shall be entitled to immediate surrender of the Bryant Park Premises by the Global Debtors and Unrivaled, LLC upon entry of this Order. 5 Bryant Park Property Investors IV, LLC shall be entitled to rental payments due from Unrivaled, LLC through the date of entry of this Order as an administrative expense pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b).  For the avoidance of doubt, as soon as reasonably practicable following entry of this Order, the Global Debtors shall remit to 5 Bryant Park Property Investors IV, LLC any and all payments received from Unrivaled, LLC pursuant to the terms of the Sublease for rental payments through March 2026.**

4.        ~~3.~~ Pursuant to sections 105(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007, as of the Rejection Date**,** any Personal Property remaining on the Rejected Premises is hereby abandoned by the Global Debtors, free and clear of all liens, claims, encumbrances, interests, and rights of third parties effective as of the Rejection Date.  Landlords of the Rejected Premises may dispose of any ~~and all abandoned Personal Property~~**personal property** remaining on the Rejected Premises without further notice or liability to **the Global Debtors or** any third party**.  Notwithstanding anything herein to the contrary, the Global Debtors shall not abandon any hazardous materials or personally identifiable information at the Rejected Premises and will remove hazardous materials and/or personally identifiable**

3

**information from the Rejected Premises before the Rejection Date**.  The automatic stay, to the extent applicable, is modified solely to allow for such disposition.

**5.**     ~~4.~~ If the Global Debtors have deposited monies with a counterparty to a Rejected Lease as a security deposit ~~or other arrangement~~, such counterparty may not setoff or recoup or otherwise use such deposit without the prior authority of this Court.

**6.**     ~~5.~~ Any person or entity that holds a claim arising from the rejection of the Rejected Leases must file a proof of claim for rejection damages claims, if any, on or before the later of: (a) the general deadline established for filing proofs of claim for these Chapter 11 Cases and (b) thirty days after the entry of this Order **on the docket**, or else be forever barred from asserting such claim.

**7.**     ~~6.~~ Nothing in this Order shall impair, prejudice, waive, or otherwise affect any of the rights of the Global Debtors or, as applicable, any other party in interest's rights (including the counterparties to the Rejected Agreements and the Official Committee of Unsecured Creditors (the "Committee")) to: (a) assert that the Rejected Leases (i) were terminated on the Rejection Date~~,~~ **(subject to the exceptions set forth herein),** or (ii) are not executory contracts or unexpired leases under section 365 of the Bankruptcy Code; (b) assert any objection or defense to any asserted rejection damages including, among other things, that any claim for damages arising from the rejection of the Rejected Leases is limited to the remedies available under any applicable termination provisions of the Rejected Leases; (c) assert that any claim is an obligation of a third party, and not that of the Global Debtors or their estates; or (d) otherwise contest any claims that may be asserted in connection with the Rejected Leases.  All rights, claims, defenses, and causes of action that the Global Debtors, their estates, and any other party (including the Committee) may have against the counterparties to the Rejected Leases, whether

4

or not such claims arise under, are related to the rejection of, or are independent of the Rejected Leases, are reserved, and nothing herein is intended or shall be deemed to impair, prejudice, waive or otherwise affect the amount or priority of such rights, claims, defenses, and causes of action.

8.    ~~7.~~ Nothing in this Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Global Debtor that did not exist as of the Rejection Date, (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Rejection Date, or (c) create any rights in favor of or enhance the priority or status of any claim held by any party.

9.    ~~8.~~ For the avoidance of doubt, as described herein, nothing in this Order shall affect the rights of any party in interest (including the Committee) to assert any rights or claims arising from or related to rejection, nor shall this Order limit the nature, extent or priority of any such claims.

10.    ~~9.~~ The requirements in Bankruptcy Rules 6006 and 6007 are satisfied.

11.    ~~10.~~ Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules, the Bankruptcy Local Rules, and the Complex Cases Procedures are satisfied by such notice.

12.    ~~11.~~ The Global Debtors are authorized to take any and all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13.    ~~12.~~ Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

14.    ~~13.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

5

Dated: _____, 2026
   Houston, Texas

_____
UNITED STATES BANKRUPTCY JUDGE

| | |
|---|---|
| **Summary report:**<br>**Litera Compare for Word 11.12.0.83 Document comparison done on**<br>**3/29/2026 6:19:40 PM** | |
| **Style name:** Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://uswork.willkie.com/us1/136407316/1 - Saks - Fourth Omnibus Lease Rejection Order.docx | |
| **Modified DMS:** iw://uswork.willkie.com/us1/136407316/8 - Saks - Fourth Omnibus Lease Rejection Order.docx | |
| **Changes:** | |
| **Add** | 34 |
| **Delete** | 16 |
| Move From | 0 |
| Move To | 0 |
| **Table Insert** | 0 |
| **Table Delete** | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 50 |