March 24, 2026

United States Courts
Southern District of Texas
FILED

MAR 30 2026

Nathan Ochsner, Clerk of Court

Clerk of Court
United States Bankruptcy Court
Southern District of Texas
Houston Division


Re: In re Saks Global Enterprises LLC, et al., Case No. 26-90103 (ARP)
    Filing for docketing


Dear Clerk:


Please file the enclosed documents in the above-captioned bankruptcy case:

1. Andrei Rus's Reply in Support of Motion for Relief from the Automatic Stay, Response to Global Debtors' Omnibus Objection [Docket No. 1468], and Objection to Proposed Order; and

2. Proposed Order on Andrei Rus's Reply in Support of Motion for Relief from the Automatic Stay, Response to Global Debtors' Omnibus Objection [Docket No. 1468], and Objection to Proposed Order.

I have served the relevant parties by electronic mail as reflected in the certificate of service included with the filing.

Thank you for your attention to this filing.

Respectfully submitted,

/s/ Andrei Rus
Andrei Rus
4176 Keanu Street, Apt. 1
Honolulu, HI 96816
(808) 650-1221
andi.rus@icloud.com

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

In re:

SAKS GLOBAL ENTERPRISES LLC, et al.,

Debtors.

Chapter 11

Case No. 26-90103 (ARP)

(Jointly Administered)

ANDREI RUS,

Movant / Creditor.

United States Courts
Southern District of Texas
FILED

MAR 30 2026

Nathan Ochsner, Clerk of Court

ANDREI RUS'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY, RESPONSE TO GLOBAL DEBTORS' OMNIBUS OBJECTION [DOCKET NO. 1468], AND OBJECTION TO PROPOSED ORDER

Movant Andrei Rus, appearing pro se, respectfully submits this Reply in support of the Motion for Relief from the Automatic Stay and Declaratory Carve-Out to Pursue Non-Debtor Tortfeasors, response to the Global Debtors' Omnibus Objection [Docket No. 1468], and objection to the proposed order attached thereto. The Global Debtors' objection should be denied or substantially limited because, among other things, (i) as to the Lift Stay Motions, the objection was filed after the deadline established by the Court-approved stipulation, (ii) the objection mischaracterizes the scope of the March 4, 2026 narrowing supplements, and (iii) the proposed order is materially overbroad and reaches motions, statements, and supplements beyond the properly framed relief.

I. THE OMNIBUS OBJECTION IS UNTIMELY AS TO THE LIFT STAY MOTIONS, OVERBROAD AS TO THE PROPOSED ORDER, AND INACCURATE AS TO THE NARROWED MARCH 4 RECORD

The Global Debtors attempt to convert a narrow post-petition dispute into a broad order denying multiple motions, statements, and supplements at once. That should not be permitted.

The March 2, 2026 Stipulation and Agreed Order required Neiman Marcus to file its objection to the Lift Stay Motions no later than March 16, 2026 at 4:00 p.m. Central Time, and permitted Mr. Rus to file his reply by March 23, 2026 at 4:00 p.m. Central Time. Docket No. 1468 was filed on March 23, 2026, after the stipulated objection deadline. The same Stipulation and Agreed Order further

provides that, other than as stated therein with respect to the Lift Stay Motions, it has no bearing on any party's pending motions or rights. Yet the proposed order attached to Docket No. 1468 seeks denial of Docket Nos. 616, 617, 618, 725, 1420, 1421, and 1422 in one stroke. That request is overbroad. It also ignores that the March 4, 2026 supplement to the stay motion narrowed the request to post-petition tort claims against non-debtor individuals, and that the March 4, 2026 administrative-expense supplement clarified a conservative post-petition calculation rather than expanding the underlying motion. The omnibus objection thus attacks an earlier and broader version of the record, not the narrowed record now before the Court.

Accordingly, the omnibus objection should be denied, or at minimum any ruling should be narrowly limited and should not be allowed to spill over into separate pending matters or to create broad prejudice beyond the issues actually presented.

## II. THE OMNIBUS OBJECTION IS UNTIMELY AS TO THE LIFT STAY MOTIONS

On March 2, 2026, the parties entered into a Stipulation and Agreed Order regarding the Lift Stay Motions. That stipulation provided:

1. Neiman Marcus would file its objection to the Lift Stay Motions no later than March 16, 2026 at 4:00 p.m. Central Time; and

2. Mr. Rus would file his reply, if any, no later than March 23, 2026 at 4:00 p.m. Central Time.

The Global Debtors' omnibus objection was filed on March 23, 2026, after the stipulated objection deadline.

To the extent Docket No. 1468 is offered as the objection contemplated by the stipulation with respect to Docket Nos. 617 and 618, it is untimely and should be disregarded or accorded no adverse procedural effect against Movant.

## III. THE STIPULATION EXPRESSLY LIMITED ITS OWN EFFECT

The March 2 stipulation further provides that, other than as stated therein with respect to the Lift Stay Motions, the stipulation "has no bearing on any Party's pending motions or rights."

That limiting language matters.

The Global Debtors' proposed order seeks denial of Docket Nos. 616, 617, 618, 725, 1420, 1421, and

1422. But the stipulation did not authorize a global consolidation or extinguishment of all those matters. To the contrary, it preserved the parties' other pending motions and rights except as specifically stated with respect to the Lift Stay Motions.

Accordingly, the Court should reject any attempt to use the omnibus objection or its proposed order as a vehicle to wipe out motions, supplements, or rights beyond what was properly placed at issue.

IV. THE GLOBAL DEBTORS MISCHARACTERIZE THE SCOPE OF THE STAY-RELIEF REQUEST

The Global Debtors repeatedly describe Movant as seeking to "progress the Hawaii Docket" or to pursue prepetition employment claims outside bankruptcy. That is not an accurate description of the March 4 narrowed record.

Movant's March 4 Supplement to Motion for Relief from Automatic Stay clarifies that:

1. the events giving rise to the claims described in the Stay Motion occurred after the Petition Date;

2. on or about January 14, 2026, law enforcement responded to Movant's residential neighborhood following communications initiated by individuals associated with the Debtor;

3. the reporting was allegedly initiated by non-debtor individuals, including Daria "Dasha" Dillard;

4. the claims involve alleged post-petition tort conduct including false reporting to law enforcement, defamation, retaliation, abuse of process, and intentional infliction of emotional distress;

5. those claims arise from individual actions and are not claims seeking recovery from property of the bankruptcy estate; and

6. Movant does not seek to litigate the merits of those tort claims before this Court, but instead seeks confirmation that the stay does not apply to post-petition tort claims against non-debtor individuals, or alternatively limited relief from the stay so those claims may proceed in the appropriate non-bankruptcy forum.

That is a materially narrower request than the one the Global Debtors attack in their omnibus brief.

The Court should evaluate the stay request based on the motion as clarified, not on the broader characterization offered by the Global Debtors.

## V. THE GLOBAL DEBTORS' TREATMENT OF THE ADMINISTRATIVE-EXPENSE MOTION IS EQUALLY OVERBROAD

The omnibus objection also attacks the administrative-expense motion by treating it as though it were unchanged from its earliest framing. That is inaccurate.

Movant's March 4 Supplemental Statement clarifies that the administrative-expense calculation is limited to measurable post-petition economic loss and related compliance-enforcement expense. It identifies:

1. post-petition unemployment-benefit loss of $5,845 through March 3, 2026, based on $835 per week for seven weeks;

2. approximately $300 in out-of-pocket post-petition compliance costs; and

3. $22,500 in conservatively valued compliance-enforcement activity, for a currently quantified total of $28,645, plus continuing weekly accrual.

The supplement also expressly states that emotional-distress damages are not being sought in the administrative motion and that the calculation is intended to be transparent, conservative, and supportable.

Thus, even if the Global Debtors dispute the legal sufficiency of the § 503 theory, they are not entitled to characterize the motion as though no narrowing or clarification ever occurred.

## VI. THE PROPOSED ORDER IS IMPROPERLY OVERBROAD

The proposed order attached to Docket No. 1468 seeks denial of "motions, statements, and supplements" filed at Docket Nos. 616, 617, 618, 725, 1420, 1421, and 1422.

That is too broad for several reasons.

First, the title and body of the omnibus objection principally target the Lift Stay Motions and the Admin Expense Motion. Yet the proposed order also sweeps in Docket No. 616 and the March 4 clarifying supplements and notice.

Second, the supplements at Docket Nos. 1420, 1421, and 1422 are clarifying filings. They do not independently expand the underlying motions. Denying them wholesale risks creating confusion or

unintended preclusive effect with respect to the narrowed record now before the Court.

Third, the stipulation expressly preserved pending motions and rights other than as specifically stated with respect to the Lift Stay Motions. The proposed order ignores that limitation.

Accordingly, if the Court is inclined to deny any portion of the requested relief, any order should be narrowly tailored and should expressly avoid broader prejudice or spillover beyond the specific motion and theory being resolved.

VII. ALTERNATIVE RELIEF

If the Court does not deny the omnibus objection outright, Movant respectfully requests, at minimum, that the Court:

1. treat Docket No. 1468 as untimely with respect to Docket Nos. 617 and 618, or otherwise decline to give it adverse effect against the stipulated lift-stay schedule;

2. evaluate the Lift Stay Motions as narrowed by the March 4 supplement and recognize that the requested relief concerns post-petition tort claims against non-debtor individuals, not a merits adjudication of the prepetition Hawaii case in this Court;

3. evaluate the Admin Expense Motion together with the March 4 supplemental statement, which clarified a conservative post-petition calculation rather than expanding the underlying motion;

4. decline to enter the proposed order in its current form; and

5. if any denial is entered, provide that such denial is limited to the specific relief expressly ruled upon and does not adjudicate, impair, moot, or otherwise limit Movant's separate pending rights, including rights relating to non-debtor post-petition claims, agency, indemnification, insurance, or later evidentiary development.

VIII. CONCLUSION

The Global Debtors' omnibus objection attempts to do too much.

As to the Lift Stay Motions, it was filed after the Court-approved objection deadline. As to the broader requested relief, it mischaracterizes the March 4 narrowed filings and seeks an overbroad proposed order that would deny multiple motions, statements, and supplements in one stroke

despite the limiting language of the parties' stipulation.

The Court should deny the omnibus objection, decline to enter the proposed order, and evaluate the pending matters based on the narrowed post-petition record actually before it.

PRAYER

WHEREFORE, Movant respectfully requests that the Court:

1. deny the Global Debtors' Omnibus Objection [Docket No. 1468];
2. sustain Movant's objection to the proposed order attached thereto;
3. hold that, as to Docket Nos. 617 and 618, the omnibus objection was filed after the deadline set by the March 2, 2026 Stipulation and Agreed Order;
4. recognize that the stay-related relief sought has been expressly narrowed to post-petition tort claims against non-debtor individuals and does not seek merits adjudication of those claims in this Court;
5. recognize that the administrative-expense motion was clarified, not expanded, by the March 4, 2026 supplemental filings;
6. decline to enter any order denying Docket Nos. 616, 617, 618, 725, 1420, 1421, and 1422 in the sweeping form proposed by the Global Debtors; and
7. grant such other and further relief as the Court deems just and proper.

CERTIFICATE OF CONFERENCE

Pursuant to BLR 9013-1(g)(1), Movant certifies that on March 24, 2026, he conferred by email with counsel for the Global Debtors regarding the relief requested in this filing. The parties were unable to resolve the matters addressed herein.

Respectfully submitted,

/s/ Andrei Rus
Andrei Rus
Movant / Creditor, Pro Se
4176 Keanu Street, Apt. 1
Honolulu, HI 96816
(808) 650-1221
andi.rus@icloud.com