United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 30, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| SAKS GLOBAL ENTERPRISES LLC, *et al.*,[1] | Case No. 26-90103 (ARP) |
| Debtors. | (Jointly Administered) |

**STIPULATION AND AGREED ORDER**

Global Debtor The Neiman Marcus Group LLC ("**Neiman Marcus**"), Angelica Perez ("**Perez**"), and together (the "**Parties**") hereby enter into this *Stipulation and Agreed Order* (the "**Stipulation**") and agree as follows:

**RECITALS**

WHEREAS, on January 13, 2026 (the "**Petition Date**") and January 14, 2026, the Global Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Bankruptcy Code**"), with such cases being jointly administered for procedural purposes only under Case No. 26-90103 (the "**Chapter 11 Cases**").

WHEREAS, on February 25, 2026, Perez filed a lawsuit against Neiman Marcus, which is pending in the United States District Court for the Eastern District of Texas as Cause No. 2:26-cv-00151 and styled as *Perez v. The Neiman Marcus Group LLC* (the "**Lawsuit**").

[1] A complete list of Saks Global Enterprises LLC and its post-chapter 11 plan effective date debtor affiliates, as reorganized or liquidating debtors, as the case may be, in the above-captioned cases (collectively, the "**Debtors**"), may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Saks. The "SO5 Digital Wind-Down Debtors" are Saks OFF 5TH Holdings, LLC, Saks OFF 5TH LLC, Saks OFF 5TH Midco Partner Inc., and Luxury Outlets USA, LLC, and the service address for the SO5 Digital Wind-Down Debtors is SO5 Digital Wind-Down Debtors c/o Halperin Battaglia Benzija, LLP, 40 Wall Street, 37th Floor, New York NY 10005. Haynes and Boone, LLP and Willkie Farr & Gallagher LLP are co-counsel for the remaining reorganized Debtors (collectively, the "**Global Debtors**"). The location of Saks Global Enterprises LLC's corporate headquarters and the Global Debtors' service address in these chapter 11 cases is 225 Liberty Street, 27th Floor, New York, NY 10281.

WHEREAS, in the *Order (I) Establishing Deadlines for the Filing of Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Approving the Form And Manner for Filing Proofs of Claim, (III) Approving the Form And Manner of Notice Thereof, Including Section 503(b)(9) Requests, And (IV) Granting Related Relief*, Dkt. No. 1158 (the "**Bar Date Order**"), the Court ordered that "[e]xcept in the cases of governmental units and certain other exceptions explicitly set forth herein, **all Proofs of Claim must be filed so that they are actually received on or before April 24, 2026, at 11:59 p.m., prevailing Central Time**." Bar Date Order ¶ 1 (emphasis in original).

WHEREAS, the Global Debtors' court-approved claims agent mailed a notice of the Bar Date Order to the law firm representing Perez in the Lawsuit in advance of April 24, 2026 (the "**Bar Date**"). *See Certificate of Service*, Dkt. No. 1491 at 943.

WHEREAS, Perez did not file a timely proof of claim in accordance with the Bar Date Order.

WHEREAS, on June 5, 2026, the Court confirmed the *Third Amended Joint Chapter 11 Plan of Saks Global Enterprises LLC and its Global Debtor Affiliates* (as amended, supplemented, or modified from time to time, the "**Plan**"), Dkt. No. 2678 at 102–238, pursuant to the *Findings of Fact, Conclusions of Law, And Order (I) Approving the Disclosure Statement, (II) Confirming the Third Amended Joint Chapter 11 Plan of Saks Global Enterprises LLC And Its Global Debtor Affiliates, And (III) Granting Related Relief* (the "**Confirmation Order**"), Dkt. No. 2678 at 1–101.[2]

WHEREAS, the Plan became effective on June 26, 2026. *See Notice of (I) Entry of Order Confirming the Third Amended Joint Chapter 11 Plan of Saks Global Enterprises LLC and its*

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

*Global Debtor Affiliates, (II) Occurrence of Effective Date, and (III) Deadlines for Filing Professional Fee Claims, Administrative Expense Claims, and Claims Arising from Rejection of Executory Contracts or Unexpired Leases*, Dkt No. 2870.

WHEREAS, pursuant to the terms of the Plan and Confirmation Order, as of the effective date of the Plan (the "**Effective Date**"), a litigation trust (the "**Litigation Trust**") is established, which has sole authority with respect to reconciling and administering General Unsecured Claims (as defined in the Plan).

WHEREAS, as of the Effective Date, pursuant to section 11.5 of the Plan, among other things, the Global Debtors received a discharge of all Claims (as defined in the Plan), subject to the provisions of the Plan and the Confirmation Order, and all persons and entities are precluded from asserting against the Global Debtors, their estates or the Reorganized Global Debtors, and their assets and properties any other Claims based upon, among other things, any act or other activity of any kind or nature that occurs prior to the Effective Date of the Plan.

WHEREAS, as of the Effective Date, pursuant to section 11.6 of the Plan (the "**Plan Injunction**"), among other things, Claims are discharged under the Plan and holders of Claims are permanently enjoined from and after the Effective Date from taking various actions against the Global Debtors, the Reorganized Global Debtors, and certain other parties as more fully set forth in the Plan, including commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with Claims, including Perez's claims against Neiman Marcus.

WHEREAS, Bowhead Specialty Underwriters, Inc. ("**Bowhead**") provided commercial general liability insurance coverage to the Global Debtors pursuant to certain insurance policies and related documents (together, the "**Policies**").

WHEREAS, the Policies are subject to a self-insured retention (the "**SIR**"), a portion of which remains unfunded for purposes of the Lawsuit (such unfunded amount, the "**Unfunded SIR Amount**").

WHEREAS, pursuant to section 8.4 of the Plan, among other things, all Proofs of Claim that are not timely Filed by the applicable Bar Date or that have not otherwise been Allowed pursuant to the Plan or a Final Order shall be Disallowed and forever barred, estopped, and enjoined from assertion, and shall not be enforceable against any Global Debtor, any Reorganized Global Debtor, or the Litigation Trust, as applicable, without the need for any objection by the Global Debtors, the Reorganized Global Debtors, or the Litigation Trust.

WHEREAS, as of the Effective Date, the Policies are assumed by the Global Debtors pursuant to section 365(b) of the Bankruptcy Code in accordance with the terms of the Plan.

WHEREAS, on April 27, 2026, Perez filed *Movant Angelica Perez's Motion for Relief from the Automatic Stay to Pursue Employment Practices Liability Insurance Proceeds* (the "**Stay Relief Motion**"), Dkt. No. 2018, which is currently scheduled to be heard by the Court on July 30, 2026.

**NOW, THEREFORE, IN CONSIDERATION OF THE FOREGOING, THE PARTIES HEREBY AGREE AND STIPULATE, AND IT IS ORDERED, AS FOLLOWS:**

1. Perez agrees that the Stay Relief Motion is withdrawn.

2. The Plan Injunction is modified for the limited purpose of enabling the Lawsuit to proceed to final judgment against or settlement with any party or entity, including Neiman Marcus, subject to the terms, conditions and limitations of this Stipulation. Other than as set forth in this paragraph, all protections afforded to the Global Debtors by the Plan Injunction shall remain in full force and effect.

3. Perez, on behalf of herself and her heirs, successors, and assigns, acknowledges that she may not recover, or attempt to recover, the payment of any amount whatsoever from Neiman Marcus (as a Reorganized Debtor) or any other Reorganized Global Debtor, from any of the Global Debtors' estates, or from the Litigation Trust, in respect of her claims asserted in the Lawsuit, and agrees not to seek any recovery from Neiman Marcus, any other Reorganized Debtor, any of the Global Debtors' estates, or the Litigation Trust. Perez may continue to prosecute the Lawsuit against Neiman Marcus for purposes of establishing liability and liquidating damages, with any collection rights remaining limited to the recovery mechanisms set forth in the Plan and Paragraph 4 hereof.

4. Notwithstanding anything herein to the contrary, the sole and exclusive right and remedy of Perez for any of the claims, causes of action, and damages asserted against Neiman Marcus, any of the Reorganized Global Debtors, and any of the Reorganized Global Debtors' estates (including, without limitation, any judgment (or settlement) that may be obtained by Perez in the Lawsuit against any of the Reorganized Global Debtors and their estates) shall be limited to the recovery or payment on account of such claims, causes of action, and damages solely from the proceeds of any applicable insurance policies, in accordance with, and subject to, the limitations of the Plan and Confirmation Order.

5. Nothing herein shall be construed to impact or waive any of Perez's rights with respect to the Lawsuit, the Plan, the Litigation Trust, or any non-debtor parties, subject to the terms of the Plan and Confirmation Order.

6. Nothing herein shall be construed to amend or abrogate the Policies or any of the terms thereof. The rights, obligations and defenses, including but not limited to coverage defenses, of the Parties and others under any Policy shall be determined under (a) such Policy, including the

terms, conditions, limitations, exclusions and endorsements thereof, which shall not be affected by this Stipulation, and (b) any applicable law.

7. By entering this Stipulation, the Parties are not waiving and will not be deemed to have waived any available rights, counterclaims, or defenses, including at law, equity, or otherwise with respect to the Lawsuit.

8. Each of the Parties to this Stipulation represents and warrants that it is duly authorized to enter into and be bound by this Stipulation.

9. The attorneys for each of the Parties represent and warrant that the Parties have full knowledge of, and have consented to, this Stipulation and that the attorneys for the Parties have full authority to execute this Stipulation on behalf of the Global Debtors and Perez.

10. Neither this Stipulation, nor any terms contained herein, shall be offered in evidence in any legal proceeding or administrative proceeding among or between the Parties, other than as may be necessary to obtain approval of and to enforce the terms of this Stipulation, or to allow prosecution of the Lawsuit in accordance with the terms of this Stipulation. This Stipulation was drafted jointly by the Parties and shall not be construed against any Party by reason of its drafting or preparation of this Stipulation.

11. This Stipulation is subject to the approval of the Court and shall be of no force and effect unless and until an order approving the same is entered. If this Stipulation is not approved by the Court, it shall be null and void.

12. This Stipulation shall not be modified, altered, amended, or vacated without written consent of the Parties hereto. Any such modification, alteration, amendment or vacation, in whole or in part, shall be subject to the approval of the Court.

13. This Stipulation contains the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

14. This Stipulation may be executed in one or more counterparts, any of which may be by electronic mail, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

15. The Court shall retain sole and exclusive jurisdiction and power (and the Parties consent to such retention of jurisdiction and judicial power) to resolve any disputes or controversies arising from or relating to the implementation and interpretation of this Stipulation.

Signed: July 29, 2026

Alfredo R Pérez
United States Bankruptcy Judge

**AGREED TO BY:**

Dated: July 29, 2026
Houston, Texas

*/s/ David Trausch*

**HAYNES AND BOONE, LLP**
Kelli S. Norfleet (TX Bar No. 24070678)
Kenric D. Kattner (TX Bar No. 11108400)
Arsalan Muhammad (TX Bar No. 24074771)
Kourtney P. Lyda (TX Bar No. 24013330)
David Trausch (TX Bar No. 24113513)
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2000
Facsimile: (713) 547-2600
Email: kelli.norfleet@haynesboone.com
kenric.kattner@haynesboone.com
arsalan.muhammad@haynesboone.com
kourtney.lyda@haynesboone.com
david.trausch@haynesboone.com

*Co-Counsel to the Global Debtors*

**WILLKIE FARR & GALLAGHER LLP**
Debra M. Sinclair (admitted *pro hac vice*)
Robin Spigel (admitted *pro hac vice*)
Allyson B. Smith (admitted *pro hac vice*)
Betsy L. Feldman (admitted *pro hac vice*)
Jessica D. Graber (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: dsinclair@willkie.com
rspigel@willkie.com
absmith@willkie.com
bfeldman@willkie.com
jgraber@willkie.com

-and-

Jennifer J. Hardy (TX Bar No. 24096068)
600 Travis Street
Houston, TX 77002
Telephone: (713) 510-1766
Facsimile: (713) 510-1799
Email: jhardy2@willkie.com

-and-

Ryan Blaine Bennett (admitted *pro hac vice*)
300 North LaSalle Drive
Chicago, IL 60654
Telephone: (312) 728-9123
Facsimile: (312) 728-9199
Email: rbennett@willkie.com

*Co-Counsel to the Global Debtors*

*/s/ William S. Hommel, Jr.*

**HOMMEL LAW FIRM PC**
William S. Hommel, Jr.
State Bar No. 00934250
bhommel@hommelfirm.com
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Telephone/Facsimile

*Counsel to Angelica Perez*

**Certificate of Service**

I certify that on the date hereof, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ David Trausch*